IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2327

THIS DOCUMENT RELATES TO:

*Kaiser, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-00887

ORDER
(Motion for Leave to File Amended Short Form Complaint)

Pending before the court is the Plaintiffs' Motion for Leave to File an Amended Short Form Complaint [ECF No. 108]. The defendants, Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon") have responded [ECF No. 116], and this matter is now ripe for my review. For reasons explained hereinafter, the plaintiffs' motion is **GRANTED**.

As a part of this MDL, I ordered the plaintiffs and defendants to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims only against the Ethicon defendants' products. Once selected, those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded or transferred to the appropriate court. The instant case was selected as an Ethicon Wave 1 case that is governed by discovery deadlines set forth in PTO # 217. PTO # 217, MDL 2327 [ECF No. 57].

In their motion, the plaintiffs claim that they misread Pretrial Order ("PTO") # 15 to not require an Amended Short Form Complaint, and recently realized that

they should have filed an Amended Short Form Complaint within 90 days of September 26, 2012—the date PTO # 15 was filed. PTO # 15, MDL 2327 [ECF No. 260]. In response, the defendants argue that they oppose the plaintiffs' motion because the plaintiffs wish to assert claims on the proposed Amended Short Form Complaint, Ex. A [ECF No. 108-1], that were not listed on the plaintiffs' original long-form complaint that was filed on March 28, 2012.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading either with written consent of the opposing party or with the court's leave. Rule 15(a)(2) further states "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15. *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

The defendants are correct that a moving party must satisfy the good cause standard of Rule 16(b) of the Federal Rules of Civil Procedure to amend a pleading after a scheduling order's deadline for amendment of pleadings has passed. *See, e.g., Price v.* Marsh, 2013 WL 5409811, *2 (S.D. W. Va. Sep. 25, 2013). However, no such scheduling order deadline was set in this case. Thus, the court will not hold the plaintiffs to the heightened "good cause" standard.

Considering Rule 15(a)'s liberal standard for granting leave to amend a pleading, it is **ORDERED** that the Plaintiffs' Motions for Leave to File an Amended Short Form Complaint is **GRANTED**. It is further **ORDERED** that the parties be

given **15 days** from the date of entry of this Order to supplement any summary judgment, *Daubert*, or other similar pretrial motions to the extent necessary to address the amended claims. The parties, however, must limit these supplemental motions to issues raised by the plaintiffs' amended claims.

The Clerk is **DIRECTED** to file the Amended Short Form Complaint [ECF No. 108-1] on the docket as of the date of this Order. The Clerk is further **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 27, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE