UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BARBARA KAISER and )
ANTON KAISER, )
)
       Plaintiffs, )
) CAUSE NO. 2:17-CV-114-PPS-JEM
    v. )
)
JOHNSON & JOHNSON and )
ETHICON INC., )
)
       Defendants. )

**OPINION AND ORDER**

Defendants Ethicon, Inc. and Johnson and Johnson (collectively "Ethicon") seek to preclude supplemental opinions of plaintiffs Barbara and Anton Kaiser's expert, Bruce Rosenzweig, M.D., claiming their disclosure was tardy. [DE 196] The supplemental opinions are not new. Indeed, the Kaisers tell me that Dr. Rosenzweig knew about them long ago. Yet the Kaisers have not provided me any explanation for their dilatory disclosure. Dr. Rosenzweig's supplemental opinions will, therefore, be barred from this case.

Let's start with some background. This action was filed on March 28, 2012 and was part of a MDL in the Southern District of West Virginia. [DE 1.] The MDL Court transferred the case to this Court on February 22, 2017 after discovery and dispositive and *Daubert* motion practice were complete. [DE 157.] On August 8, 2017, the Kaisers filed with the Court a Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D. [DE 194.] As a matter of course, discovery, including expert reports,

is not to be filed with the Court, but perhaps the Kaisers chose to do so in anticipation of the conflict to come.

Before transfer to this Court, the MDL Court imposed a deadline of February 1, 2016 for Plaintiffs to disclose their experts. Plaintiffs disclosed the case-specific report of Dr. Rosenzweig a week late but no one seems to have squawked about it. On March 11, 2016, Ethicon took the deposition of Dr. Rosenzweig, and on April 1, 2016, discovery closed. *Daubert* motions were filed twenty days later. The Plaintiffs do not challenge this timeline. On August 8, 2017, approximately a year and a half after the MDL Court's deadline, the Kaisers filed a supplemental case-specific report of Dr. Rosenzweig. The parties agree that the supplemental report is identical to Dr. Rosenzweig's original report except that it sets forth a number of additional opinions about "safe alternative designs."

Ethicon moves to strike the supplemental report as untimely, unjustified, and prejudicial to Ethicon. [DE 197.] The Kaisers have three responses. First, they tell me the opinions were already disclosed because Dr. Rosenzweig generally adopted the opinions of another expert, Dr. Daniel Elliot. Second, they say there's no harm here because Dr. Rosenzweig's opinion on safer alternative designs was disclosed in two *different* Prolift cases. In other words, according to the Kaisers, Ethicon was well aware of the opinions. [DE 201 at 3-9.] Finally, the Kaisers argue that the supplemental report should be allowed because Federal Rule of Civil Procedure 26 permits this kind of supplementation in a "timely manner." [*Id.* at 9-11.]

2

Expert reports are governed by Federal Rule of Civil Procedure 26, which requires that a party disclose the identity of any expert witness it intends to use at trial and to submit a written report prepared and signed by that expert. *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000). This disclosure must be made at the time the court orders or as stipulated to by the parties. Fed. R. Civ. P. 26(a)(2)(D). The written expert report must contain, in relevant part: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i-iii). A party who has disclosed such an expert report "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). These rules are primarily designed to remove surprise from the process and to allow for adequate trial preparation. *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1093-94 (N.D. Ill. 2001) (citing *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)).

Rule 26 is enforced through Rule 37 which provides that a failure to abide by Rule 26 prevents use of the information at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether the failure to disclose new expert opinions is "harmless or justified is left to the broad discretion of the district court." *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005). While the Court need not make explicit findings when determining if the failure was

substantially justified or harmless, the Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 670 (7th Cir. 2012).

I will start by noting that in the Kaisers' response to Ethicon's motion, they provide absolutely no explanation as to *why* they neglected to notify Ethicon of Dr. Rosenzweig's new opinions before the expert disclosure deadline set by the MDL Court and before Ethicon deposed Dr. Rosenzweig. In fact, two of the arguments that the Kaisers make in their response brief actually highlight the fact that the supplement was not made in a timely matter and indicate their potential willfulness in not disclosing the evidence at an earlier date. Specifically, they demonstrate that, at the time he filed his initial report, Dr. Rosenzweig had the relevant information regarding safer alternative designs and could have proffered his "new" opinions. However, for some reason, he neglected to do so, and then waited a year and a half after the expert disclosure deadline to attempt to remedy his error. Perhaps this delay was out of fear that the MDL Court would not allow expert reports to be supplemented and in hopes that given my fresh perspective on the case, I might be more lax. Regardless, given that Dr. Rosenzweig had the relevant information a year and a half prior to attempting to supplement his report, his supplementation certainly was not done in a "timely manner" pursuant to Rule 26.

4

The Kaisers make several arguments as to why Dr. Rosenzweig's failure to comply with the requirements of Rule 26 was either justified or harmless. First, they argue that because, in his initial report, Dr. Rosenzweig stated the he "reviewed, relied upon and independently verified the MDL Prolift Expert Report of Dr. Daniel Elliot," a general causation expert, the supplemental disclosure simply gives Ethicon notice of more specific opinions by Dr. Rosenzweig. [DE 201 at 3-7.] Dr. Rosenzweig, however, did not assert that he was *adopting* Dr. Elliot's opinions; nor could he. But that is of no matter because if Dr. Rosenzweig reviewed Dr. Elliot's opinions on feasible alternative designs and believed that they applied to Mrs. Kaiser's specific case, he could have specifically included them in his initial report back when it was first filed. Clearly he knew about Dr. Elliot's opinions regarding feasible alternative designs. But for whatever reason he did not include those opinions in his report. This leads me to believe Dr. Rosenzweig's decision not to include these opinions about safer alternative design in his initial report was a conscious one, thus making the later tardy disclosure, at least in part, willful.

The Kaisers also argue that Ethicon was on notice of Dr. Rosenzweig's opinions on safer alternative design before the supplemental report was filed because Dr. Rosenzweig offered them in a January 2017 report in another case and gave deposition testimony regarding them in July 2015 in yet another case. This strikes me as a rather expansive reading of what constitutes adequate disclosure. Surely not all Prolift cases are alike. Safer design alternatives may be pertinent in one case; not in another. In all

5

events, what this tells me is that Dr. Rosenzweig *could* have included these opinions in his February 8, 2016 report in this action but, for whatever reason, chose not to. It seems disingenuous to argue that Ethicon was on notice of these opinions because they were asserted in the past in other actions, when Dr. Rosenzweig did not include them in his report in *this* action and put Ethicon on notice when he clearly was able to do so. Again, the omission appears to be willful. And even if the omission was, at least initially, accidental, surely the Kaisers and Dr. Rosenzweig could have attempted to remedy it at a much earlier date instead of a year and a half later, when the case is only months away from trial.

What's more, Ethicon would be prejudiced if Dr. Rosenzweig is permitted to supplement his opinion at this late date in the action, more than eighteen months after the expert disclosure deadline and more than sixteen months after the close of discovery, with the February 26, 2018 trial date rapidly approaching. Ethicon did not have an opportunity to address these new opinions with Dr. Rosenzweig during his deposition, respond to these opinions through disclosures of Ethicon's experts, or to challenge these opinions in a *Daubert* motion. If I were to permit supplementation of Dr. Rosenzweig's report, Ethicon would need to be permitted to depose Dr. Rosenzweig, amend its expert reports to respond to the new evidence, file an additional *Daubert* motion, and potentially be required to produce their experts to be deposed again. This would almost assuredly jeopardize the trial date.

In summary, the MDL Court set very clear expert disclosure and discovery deadlines and the Kaisers' own response brief highlights the fact that Dr. Rosenzweig could have offered his opinions on safer alternative designs before those deadlines, yet failed to do so. Furthermore, the Kaisers neglected to move to supplement Dr. Rosenzweig's report while this case was before the MDL Court. Rather, they now ask me to ignore the law of the case as established by the MDL Court and allow them to supplement with information that was known prior to the initial deadlines. They have failed to give me an adequate reason to do so. Dr. Rosenzweig's supplemental report was filed in violation of the deadline for expert disclosures, his attempt at supplementation was not done in a timely manner pursuant to Rule 26, and his violation of Rule 26 is not harmless or substantially justified. As such, the supplemental report is stricken.

## Conclusion

Defendants Ethicon, Inc. and Johnson and Johnson's Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D., DE 196, is **GRANTED** and Dr. Rosenzweig's Supplemental Expert Report, DE 94, is **STRICKEN**.

**SO ORDERED**.

ENTERED: November 13, 2017.

     s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**