UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA KAISER and ANTON KAISER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHNSON & JOHNSON and ETHICON, )<br>INC., )<br>)<br>Defendants. ) | No. 2:17-cv-00114-PPS-JEM |

**OPINION AND ORDER**

Presently before me is plaintiff Barbara Kaiser's motion for a bill of costs. [DE 409.] After a two week trial in this products liability case involving defendants' vaginal mesh product Prolift, the jury sided with Mrs. Kaiser and found in her favor on her failure to warn and design defect claims. The jury awarded Mrs. Kaiser $10 million in compensatory damages and $25 million in punitive damages. The jury found in the defendants' favor on the claim of loss of consortium brought by Anton Kaiser, Mrs. Kaiser's husband. In my recent opinion on post trial motions I affirmed the jury's verdict on compensatory damages but I reduced the amount of punitive damages awarded by $15 million. [DE 483.] Mrs. Kaiser has accepted the punitive damages award remittitur, bringing her total award in this case to $20 million. [DE 424.]

Through her motion, Mrs. Kaiser seeks taxable costs of $98,646.00. Defendants Johnson & Johnson and Ethicon, Inc. (referred to collectively as Ethicon) oppose Mrs. Kaiser's motion, arguing that she is not entitled to costs because she was not actually a

-1-

prevailing party; or in the alternative, argues that I should reduce the amount of costs awarded by 50% in light of the jury's verdict against her husband. Finally, Ethicon makes additional arguments as to specific costs sought, asking that I reduce various costs on account of them being unsupported or unnecessary convenience costs, as opposed to reasonable costs associated with the suit.

## Discussion

Motions for bills of costs are governed by 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). While the determination of the amount of an award of costs is a determination subject to my discretion, the Seventh Circuit has held that there is a "presumption in favor of awarding costs to the prevailing party" which is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "[T]he court must award costs unless it states good reasons for denying them." *Id.* (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* (citation omitted). No one argues that Mrs. Kaiser engaged in any misconduct, nor is there any question as to whether defendants can afford to pay her requested costs. As such, "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

**A. Mrs. Kaiser is a Prevailing Party Entitled to Her Costs.**

Ethicon's first argument, that Kaiser is not a prevailing party because the jury found in Ethicon's favor on Mrs. Kaiser's husband's loss of consortium claim, barely passes the straight-face test. It is true that the jury's verdict was "mixed" in the sense that they found in Mrs. Kaiser's favor on both of her claims, but found in favor of Ethicon on Mr. Kaiser's sole claim. But complete success, on all claims, by all parties, is not a prerequisite to being a "prevailing party." A party is a prevailing party if it gets "substantial relief" in the lawsuit, "even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (citation omitted). Here, Mrs. Kaiser was awarded a very substantial eight-figure judgment against defendants and prevailed on both of her claims. As such, "[b]y any definition, [she] won the battle." *Id.*

Next, defendants argue that because there were two plaintiffs, one who prevailed and one who did not, I should exercise my discretion to mechanically halve the award of costs by 50%. Such a rote approach has the benefit of simplicity but it's divorced from reality. Mrs. Kaiser earned a whopping verdict in this case. Splitting the baby in this instance would be anything but Solomonic wisdom, given the nature of this case and the claims at issue.

Absent Mrs. Kaiser's injuries and claims, Mr. Kaiser could not have asserted a claim against Ethicon because his loss of consortium stemmed from Mrs. Kaiser's injuries. In other words, "[a] claim of a loss of consortium is derivative in nature." *Miller v. Cent. Indiana Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (citing *Arthur*

*v. Arthur*, 296 N.E.2d 912, 913 (Ind. Ct. App. 1973)); *Bailor v. Salvation Army*, 854 F. Supp. 1341, 1356 (N.D. Ind. 1994), *aff'd*, 51 F.3d 678 (7th Cir. 1995) ("A claim of loss of consortium is derivative in nature.... [It] derives it viability from the validity of the claim of the injured spouse.... Where ... the claim of the injured spouse against the alleged tortfeasor has been abrogated by statute, the right of the other spouse to recover for loss of consortium cannot exist.") (citations omitted and alterations in original). There is no reliable method by which I can untangle or cut out Mr. Kaiser's costs from Mrs. Kaiser's with confidence. Ethicon has pointed me to no costs which related solely to Mr. Kaiser's claim and which would not have been reasonably undertaken in connection with the claims of his wife. For example, Mrs. Kaiser would have paid the clerk's filing fee of $350.00, regardless of whether her husband pursued his loss of consortium claim or not. It would be a strange result to only award her $175.00 of the filing fee. In sum, under the circumstances of this case, chopping the costs in half simply makes no sense.

**B. Certain of Mrs. Kaiser's Claimed Costs Are Not Recoverable.**

Next, I will address the specific categories and subcategories of taxable costs that Ethicon challenges. I address each category in turn.

**1. Exemplification Costs.**

The costs of copying and exemplification of documents are included as taxable costs. 28 U.S.C. § 1920(4). The Seventh Circuit has taken a broad approach to what is to be included as "exemplification" to take into account inevitable advances in technology

which work their way into the court room via sophisticated trials. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("[E]xemplification must be read broadly to include a wide variety of exhibits and demonstrative aids which includes standard charts and graphs as well as high-end computer-based, multi-media displays.").

Mrs. Kaiser seeks $46,747.50 in exemplification costs. The bulk of these ($43,687.50) relate to video technician time and equipment rental, related to the twelve witnesses who testified via videotaped deposition testimony created by and played by plaintiff during trial. The time spent condensing and editing such video has been found to be taxable by courts in similar cases. In particular, plaintiffs direct me the recent opinion in *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *17 (N.D. Ill. Mar. 23, 2018), another vaginal mesh case, in which such costs (for the same trial technology firm) were found to be taxable. While I agree with *Springer* that such costs may properly be taxed, I also agree that, like in *Springer*, Mrs. Kaiser has failed to articulate why the amount requested here is reasonable. *Id.* ("Herrera does not attempt to explain, however, why $33,860.00 was a <u>reasonable</u> amount to spend on these exemplification efforts.") (emphasis in original). The only justification offered here is that plaintiffs' counsel used the same company as in *Springer*, and "[i]f counsel did not believe that the rates charged by Video Instanter were reasonable costs, counsel would not continue to utilize their services at trial." [DE 420 at 5-6.] This appears to be nothing more than an *ipse dixit* justification for the amounts spent, which is particularly troubling since plaintiffs' counsel had the *Springer* decision in hand at the time they filed their motion

-5-

for a bill of cost in this case. The court in *Springer* reduced the amount by 50%. Given plaintiff's counsel similarly fails to offer a justification as to why these costs are reasonable in this case, I too will exercise my discretion and cut the amount sought by 50% to $23,373.75.

Ethicon further challenges the $3,060.00 sought by plaintiff related to exhibit boards used in connection with the expert testimony of Dr. Vladimir Iakovlev as a demonstrative aid. Ethicon posits that these were an unnecessary extravagance and that instead, plaintiff could have simply put photos up on the court's Elmo projector. [DE 414 at 5.] I disagree and find that these were necessary and helpful demonstrative exhibits which are supported by adequate invoices. Thus Mrs. Kaiser will be awarded $26,433.75 in exemplification costs.

### 2. Deposition Transcript Costs.

The parties agree that Mrs. Kaiser should recoup the costs of deposition transcripts, but disagree as to the proper rate and as to what all should be considered to be part of the transcript. Ethicon argues that plaintiff should only be able to recover the per-page cost of the transcript and not costs related to the scanning of exhibits, rough drafts, shipping and handling, or video recordings of the same depositions. [DE 414 at 8.] I generally agree with Ethicon, as outlined below.

Plaintiff originally sought the actual costs of numerous deposition transcripts, but on reply she appears to concede that the appropriate rate is the one established by the United States Judicial Conference. [DE 420 at 7.] But the parties disagree as to what

that rate is. Ethicon says this is $0.90 a page, but that is the allowable cost for the first *copy*, not for the original per-page cost of the transcript, which is $3.65 per page. *See* United States District Court Northern District of Indiana, General Order 2018-3, *available at* http://www.innd.uscourts.gov/sites/innd/files/2018-3.pdf (last visited August 14, 2018). Plaintiff is thus entitled to recover no more than $3.65 per page for each deposition. Based upon my review of the relevant invoices, the total number of deposition pages transcribed sought by plaintiff is 1,647. Of this total, 1,003 pages were actually billed at a rate $3.25, and plaintiff should not recover more than her actual costs, or $3,259.75, for these transcripts. The remaining 644 pages were billed at a rate above $3.65, but that is the maximum rate plaintiff may recover. Plaintiff is thus awarded $5,610.35 for her deposition transcription costs.

     Deposition exhibits (including the cost of scanning them) are in certain circumstances "incidental" to a deposition and thus may at times be recoverable. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). But they are not always so, especially when a plaintiff makes no showing as to why they were necessary, and not merely a convenience of counsel. Plaintiff has not done so here, and so she may not recover those costs. Concerning rush charges and shipping and handling, the only cost plaintiff attempts to justify are those relating to the deposition of Anton Kaiser, which was taken on January 15, 2018, a little over a month before trial. [DE 420 at 9.] While that is not months or years before trial as may be the norm, plaintiff fails to articulate

why normal processing time would have taken more than a month. Consequently, in my discretion I deny all of these ancillary deposition transcript costs sought by plaintiff.

Concerning video recordings of depositions, plaintiff states that "Ethicon obtained a video recording of the depositions of Dr. Bales and Dr. Johnson" but says nothing of the depositions of any other witnesses. [DE 420 at 10.] This leads me to conclude that Ethicon did not obtain videos of these other depositions, and thus per plaintiff's own argument, she may recover only for the video recordings of Dr. Bales's and Dr. Johnson's depositions, which based upon the submitted invoices appears to be $1,544.00. Plaintiff's request for additional copies of DVDs, captures of video recordings to MPEG 1 format and syncing appear to be costs more accurately described as conveniences (and in any event were not justified by plaintiff in her briefs) and thus are not recoverable.

In addition, Kaiser seeks $18,545.00 in costs relating to "Downloading & Unzipping Sync Data for Video Depositions played at trial" and "Video Deposition Clip Editing for Multiple Video Deposition Witnesses." [DE 410 at 6-7.] These appear to be video-editing related costs associated with preparing deposition videos for trial preparation given that they were invoiced on February 29, 2018 and March 9, 2019. As discussed above, plaintiff is entitled to recover this technician time as it relates to exemplification costs, but at a 50% reduced rate given the continued inability to articulate the reasonableness of the rates charged. Plaintiff may thus recover $9,272.50 for those charges.

### 3. Trial Transcript Costs.

Plaintiff seeks $7,602.10 in costs associated with court proceeding transcripts, specifically for trial transcripts for February 26, 2018 to March 8, 2018, as well as a transcript of the November 28, 2017 motion hearing. Defendants challenge the necessity of these transcripts, but I disagree. Plaintiff convincingly argues that these transcripts were necessary "to prepare for the cross examination of witnesses, closing argument, responding to Defendants' Motion for Judgment as a Matter of Law, and to prepare for post-trial motions" as well as to have a "written record of the Court's oral rulings on several pretrial motions." [DE 410 at 4.] It is unclear what further justification defendants believe is required, and I find plaintiff's stated reasons sufficient. Thus I will award Mrs. Kaiser $7,602.10 in trial and pretrial transcript costs.

### C. Expert Witness Fees, Clerk's Fees, and Copying Costs.

Defendants do not challenge the witness fees ($11,922.00), Clerk's costs ($350.00), or copying costs ($969.80) sought by Mrs. Kaiser. Because these costs are properly taxable under 28 U.S.C. § 1920, I will award Mrs. Kaiser the sought-amount, totaling $13,241.80.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for a Bill of Costs [DE 409], is GRANTED in part. Defendants are ordered to pay plaintiff $62,174.50 in taxable costs, in accordance with this opinion.

So ORDERED on August 20, 2018.

        /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT