APPEAL,BRIGHT–LN,REF–R&R,TERMED

# U.S. District Court Northern District of Indiana [LIVE]
# USDC Northern Indiana (Hammond)
# CIVIL DOCKET FOR CASE #: <u>2:17–cv–00114–PPS–JEM</u>

Kaiser et al v. Johnson & Johnson et al

Assigned to: Judge Philip P Simon

Referred to: Magistrate Judge John E Martin

Case in other court:  West Virginia Southern, 2:12–cv–00887

Southern District of West Virginia, 2:12md02327

Cause: 28:1332 Diversity–Product Liability

Date Filed: 03/15/2017

Jury Demand: Both

Nature of Suit: 367 Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability

Jurisdiction: Diversity

Discovery Deadline:

Dispositive Motion Deadline:

Expert Discovery Deadline:

Settlement Conference:

Final Pretrial Conference:

Trial Date:

**Plaintiff**

**Barbara Kaiser**                    represented by    **Andrew N Faes PHV**
Wagstaff & Cartmell LLP
4740 Grand Ave Ste 300
Kansas City, MO 64112
816–701–1100
Fax: 816–531–2372
Email: afaes@wcllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward A Wallace PHV**
Wexler Wallace LLP
55 W Monroe St Ste 3300
Chicago, IL 60603
312–346–2222
Fax: 312–346–0022
Email: eaw@wexlerwallace.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey M Kuntz PHV**
Wagstaff & Cartmell LLP
4740 Grand Ave Ste 300
Kansas City, MO 64112
816–701–1100
Fax: 816–531–2372
Email: jkuntz@wcllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tania E Yusaf PHV**
Wexler Wallace LLP
55 W Monroe St Ste 3300
Chicago, IL 60603
312–346–2222
Fax: 312–346–0022
Email: tey@wexlerwallace.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas P Cartmell PHV**
Wagstaff & Cartmell LLP
4740 Grand Ave Ste 300
Kansas City, MO 64112
816–701–1100
Fax: 816–531–2372
Email: tcartmell@wcllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas O Plouff**
Costello McMahon Burke & Murphy Ltd
150 N Wacker Dr Ste 3050
Chicago, IL 60606
312–541–9700
Fax: 312–541–0520
Email: tplouff@costellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy E Jackson PHV**
Wexler Wallace LLP
55 W Monroe St Ste 3300
Chicago, IL 60603
312–346–2222
Fax: 312–346–0022
Email: tej@wexlerwallace.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Anton Kaiser**                    represented by    **Andrew N Faes PHV**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Edward A Wallace PHV**

2

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey M Kuntz PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tania E Yusaf PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas P Cartmell PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas O Plouff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy E Jackson PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Johnson & Johnson**                    represented by    **Amy M Pepke PHV**
                                                           Butler Snow LLP – Mem/TN
                                                           6075 Poplar Ave Ste 500
                                                           Memphis, TN 38119
                                                           901−680−7324
                                                           Fax: 901−680−7201
                                                           Email: <u>amy.pepke@butlersnow.com</u>
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Daniel R Higginbotham PHV**
                                                           Thomas Combs & Spann PLLC
                                                           PO Box 3824

300 Summers St Ste 1380
Charleston, WV 25338–3824
304–414–1800
Fax: 304–414–1801
Email: dhigginbotham@tcspllc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer L Steinmetz PHV**
Tucker Ellis LLP
950 Main Ave Ste 1100
Cleveland, OH 44113
216–696–5175
Fax: 216–592–5009
Email: jennifer.steinmetz@tuckerellis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan N Walker PHV**
Butler Snow LLP – Rid/MS
1020 Highland Pkwy Ste 1400
Ridgeland, MS 39157
601–948–5711
Fax: 601–985–4500
Email: jordan.walker@butlersnow.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen A Gallagher PHV**
Beck Redden LLP
1221 McKinney St Ste 4500
Houston, TX 77010–2010
713–951–3700 x6208
Fax: 713–951–3720
Email: kgallagher@beckredden.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Nold Larimore**
Ice Miller LLP – Ind/IN
One American Sq Ste 2900
Indianapolis, IN 46282
317–236–2407
Fax: 317–592–4688
Email: larimore@icemiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

4

**Nancy Menard Riddle**
Ice Miller LLP – Ind/IN
One American Sq Ste 2900
Indianapolis, IN 46282
317–236–2189
Fax: 317–592–4740
Email: nancy.riddle@icemiller.com
*TERMINATED: 12/20/2017*
*LEAD ATTORNEY*

**Rita A Maimbourg PHV**
Tucker Ellis LLP
950 Main Ave Ste 1100
Cleveland, OH 44113
216–696–3219
Fax: 216–592–5009
Email: rita.maimbourg@tuckerellis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christy D Jones**
Butler Snow LLP – Rid/MS
1020 Highland Parkway Suite 1400
Ridgeland, MS 39157
601–985–4523
*TERMINATED: 05/03/2017*
*PRO HAC VICE*

**David B. Thomas**
Thomas Combs & Spann
PO Box 3824
Charleston, WV 25338–3824
304–414–1800
Fax: 304–414–1801
*TERMINATED: 04/24/2017*

**Kari L Sutherland**
Butler Snow LLP – Ox/MS
1200 Jefferson Ave Ste 2054
Oxford, MS 38655
662–513–8002
Fax: 662–513–8001
*TERMINATED: 05/03/2017*
*PRO HAC VICE*

**Laura H. Dixon**
Butler Snow
PO Box 6010
Ridgeland, MS 39158–6010
601–985–4584
Fax: 601–985–4500

*TERMINATED: 05/05/2014*

**Philip J Combs PHV**
Thomas Combs & Spann PLLC
PO Box 3824
300 Summers St Ste 1380
Charleston, WV 25338–3824
304–414–1800 x1805
Fax: 304–414–1801
Email: pcombs@tcspllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sanford E. Watson , II**
Tucker Ellis
Suite 1100
950 Main Avenue
Cleveland, OH 44113–7213
216–592–5000
Fax: 216–592–5009
*TERMINATED: 04/24/2017*

**Susan M. Robinson**
Thomas Combs & Spann
PO Box 3824
Charleston, WV 25338–3824
304–414–1800
Fax: 304–414–1801
*TERMINATED: 04/24/2017*

**William M Gage PHV**
Butler Snow LLP – Rid/MS
1020 Highland Pkwy Ste 1400
Ridgeland, MS 39157
601–948–4561
Fax: 601–985–4500
Email: william.gage@butlersnow.com
*TERMINATED: 01/11/2018*
*PRO HAC VICE*

**Defendant**

| | | |
|---|---|---|
| **Ethicon Inc** | represented by | **Amy M Pepke PHV** |

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel R Higginbotham PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

6

**Jennifer L Steinmetz PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan N Walker PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen A Gallagher PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Nold Larimore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nancy Menard Riddle**
(See above for address)
*TERMINATED: 12/20/2017*
*LEAD ATTORNEY*

**Rita A Maimbourg PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christy D Jones**
(See above for address)
*TERMINATED: 05/03/2017*
*PRO HAC VICE*

**David B. Thomas**
(See above for address)
*TERMINATED: 04/24/2017*

**Kari L Sutherland**
(See above for address)
*TERMINATED: 05/03/2017*
*PRO HAC VICE*

**Laura H. Dixon**
(See above for address)
*TERMINATED: 05/05/2014*

**Philip J Combs PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sanford E. Watson , II**
(See above for address)
*TERMINATED: 04/24/2017*

**Susan M. Robinson**
(See above for address)
*TERMINATED: 04/24/2017*

**William M Gage PHV**
(See above for address)
*TERMINATED: 01/11/2018*
*PRO HAC VICE*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/28/2012 | 1 | | COMPLAINT. Filing Fee $350.00. Receipt # 0425–1794960. (Attachment: # 1 Civil Cover Sheet) (tmh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/28/2012) |
| 03/28/2012 | 2 | | SUMMONS ISSUED by the Clerk on behalf of Barbara Kaiser, Anton Kaiser for Ethicon, Inc., Johnson & Johnson, re: 1 Complaint, returnable 21 days. Original Summons and 2 copies for each defendant returned to plaintiff's counsel for service. (tmh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/28/2012) |
| 03/28/2012 | 3 | | TRANSMITTED PRETRIAL ORDER #1 (Initial Conference and Case Management) entered on 02/29/2012 in MDL 2327 to attorneys in member case. (klc) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/28/2012) |
| 04/25/2012 | 4 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Christy D. Jones on behalf of Ethicon, Inc., Johnson & Johnson. (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/25/2012) |
| 05/02/2012 | 5 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by David B. Thomas on behalf of Ethicon, Inc., Johnson & Johnson. (Thomas, David) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/02/2012) |
| 05/02/2012 | 6 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Philip J. Combs on behalf of Ethicon, Inc., Johnson & Johnson. (Combs, Philip) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/02/2012) |
| 05/18/2012 | 7 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Laura H. Dixon on behalf of Ethicon, Inc., |

| | | |
|---|---|---|
| | | Johnson & Johnson. (Dixon, Laura) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/18/2012) |
| 05/22/2012 | 8 | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Kari L. Sutherland on behalf of Ethicon, Inc., Johnson & Johnson. (Sutherland, Kari) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/22/2012) |
| 05/23/2012 | 9 | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by William M. Gage on behalf of Ethicon, Inc., Johnson & Johnson. (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/23/2012) |
| 06/19/2012 | 10 | NOTICE OF CHANGE OF ATTORNEY INFORMATION by David B. Thomas on behalf of Ethicon, Inc., Johnson & Johnson. (Thomas, David) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/19/2012) |
| 06/19/2012 | 11 | NOTICE OF CHANGE OF ATTORNEY INFORMATION by Philip J. Combs on behalf of Ethicon, Inc., Johnson & Johnson. (Combs, Philip) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/19/2012) |
| 06/19/2012 | 12 | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Susan M. Robinson on behalf of Ethicon, Inc., Johnson & Johnson. (Robinson, Susan) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/19/2012) |
| 05/05/2014 | 13 | ORDER: Based on representation of counsel that Laura H. Dixon no longer represents any party in this MDL or any party in any member case, the above–named counsel is terminated where she appears as counsel for any party in this MDL and in any member case. Signed by Judge Joseph R. Goodwin on 5/5/2014. (cc: attys; any unrepresented party) (all) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/05/2014) |
| 08/13/2015 | 14 | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Gregory Bales on August 31, 2015 at 4:30 p.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/13/2015) |
| 08/13/2015 | 15 | MOTION by Anton Kaiser, Barbara Kaiser to Withdraw 14 Notice of Video Deposition of Dr. Gregory Bales (Attachments: # 1 Certificate of Service, # 2 Proposed Order)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/13/2015) |
| 08/14/2015 | 16 | ORDER granting 15 MOTION by Anton Kaiser, Barbara Kaiser to Withdraw 14 Notice of Video Deposition of Dr. Gregory Bales. Signed by Judge Joseph R. Goodwin on 8/14/2015. (cc: attys; any unrepresented party) (skh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/14/2015) |
| 08/19/2015 | 17 | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Gregory Bales on October 5, 2015 at 4:30 p.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/19/2015) |
| 08/19/2015 | 18 | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Lisa C. Johnson on October 13, 2015 at 2:00 p.m. (Plouff, Thomas) |

| | | | |
|---|---|---|---|
| | | | [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/19/2015) |
| 08/19/2015 | 19 | | PRETRIAL ORDER # 192 (Docket Control Order – Wave 1 Cases) With the selection of the cases on the Exhibit A (Wave 1 cases), it is ORDERED that the following deadlines shall apply in the Ethicon Wave 1 cases as set forth herein: Plaintiff Fact Sheets due 10/19/2015; Defendant Fact Sheets due 11/19/2015; Deadline for written discovery requests due 01/04/2016; Expert disclosure by party with burden of proof due 12/17/2015; Expert disclosure by opposing party due 1/18/2016; Expert disclosure for rebuttal purposes due 2/01/2016; Deposition deadline and close of discovery due 2/16/2016; Filing of dispositive and Daubert motions due 3/07/2016; Responses to dispositive and Daubert motions due 3/21/2016; Reply to response to dispositive and Daubert motions due 3/28/2016. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: a consolidated motion to seal is due on or before 2/08/2016, any response is due 2/16/2016 and any reply is due 2/23/2016. By no later than 1/11/2016, the parties shall meet and confer concerning the appropriate venue for each of the cases ready for transfer, remand or trial, and the parties shall submit joint venue recommendations to the court by 1/19/2016. The court DIRECTS the Clerk to file a copy of this order in 2:12−md−2327 and in the cases listed on Exhibit A. The court further DIRECTS the Clerk to designate these cases as Ethicon Wave 1 cases on the docket. Signed by Joseph R. Goodwin on 8/19/2015. (Attachment: # 1 Exhibit A) (cc: Clerk of the Judicial Plan on Multidistrict Litigation; attys) (REF: MDL 2327; Cases Listed on Exhibit A) (jk) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/19/2015) |
| 08/19/2015 | 20 | | PRETRIAL ORDER # 193 (CORRECTED Docket Control Order Wave 1 Cases) With the selection of the cases on the Exhibit A (Wave 1 cases), it is ORDERED that the following deadlines shall apply in the Ethicon Wave 1 cases as set forth herein: Plaintiff Fact Sheets due 10/19/2015; Defendant Fact Sheets due 11/19/2015; Deadline for written discovery requests due 01/04/2016; Expert disclosure by party with burden of proof due 12/17/2015; Expert disclosure by opposing party due 1/18/2016; Expert disclosure for rebuttal purposes due 2/01/2016; Deposition deadline and close of discovery due 2/16/2016; Filing of dispositive and Daubert motions due 3/07/2016; Responses to dispositive and Daubert motions due 3/21/2016; Reply to response to dispositive and Daubert motions due 3/28/2016. In the event there are issues related to sealing of confidential documents that the parties are unable to resolve, they must be brought to the court's attention in a consolidated manner as follows: a consolidated motion to seal is due on or before 2/08/2016, any response is due 2/16/2016 and any reply is due 2/23/2016. By no later than 1/11/2016, the parties shall meet and confer concerning the appropriate venue for each of the cases ready for transfer, remand or trial, and the parties shall submit joint venue recommendations to the court by 1/19/2016. The court DIRECTS the Clerk to file a copy of this order in 2:12−md−2327 and in the cases listed on Exhibit A. The court further DIRECTS the Clerk to designate these cases as Ethicon Wave 1 cases on the docket. Signed by Joseph R. Goodwin on 8/19/2015. (Attachment: # 1 Exhibit A) (cc: Clerk of the Judicial Plan on Multidistrict Litigation; attys) (REF: |

| | | | |
|---|---|---|---|
| | | | MDL 2327; 2327 Wave 1 Cases)(jk) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/19/2015) |
| 08/20/2015 | 21 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Rita A. Maimbourg on behalf of Ethicon, Inc., Johnson & Johnson. (Maimbourg, Rita) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/20/2015) |
| 08/21/2015 | 22 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Dr. Gregory Bales on January 5, 2016 at 10:00 a.m. (Maimbourg, Rita) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/21/2015) |
| 08/21/2015 | 23 | | NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Dr. Lisa C. Johnson on January 6, 2016 at 10:00 a.m. (Maimbourg, Rita) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/21/2015) |
| 08/27/2015 | 24 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Jennifer Lynn Steinmetz on behalf of Ethicon, Inc., Johnson & Johnson. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/27/2015) |
| 09/03/2015 | 25 | | PRETRIAL ORDER # 195 (First Amended Docket Control Order Wave 1 Cases) Pursuant to clarifications made during a conference call and via email, the original Docket Control Order is modified as to paragraphs: A (expert disclosures) and A.2.c, as more fully set forth herein. The remaining provisions remain in effect. Signed by Judge Joseph R. Goodwin on 9/3/2015. (Attachment: # 1 Exhibit A) (cc: Clerk of the Judicial Plan on Multidistrict Litigation; attys) (REF: MDL 2327 Wave 2 Cases) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/03/2015) |
| 09/08/2015 | 26 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Barbara Kaiser on November 5, 2015 at 9:00 AM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/08/2015) |
| 09/08/2015 | 27 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Anton Kaiser on November 5, 2015 at 2:00 PM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/08/2015) |
| 09/18/2015 | 28 | | RE–NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Gregory Bales on December 7, 2015 at 2:30 p.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/18/2015) |
| 09/24/2015 | 29 | | RE–NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Lisa C. Johnson on December 8, 2015 at 2:00 p.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/24/2015) |
| 09/24/2015 | 30 | | CROSS NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Dr. Lisa C. Johnson on December 8, 2015 at 2:00 p.m. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/24/2015) |

| 09/24/2015 | 31 | | CROSS NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Dr. Gregory Bales on December 7, 2015 at 2:30 p.m. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/24/2015) |
| 10/09/2015 | 32 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc. and Johnson & Johnson of Bruce Rosenzweig, M.D. on January 6, 2016 at 10:00 a.m. (Steinmetz, Jennifer) Modified on 10/13/2015 to add party filer (lca). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/09/2015) |
| 10/09/2015 | 33 | | CERTIFICATE OF SERVICE filed by Anton Kaiser, Barbara Kaiser for Plaintiffs' Requests for Admissions Directed to Ethicon (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/09/2015) |
| 10/09/2015 | 34 | | PRETRIAL ORDER # 196 (Order re: Defendants' Motion to Enforce Pretrial # 17) Defendants' Motion To Enforce Pretrial Order # 17 filed in MDL 2327 is GRANTED in part to the extent defendants seek relief from responding to the discovery requests served on them that are identical to the information sought in the DFS; Defendants' Motion is otherwise DENIED as moot; it is directed that where plaintiffs have served discovery on defendants that is duplicative of information sought in the DFS, defendants are not obligated to respond to such discovery, and instead, should serve timely DFSs. The court's order does not relieve defendants of their obligation to answer the remaining discovery propounded by plaintiffs. Signed by Judge Joseph R. Goodwin on 10/9/2015. (cc: attys; any unrepresented party) (REF: MDL 2327; Wave 1 Cases) (kp) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/09/2015) |
| 10/27/2015 | 35 | | AMENDED NOTICE OF VIDEO DEPOSITION by Ethicon, Inc. of Barbara Kaiser on November 19, 2015 at 9:00 AM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/27/2015) |
| 10/27/2015 | 36 | | AMENDED NOTICE OF VIDEO DEPOSITION by Ethicon, Inc. of Anton Kaiser on November 19, 2015 at 2:00 PM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/27/2015) |
| 10/30/2015 | 37 | | NOTICE OF WITHDRAWAL by Ethicon, Inc., Johnson & Johnson of 32 Notice of Video Deposition of Bruce Rosenzweig, M.D. (Steinmetz, Jennifer) (Modified on 10/30/2015 to add party filer) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 10/30/2015) |
| 11/06/2015 | 38 | | CERTIFICATE OF SERVICE filed by Ethicon, Inc. for Ethicon, Inc.'s Objections And Responses To Plaintiff's Requests For Admissions (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 11/06/2015) |
| 11/16/2015 | 39 | | AMENDED RE–NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Gregory Bales on December 7, 2015 at 2:30 p.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 11/16/2015) |
| 11/16/2015 | 40 | | SECOND RE–NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Lisa C. Johnson on December 8, 2015 at 10:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/16/2015) |
| 11/17/2015 | 41 | | AMENDED CROSS NOTICE OF VIDEO DEPOSITION by Ethicon, Inc. of Dr. Gregory Bales on 12/07/2015 at 2:30 PM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 11/17/2015) |
| 11/17/2015 | 42 | | AMENDED CROSS NOTICE OF VIDEO DEPOSITION by Ethicon, Inc. of Lisa Johnson, M.D. on 12/08/2015 at 10:00 AM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 11/17/2015) |
| 11/20/2015 | 43 | | PRETRIAL ORDER # 205 (Second Amended Docket Control Order – Wave 1 Cases) The PTO # 195 filed in MDL 2327 and related to the Wave 1 cases is amended with new provisions contained in paragraphs A; B.5; and C.1, as set forth herein. The remaining provisions remain in force and effect. Signed by Judge Joseph R. Goodwin on 11/20/2015. (cc: Clerk of the Judicial Panel on Multidistrict Litigation; attys) (REF: MDL 2327; Wave 1 Cases) (jk) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 11/20/2015) |
| 12/16/2015 | 44 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Raphael Albert, M.D. on 02/04/2016 at 8:30 am (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 12/16/2015) |
| 12/16/2015 | 45 | | CERTIFICATE OF SERVICE filed by Ethicon, Inc., Johnson & Johnson for Defendants' First Set of Requests for Production of Documents and Things to the Plaintiff (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 12/16/2015) |
| 12/30/2015 | 46 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Anton J. Kaiser, Jr. on 02/08/2016 at 9:00 a.m. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 12/30/2015) |
| 12/30/2015 | 47 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Lora Picco on 02/08/2016 at 2:00 p.m. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 12/30/2015) |
| 12/30/2015 | 48 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Thomas Kaiser on 02/08/2016 at 11:00 a.m. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 12/30/2015) |
| 01/04/2016 | 49 | | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Jaclyn Jares on March 15, 2016 at 10:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/04/2016) |
| 01/04/2016 | 50 | | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Mark Kajy on March 15, 2016 at 2:00 PM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/04/2016) |
| 01/04/2016 | 51 | | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Michael Trester on March 16, 2016 at 10:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/04/2016) |

| 01/04/2016 | 52 | | NOTICE OF VIDEO DEPOSITION by Anton Kaiser, Barbara Kaiser of Frank Calabrese on March 16, 2016 at 2:00 PM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/04/2016) |
| --- | --- | --- | --- |
| 01/04/2016 | 53 | | CERTIFICATE OF SERVICE filed by Ethicon, Inc., Johnson & Johnson for Second Set of Requests for Production of Documents and Things, First Set of Special Interrogatories, and First Set of Requests for Admission (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/04/2016) |
| 01/06/2016 | 54 | | AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Jaclyn Jares on March 15, 2016 at 10:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/06/2016) |
| 01/06/2016 | 55 | | AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Mark Kajy on March 15, 2016 at 2:00 PM. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/06/2016) |
| 01/06/2016 | 56 | | AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Michael Trester on March 16, 2016 at 10:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/06/2016) |
| 01/06/2016 | 57 | | AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Frank Calabrese on March 16, 2016 at 2:00 PM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/06/2016) |
| 01/07/2016 | 58 | | CERTIFICATE OF SERVICE filed by Anton Kaiser, Barbara Kaiser for Plaintiffs' Response to the Defendants' First Set of Request for Production of Documents and Things (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/07/2016) |
| 01/19/2016 | 59 | | OBJECTIONS AND RESPONSES to Plaintiff's 57 Amended Notice of Deposition Pursuant to Rule 30 and Document Requests Pursuant to Rule 34 to Frank Calabrese by Ethicon, Inc., Johnson & Johnson (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/19/2016) |
| 01/19/2016 | 60 | | OBJECTIONS AND RESPONSES to Plaintiff's 54 Amended Notice of Deposition Pursuant to Rule 30 and Document Requests Pursuant to Rule 34 to Jaclyn Jares by Ethicon, Inc., Johnson & Johnson (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/19/2016) |
| 01/19/2016 | 61 | | OBJECTIONS AND RESPONSES to Plaintiff's 55 Amended Notice of Deposition Pursuant to Rule 30 and Document Requests Pursuant to Rule 34 to Mark Kajy by Ethicon, Inc., Johnson & Johnson (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/19/2016) |
| 01/19/2016 | 62 | | OBJECTIONS AND RESPONSES to Plaintiff's 56 Amended Notice of Deposition Pursuant to Rule 30 and Document Requests Pursuant to Rule 34 to Michael Trester by Ethicon, Inc., Johnson & Johnson (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/19/2016) |
| 01/29/2016 | 63 | | ORDER on Motions filed in MDL 2327: denying, as moot, MOTION by Rita Maimbourg and Tucker Ellis LLP for Change of Firm Name and Firm Address in MDL 2327 and each individual member case in which she is associated; granting, AMENDED MOTION by Rita Maimbourg, Jennifer L. Steinmetz, Erica M. James and Tucker Ellis LLP for Change of Firm Name and Firm Address in MDL 2327 and each individual member case in which they are associated. The Clerk is DIRECTED to update the firm name and address for Rita Maimbourg, Jennifer Steinmetz and Erica James, as set forth in the amended motion, both on the main master docket and for each individual member case in MDL 2327 with which said attorneys are associated. Signed by Judge Joseph R. Goodwin on 1/29/2016. (cc: attys; any unrepresented party) (kp) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/29/2016) |
| 02/03/2016 | 64 | | CERTIFICATE OF SERVICE filed by Anton Kaiser, Barbara Kaiser for Response to the Defendants' Requests for Admission, Response to Defendant' Second Set of Requests for Production of Documents and Things & Answers to Defendant's First Set of Interrogatories (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/03/2016) |
| 02/08/2016 | 65 | | CERTIFICATE OF SERVICE filed by Anton Kaiser, Barbara Kaiser for Designation and Disclosure of General and Case–Specific Expert Witnesses (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/08/2016) |
| 02/15/2016 | 66 | | MOTION by Ethicon, Inc., Johnson & Johnson to Compel Plaintiff to produce pathology slides reviewed by plaintiffs' expert pathologist Dr. Vladimir Iakovlev in Wave I cases (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Thomas, David) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/15/2016) |
| 02/15/2016 | 67 | | MEMORANDUM OF LAW by Ethicon, Inc., Johnson & Johnson in support of 66 MOTION by Ethicon, Inc., Johnson & Johnson to Compel Plaintiff to produce pathology slides reviewed by plaintiffs' expert pathologist Dr. Vladimir Iakovlev in Wave I cases (Thomas, David) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/15/2016) |
| 02/15/2016 | | | MOTION REFERRED to Magistrate Judge Cheryl A. Eifert: 66 MOTION by Ethicon, Inc., Johnson & Johnson to Compel Plaintiff to produce pathology slides reviewed by plaintiffs' expert pathologist Dr. Vladimir Iakovlev in Wave I cases (skh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/15/2016) |
| 02/18/2016 | 68 | | PRETRIAL ORDER # 214 (Plaintiffs' Motion to Define the Permissible Scope of Wave 1 DMEs) Plaintiff's MOTION to Define the Permissible Scope of |

| | | | |
|---|---|---|---|
| | | | Wave 1 DMEs filed in MDL 2327 is GRANTED, in part, and DENIED, in part, as more fully explained during the hearing and as set forth herein; this order is supplemented by the transcript of the hearing to be filed with the Clerk in MDL 2327. Signed by Magistrate Judge Cheryl A. Eifert on 2/18/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Wave 1 Cases) (mnm) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/18/2016) |
| 02/18/2016 | 69 | | ORDER granting in part and denying in part 66 MOTION by Ethicon, Inc., Johnson & Johnson to Compel Plaintiff to produce pathology slides reviewed by plaintiffs' expert pathologist Dr. Vladimir Iakovlev in Wave I cases. Signed by Magistrate Judge Cheryl A. Eifert on 2/18/2016. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/18/2016) |
| 02/18/2016 | 70 | | TELEPHONIC HEARING held by Magistrate Judge Cheryl A. Eifert on 2/18/2016 re: 66 MOTION by Ethicon, Inc., Johnson & Johnson to Compel Plaintiff to produce pathology slides reviewed by plaintiffs' expert pathologist Dr. Vladimir Iakovlev in Wave I cases. Court Reporter: Mary Schweinhagen. (skh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/18/2016) |
| 02/18/2016 | 71 | | NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Akshay Trivedi, M.D. on March 2, 2016 at 4:00 P.M. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/18/2016) |
| 02/24/2016 | 72 | | TRANSCRIPT OF PROCEEDINGS of telephone conference held on February 18, 2016, before Magistrate Judge Cheryl A. Eifert. Court Reporter Mary Schweinhagen, Telephone number 304–347–3188. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due 3/7/2016. Redaction Request due 3/16/2016. Redacted Transcript Deadline set for 3/28/2016. Release of Transcript Restriction set for 5/24/2016. (mas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/24/2016) |
| 02/26/2016 | 73 | | SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Mark Kajy on March 24, 2016 at 9:00 AM PST (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/26/2016) |
| 02/26/2016 | 74 | | NOTICE TO TAKE DEPOSITION by Ethicon, Inc., Johnson & Johnson of Peggy Pence on March 9, 2016 at 9:00 a.m. (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/26/2016) |
| 02/26/2016 | 75 | | NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of Suzanne Haier on March 22, 2016 at 9:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/26/2016) |
| 02/26/2016 | 76 | | NOTICE OF DEPOSITION PURSUANT TO RULE 30 AND DOCUMENT REQUESTS PURSUANT TO RULE 34 by Anton Kaiser, Barbara Kaiser of |

| | | | |
|---|---|---|---|
| | | | Latrese Williams on March 23, 2016 at 9:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/26/2016) |
| 02/29/2016 | 77 | | NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Vladimir Iakovlev, M.D. on March 6, 2016 at 9:00 a.m. (Jones, Christy) (Modified on 2/29/2016 to replace incomplete image with complete image) (lca). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/29/2016) |
| 02/29/2016 | | | NOTICE OF DOCKET CORRECTION re: 77 NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Vladimir Iakovlev, M.D. on March 6, 2016 at 9:00 a.m. ERROR: Incomplete image attached. CORRECTION: Incomplete image replaced with complete image. (lca) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/29/2016) |
| 02/29/2016 | 78 | | MOTION by Ethicon, Inc., Johnson & Johnson to Strike All Expert Reports of Dr. Vladimir Iakovlev and REQUEST for Immediate Hearing (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Jones, Christy). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/29/2016) |
| 02/29/2016 | 79 | | MEMORANDUM OF LAW by Ethicon, Inc., Johnson & Johnson in support of 78 MOTION by Ethicon, Inc., Johnson & Johnson to Strike All Expert Reports of Dr. Vladimir Iakovlev and REQUEST for Immediate Hearing (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/29/2016) |
| 03/01/2016 | 80 | | PRETRIAL ORDER # 215 (Wave 1 Cases – Briefing Schedule on Disputed Venue Recommendations) Pursuant to PTO # 205 (Second Amended Docket Control Order – Wave 1 Cases), the parties submitted a joint venue recommendation on the cases remaining in Wave 1, attached as Exhibit A; four Wave 1 cases were identified where venue is in dispute: (1) Lozano 2:12–cv–00347; (2) Ware 2:12–cv–00761; (3) Joplin 2:12–cv–00787; and (4) Williams 2:12–cv–0511; it is directed that in the individual Wave 1 cases listed above, briefs regarding proper venue are due as follows: Plaintiffs' Briefs in Support of Venue Due by 3/08/2016, Defendants' Response Briefs due by 3/11/2016, and Plaintiffs' Reply Briefs due by 3/15/2016; the parties are directed to file the above briefs in the respective individual cases listed above, not in MDL 2327. Signed by Judge Joseph R. Goodwin on 3/1/2016. (Attachment: # 1 Exhibit A) (cc: Clerk of the JPMDL; attys) (REF: MDL 2327; Wave 1 Cases) (mnm) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/01/2016) |
| 03/01/2016 | 81 | | NOTICE OF ATTORNEY APPEARANCE AND COUNSEL CONTACT INFORMATION FORM by Jennifer Lynn Steinmetz for Sanford Watson on behalf of Ethicon, Inc., Johnson & Johnson. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/01/2016) |
| 03/02/2016 | 82 | | RESPONSE by Anton Kaiser, Barbara Kaiser to 77 Notice of Deposition of Vladimir Iakovlev, M.D. (Attachments: # 1 Exhibit A, # 2 Notice of Filing)(Plouff, Thomas) (Modified on 3/3/2016 to add link to #77 notice) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: |

| | | |
|---|---|---|
| | | 03/02/2016) |
| 03/02/2016 | 83 | NOTICE TO TAKE DEPOSITION by Ethicon, Inc., Johnson & Johnson of Bruce Rosenzweig on March 10, 2016 at 5:00 p.m. (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/02/2016) |
| 03/03/2016 | 84 | AMENDED NOTICE OF DEPOSITION by Ethicon, Inc., Johnson & Johnson of Vladimir Iakovlev, M.D. on March 6, 2016 at 9:00 a.m. (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/03/2016) |
| 03/04/2016 | 85 | CERTIFICATE OF SERVICE filed by Ethicon, Inc., Johnson & Johnson for Designation and Disclosure of General and Case Specific Expert Witnesses (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/04/2016) |
| 03/04/2016 | 86 | OPPOSITION by Anton Kaiser, Barbara Kaiser to 78 MOTION by Ethicon, Inc., Johnson & Johnson to Strike All Expert Reports of Dr. Vladimir Iakovlev and REQUEST for Immediate Hearing (Attachments: # 1 Notice of Filing, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Plouff, Thomas) (Modified on 3/5/2016 to add link to #78 motion) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/04/2016) |
| 03/04/2016 | 87 | MOTION by Ethicon, Inc., Johnson & Johnson for Leave to File An Early Dispositive Motion (Attachments: # 1 Motion for Summary Judgment with Exs A–B(1), # 2 Exs. B(2)–F. PFS, # 3 Exs G–H)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/04/2016) |
| 03/07/2016 | 88 | ORDER granting 87 MOTION by Ethicon, Inc., Johnson & Johnson for Leave to File An Early Dispositive Motion; it is directed that the following briefing schedule applies: Plaintiffs' Response due by 3/14/2016 and Defendants' Reply due by 3/18/2016; the Clerk is directed to file the summary judgment motion and accompanying exhibits at ECF Nos. 87–1, 87–2 and 87–3. Signed by Judge Joseph R. Goodwin on 3/7/2016. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/07/2016) |
| 03/07/2016 | 89 | MOTION by Ethicon, Inc., Johnson & Johnson for Summary Judgment on All Claims. (Attachments: # 1 Exhibits A– B, Part 1, # 2 Exhibits B, Part 2 – F, # 3 Exhibits G–H) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/07/2016) |
| 03/07/2016 | 90 | NOTICE of Withdrawal of Depositions to Sales Representatives by Anton Kaiser, Barbara Kaiser (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/07/2016) |
| 03/07/2016 | 91 | RESPONSES and OBJECTIONS by Anton Kaiser, Barbara Kaiser to 74 Notice to Take Deposition of Peggy Pence (Attachments: # 1 Notice of Filing, # 2 Exhibit A)(Plouff, Thomas) (Modified on 3/8/2016 to add link to #74 notice) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/07/2016) |
| 03/08/2016 | 92 | |

| | | |
|---|---|---|
| | | RESPONSES AND OBJECTIONS by Anton Kaiser, Barbara Kaiser to 83 Notice to Take Deposition of Bruce Rosenzweig (Attachments: # 1 Notice of Filing, # 2 Exhibit A)(Plouff, Thomas) (Modified on 3/10/2016 to add link to #83 notice) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/08/2016) |
| 03/08/2016 | 93 | NOTICE TO TAKE DEPOSITION by Ethicon, Inc., Johnson & Johnson of Bruce Rosenzweig on March 10, 2016 at 7:00 p.m. (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/08/2016) |
| 03/10/2016 | 94 | ORDER denying 78 MOTION by Ethicon, Inc., Johnson & Johnson to Strike All Expert Reports of Dr. Vladimir Iakovlev and REQUEST for Immediate Hearing, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 3/10/2016. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/10/2016) |
| 03/11/2016 | 95 | PRETRIAL ORDER # 216 (Plaintiffs' Emergency Motion to Reconsider the Scope of Wave 1 DMEs) denying the EMERGENCY MOTION by Wave 1 Plaintiffs to Reconsider the Scope of Wave 1 Defense Medical Exams filed in MDL 2327, as more fully set forth herein; this order is supplemented by the transcript of the hearing held this date, if a transcript is filed with the Clerk. Signed by Magistrate Judge Cheryl A. Eifert on 3/11/2016. (cc: Clerk of the JPMDL; attys) (REF: MDL 2327; 2327 Wave 1 Cases) (mnm) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/11/2016) |
| 03/11/2016 | 96 | AMENDED NOTICE OF VIDEO DEPOSITION by Ethicon, Inc., Johnson & Johnson of Douglass Hale, M.D. on April 20, 2016 at 1:00 PM (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/11/2016) |
| 03/14/2016 | 97 | RESPONSE by Barbara Kaiser in opposition to 89 MOTION by Ethicon, Inc., Johnson & Johnson for Summary Judgment on All Claims (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Plouff, Thomas) (Modified on 3/14/2016 to correct link to #89 motion)(skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/14/2016) |
| 03/15/2016 | 98 | PRETRIAL ORDER # 217 (Third Amended Docket Control Order – Wave 1 Cases) The PTO # 205 related to the Wave 1 cases is amended; the new and/or amended provisions are contained in the following paragraphs: A (motion in limine deadlines); B.2 (dispositive motions); B.3 (Daubert motions); B.4 (motions in limine); and B.7 (courtesy copies); the remaining provisions remain in force and effect. Signed by Judge Joseph R. Goodwin on 3/15/2016. (cc: Clerk of the JPMDL; attys) (REF: MDL 2327; Wave 1 Cases) (jk) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/15/2016) |
| 03/17/2016 | 99 | NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Salil Khandwala on March 29, 2016 at 11:00 AM (EDT) (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/17/2016) |
| 03/17/2016 | 100 | |

| | | | |
|---|---|---|---|
| | | | NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Shelby Thames, PH.D. on March 24, 2016 at 8:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/17/2016) |
| 03/17/2016 | 101 | | NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Timothy Ulawoski, M.S. on March 29, 2016 and March 30, 2016 at 9:00 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/17/2016) |
| 03/18/2016 | 102 | | REPLY by Ethicon, Inc., Johnson & Johnson to 97 Response In Opposition. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/18/2016) |
| 03/21/2016 | 103 | | AMENDED NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Shelby Thames, PH.D. on March 25, 2016 at 11:30 AM (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/21/2016) |
| 03/21/2016 | 104 | | AMENDED NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Salil Khandwala on March 29, 2016 at 11:00 AM (EDT) (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/21/2016) |
| 03/22/2016 | 105 | | NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Maria Abadi on March 29 and 31, 2016 at 1:00 p.m. and 9:00 a.m. (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/22/2016) |
| 03/23/2016 | 106 | | CERTIFICATE OF SERVICE filed by Anton Kaiser, Barbara Kaiser for Disclosure Under Rule 26 (a)(2), Federal Rules of Civil Procedure (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/23/2016) |
| 03/23/2016 | 107 | | SECOND AMENDED NOTICE TO TAKE DEPOSITION by Anton Kaiser, Barbara Kaiser of Dr. Salil Khandwala on March 29, 2016 at 11:00 AM (EDT) (Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/23/2016) |
| 03/24/2016 | 108 | | MOTION by Anton Kaiser, Barbara Kaiser for Leave to File Amended Short Form Complaint (Attachment: # 1 Exhibit A)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/24/2016) |
| 03/25/2016 | 109 | | OBJECTIONS AND RESPONSES by Ethicon, Inc., Johnson & Johnson to 104 Amended Notice to Take Deposition of Dr. Salil Khandwala (Jones, Christy) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/25/2016) |
| 03/28/2016 | 110 | | OBJECTIONS AND RESPONSES by Ethicon, Inc., Johnson & Johnson to 100 Notice and 103 Amended Notice to Take Deposition of Shelby Thames, Ph.D. (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/28/2016) |
| 03/30/2016 | 111 | | OBJECTIONS AND RESPONSES by Ethicon, Inc., Johnson & Johnson to 105 Notice to Take Deposition of Dr. Maria Abadi (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/30/2016) |
| 03/30/2016 | 112 | | STIPULATION AND AGREEMENT OF THE PARTIES REGARDING INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF BARBARA KAISER by Ethicon, Inc., Johnson & Johnson, Barbara Kaiser, Anton Kaiser (Steinmetz, Jennifer) (Modified on 3/31/2016 to add party filers)(skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/30/2016) |
| 03/30/2016 | 113 | | OBJECTIONS AND RESPONSES by Ethicon, Inc., Johnson & Johnson to 107 Second Amended Notice to Take Deposition of Dr. Salil Khandwala (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/30/2016) |
| 04/01/2016 | 114 | | ALTERNATIVE MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Attachments: # 1 Exhibit A – Kaiser 11–19–15 Depo Transcript Excerpts, # 2 Exhibit B – Seventh Amended Plaintiff Fact Sheet Excerpts, # 3 Exhibit C – Bales 12–7–15 Depo Transcript Excerpts, # 4 Exhibit D – Johnson 12–8–15 Depo Transcript Excerpts)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/01/2016) |
| 04/01/2016 | 115 | | MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of 114 ALTERNATIVE MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/01/2016) |
| 04/06/2016 | 116 | | OPPOSITION by Ethicon, Inc., Johnson & Johnson to 108 MOTION by Anton Kaiser, Barbara Kaiser for Leave to File Amended Short Form Complaint (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/06/2016) |
| 04/21/2016 | 117 | | MOTION by Ethicon, Inc., Johnson & Johnson to Exclude Specific–Causation Testimony of Vladimir Iakovlev, M.D. (Attachments: # 1 Ex. A, Iakovlev 3–16–16 Dep Excerpts (Boggs), # 2 Ex. B, Iakovlev 3–6–16 Dep Excerpts, # 3 Ex. C, Johnson 12–8–15 Dep Excerpts, # 4 Ex. D, Bales 12–7–15 Dep Excerpts, # 5 Ex. E, Iakovlev Report)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/21/2016) |
| 04/21/2016 | 118 | | MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of 117 MOTION by Ethicon, Inc., Johnson & Johnson to Exclude Specific–Causation Testimony of Vladimir Iakovlev, M.D. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/21/2016) |
| 04/22/2016 | 119 | | RESPONSE by Anton Kaiser, Barbara Kaiser in opposition to 114 ALTERNATIVE MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/22/2016) |
| 04/25/2016 | 120 | | PRETRIAL ORDER # 228 (Defendants Johnson & Johnson and Ethicon, Inc.'s Motion for Protective Order Under PTO 205) denying as moot Defendants MOTION for Protective Order filed in MDL 2327. Signed by Magistrate Judge Cheryl A. Eifert on 4/25/2016. (cc: Clerk of the JPMDL; attys; any unrepresented party) (REF: MDL 2327; Wave 1 Cases) (ts) |

| | | |
|---|---|---|
| | | [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/25/2016) |
| 04/27/2016 | 121 | ORDER (Motion for Leave to File Amended Short Form Complaint) granting 108 MOTION by Anton Kaiser, Barbara Kaiser for Leave to File Amended Short Form Complaint, as more fully set forth herein; the parties are given 15 days from the date of entry of this Order to supplement any summary judgment, Daubert, or other similar pretrial motions to the extent necessary to address the amended claims; the parties, however, must limit these supplemental motions to issues raised by the plaintiffs' amended claims; the Clerk is directed to file the Amended Short Form Complaint at ECF No. 108−1 on the docket as of the date of this Order. Signed by Judge Joseph R. Goodwin on 4/27/2016. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/27/2016) |
| 04/27/2016 | 122 | AMENDED SHORT FORM COMPLAINT filed by Anton Kaiser, Barbara Kaiser against Ethicon, Inc. and Johnson & Johnson. (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/27/2016) |
| 04/28/2016 | 123 | REPLY by Ethicon, Inc., Johnson & Johnson to 119 Response In Opposition. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 04/28/2016) |
| 05/03/2016 | 124 | OBJECTIONS AND RESPONSES by Ethicon, Inc., Johnson & Johnson to 101 Notice to Take Deposition of Timothy Ulatowski, M.S. (Gage, William) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/03/2016) |
| 05/09/2016 | 125 | RESPONSE by Anton Kaiser, Barbara Kaiser in opposition to 117 MOTION by Ethicon, Inc., Johnson & Johnson to Exclude Specific−Causation Testimony of Vladimir Iakovlev, M.D. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/09/2016) |
| 05/12/2016 | 126 | AMENDED MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/12/2016) |
| 05/12/2016 | 127 | SUPPLEMENTAL MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of 126 AMENDED MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/12/2016) |
| 05/12/2016 | 128 | SUPPLEMENTAL MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of 126 AMENDED MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment (Steinmetz, Jennifer) (Modified on 5/12/2016 to remove and replace incorrect image) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/12/2016) |
| 05/12/2016 | | NOTICE OF DOCKET CORRECTION re: #128 Supplemental Memorandum by Ethicon, Inc., Johnson & Johnson in support of 126 AMENDED MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment. ERROR: Incorrect image attached. CORRECTION: Incorrect image removed and |

| | | | |
|---|---|---|---|
| | | | replaced with correct image. (skh) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/12/2016) |
| 05/16/2016 | 129 | | REPLY by Ethicon, Inc., Johnson & Johnson to 125 Response In Opposition. (Attachments: # 1 Ex. 1, Iakovlev Dep Excerpts (Eghnayem), # 2 Ex. 2, Iakovlev Specific Report (Bellew), # 3 Ex. 3, Iakovlev General Report (Bellew), # 4 Ex. 4, Iakovlev General Report (Wave 1))(Maimbourg, Rita) (Modified on 5/17/2016 to convert event to reply to response and to correct link to #125 response)(skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/16/2016) |
| 05/19/2016 | 130 | | MOTION by Anton Kaiser, Barbara Kaiser for Leave to File a Response to Defendants' 127 Supplemental Memorandum in Support of Defendants' Alternative Motion for Partial Summary Judgment (Attachment: # 1 Plaintiff's Response)(Plouff, Thomas) (Modified on 5/19/2016 to add link to #127 supplemental memorandum) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/19/2016) |
| 05/25/2016 | 131 | | ORDER granting 130 MOTION by Anton Kaiser, Barbara Kaiser for Leave to File a Response to Defendants' 127 Supplemental Memorandum in Support of Defendants' Alternative Motion for Partial Summary Judgment; the Clerk is directed to file the response attached to the Motion, and any reply must be filed on or before 6/01/2016. Signed by Judge Joseph R. Goodwin on 5/25/2016. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/25/2016) |
| 05/25/2016 | 132 | | RESPONSE by Anton Kaiser, Barbara Kaiser in opposition to 127 SUPPLEMENTAL MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of 126 AMENDED MOTION by Ethicon, Inc., Johnson & Johnson for Partial Summary Judgment. (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 05/25/2016) |
| 06/01/2016 | 133 | | REPLY by Ethicon, Inc., Johnson & Johnson to 132 Response In Opposition. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/01/2016) |
| 06/15/2016 | 134 | | PRETRIAL ORDER # 234 (Fourth Amended Docket Control Order Wave 1 Cases) granting the MOTION by Ethicon, Inc., Johnson & Johnson for Extension of Time for All Parties to File Wave One Motions in Limine to 6/20/2016 and Responses to Motions in Limine to 7/1/2016; the PRETRIAL ORDER # 217 (Third Amended Docket Control Order – Wave 1 Cases) is amended to reflect the change in deadlines for motions in limine (paragraph A). The remaining provisions remain in force and effect. Signed by Judge Joseph R. Goodwin on 6/15/2016. (cc: Clerk of the JPMDL; attys; any unrepresented party) (REF: MDL 2327; Wave 1 Cases) (mmw) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/15/2016) |
| 06/17/2016 | 135 | | OMNIBUS MOTION by Ethicon, Inc., Johnson & Johnson in Limine (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit X, # 24 Exhibit Y, # 25 Exhibit Z, # 26 Exhibit AA, # 27 Exhibit B, # 28 Exhibit CC, # 29 Exhibit |

| | | |
|---|---|---|
| | | DD, # <u>30</u> Exhibit EE, # <u>31</u> Exhibit FF, # <u>32</u> Exhibit GG, # <u>33</u> Exhibit HH, # <u>34</u> Exhibit II, # <u>35</u> Exhibit JJ, # <u>36</u> Exhibit KK, # <u>37</u> W)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/17/2016) |
| 06/17/2016 | <u>136</u> | MEMORANDUM by Ethicon, Inc., Johnson & Johnson in support of <u>135</u> OMNIBUS MOTION by Ethicon, Inc., Johnson & Johnson in Limine (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/17/2016) |
| 06/17/2016 | <u>137</u> | MOTION by Ethicon, Inc., Johnson & Johnson in Limine *to Exclude Evidence of Plaintiffs' Allegations of Spoliation* (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/17/2016) |
| 06/17/2016 | <u>138</u> | BRIEF by Ethicon, Inc., Johnson & Johnson in support of <u>137</u> MOTION by Ethicon, Inc., Johnson & Johnson in Limine *to Exclude Evidence of Plaintiffs' Allegations of Spoliation* (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/17/2016) |
| 06/20/2016 | <u>139</u> | MOTIONS by Anton Kaiser, Barbara Kaiser in Limine (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 06/20/2016) |
| 07/01/2016 | <u>140</u> | RESPONSE by Ethicon, Inc., Johnson & Johnson to <u>139</u> MOTIONS by Anton Kaiser, Barbara Kaiser in Limine (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 07/01/2016) |
| 07/01/2016 | <u>141</u> | OMNIBUS RESPONSE by Anton Kaiser, Barbara Kaiser (Attachments: # <u>1</u> Exhibit 20, # <u>2</u> Exhibit 21, # <u>3</u> Exhibit 22, # <u>4</u> Exhibit 23, # <u>5</u> Exhibit 24, # <u>6</u> Exhibit 25, # <u>7</u> Exhibit 26, # <u>8</u> Exhibit 27)(Plouff, Thomas) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 07/01/2016) |
| 07/08/2016 | <u>142</u> | MOTION by Ethicon, Inc., Johnson & Johnson for Leave to File a Reply in Support of Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Allegations of Spoliation. with proposed document attached (Attachment: # <u>1</u> Exhibit A)(Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 07/08/2016) |
| 07/19/2016 | <u>143</u> | OPPOSITION by Anton Kaiser, Barbara Kaiser to <u>142</u> MOTION by Ethicon, Inc., Johnson & Johnson for Leave to File a Reply in Support of Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Allegations of Spoliation (Plouff, Thomas) (Modified on 7/19/2016 to add link to #143 motion) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 07/19/2016) |
| 08/24/2016 | <u>144</u> | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Prof. Dr. Med. Uwe Klinge) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 by Ethicon, Inc., Johnson |

| | | | |
|---|---|---|---|
| | | | & Johnson To Limit the Testimony of Prof. Dr. Med. Uwe Klinge in Wave 1 Cases, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/24/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (mmw) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/24/2016) |
| 08/25/2016 | 145 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Maria Abadi, M.D.) The court DENIES in part, GRANTS in part and RESERVES in part the Motion filed in MDL 2327 by Certain Plaintiffs in Wave 1 Cases to Exclude the Opinions and Testimony of Maria Abadi, M.D., as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/25/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/25/2016) |
| 08/25/2016 | 146 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Timothy Ulatowski) The court GRANTS in part, DENIES in part, and RESERVES in part the DAUBERT MOTION filed in MDL 2327 by Certain Plaintiffs in Wave 1 Cases to Exclude the Opinions of FDA Expert Timothy Ulatowski, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/25/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (bdr) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/25/2016) |
| 08/25/2016 | 147 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Peggy Pence, Ph.D.) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 by Ethicon, Inc., Johnson & Johnson to Exclude Peggy Pence, Ph.D. in Wave 1 Cases, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/25/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/25/2016) |
| 08/26/2016 | 148 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Daniel Elliott, M.D.) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 to Exclude Certain General Opinions of Daniel Elliott, M.D., as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/26/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (bdr) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/26/2016) |
| 08/30/2016 | 149 | | CERTIFICATE OF SERVICE filed by Ethicon, Inc., Johnson & Johnson for Amended and Supplemental Responses to Plaintiff's Requests for Admissions. (Steinmetz, Jennifer) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/30/2016) |
| 08/31/2016 | 150 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Elizabeth Kavaler, M.D.) The Daubert Motion filed in MDL 2327 by Certain Plaintiffs in Wave 1 Cases to Preclude or, in the Alternative, to Limit the Opinions and Testimony of Elizabeth Kavaler, M.D. is GRANTED in part, DENIED in part, and RESERVED in part, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 8/31/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (mek) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 08/31/2016) |

| 09/01/2016 | 151 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Vladimir Iakovlev, M.D.) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 by Ethicon, Inc., Johnson & Johnson to Exclude the Opinions and Testimony of Dr. Vladirmir Iakovlev, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 9/1/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (kll) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/01/2016) |
| 09/02/2016 | 152 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Shelby Thames, Ph.D.) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 by Certain Plaintiffs in Wave 1 Cases to Exclude the Opinions and Testimony of Shelby Thames, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 9/2/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (kll) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/02/2016) |
| 09/02/2016 | 153 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Salil Khandwala, M.D.) The court DENIES in part, GRANTS in part, and RESERVES in part the Motion filed in MDL 2327 by Certain Plaintiffs in Wave 1 Cases to Exclude or Limit the Opinions and Testimony of Dr. Salil Khandwala, M.D., as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 9/2/2016. (cc: attys; any unrepresented party) (REF: MDL 2327; Cases Listed on Exhibit) (mmw) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 09/02/2016) |
| 01/25/2017 | 154 | | MEMORANDUM OPINION AND ORDER (Motions in Limine) Plaintiffs' 139 MOTIONS by Anton Kaiser, Barbara Kaiser in Limine is GRANTED in part as to Motion in Limine No. 2 and any other conceded motion therein, the remainder of the Motion is DENIED without prejudice; Defendants' 135 OMNIBUS MOTION by Ethicon, Inc., Johnson & Johnson in Limine is GRANTED in part as to Motion in Limine No. 2 and any other conceded motion therein, the remainder of the Motion is DENIED without prejudice; Defendants' 137 MOTION by Ethicon, Inc., Johnson & Johnson in Limine to Exclude Evidence of Plaintiffs' Allegations of Spoliation is GRANTED; Defendants' 142 MOTION by Ethicon, Inc., Johnson & Johnson for Leave to File a Reply is DENIED as moot, as more fully set forth. Signed by Judge Joseph R. Goodwin on 1/25/2017. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 01/25/2017) |
| 02/14/2017 | 155 | | MEMORANDUM OPINION AND ORDER (Daubert Motion re: Vladimir Iakovlev, M.D.) The 117 MOTION by Ethicon, Inc., Johnson & Johnson to Exclude Specific–Causation Testimony of Vladimir Iakovlev, M.D. is DENIED in part and RESERVED in part, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 2/14/2017. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/14/2017) |
| 02/21/2017 | 156 | | MEMORANDUM OPINION AND ORDER (Defendants' Motion for Summary Judgment) The 89 MOTION by Ethicon, Inc., Johnson & Johnson for Summary Judgment on All Claims is DENIED, the defendants' 114 |

26

|  |  |  |  |
|---|---|---|---|
|  |  |  | ALTERNATIVE MOTION for Partial Summary Judgment, and 126 AMENDED MOTION for Partial Summary Judgment are GRANTED in part and DENIED in part, as more fully set forth herein. Signed by Judge Joseph R. Goodwin on 2/21/2017. (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/21/2017) |
| 02/22/2017 | 157 |  | ORDER Because all pretrial proceedings, including discovery and dispositive and Daubert motion practice, are complete, and the case is ready for trial, this case is transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a); it is further ORDERED that within seven (7) days of this order, the parties may file a joint designation of any non–Pretrial Order filings from MDL 2327, 2:12–md–2327; immediately after the expiration of seven (7) days, the Clerk of this court is directed to transmit the following to the United States District Court for the Northern District of Indiana: (1) a copy of the docket sheet for this case; (2) the entire file for this case; (3) the docket sheet for MDL 2327, 2:12–md–2327; (4) all PTOs entered in 2:12–md–2327; and (5) any other non–PTO filing from 2:12–md–2327 which the parties jointly designate. Signed by Judge Joseph R. Goodwin on 2/22/2017. (Attachment: # 1 Transfer Memorandum) (cc: counsel of record; any unrepresented party) (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 02/22/2017) |
| 03/01/2017 | 158 |  | JOINT DESIGNATION OF NON–PTO FILINGS by Ethicon, Inc., Johnson & Johnson, Barbara Kaiser, Anton Kaiser (Steinmetz, Jennifer) (Modified on 3/2/2017 to add party filers) (skh). [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/01/2017) |
| 03/14/2017 | 159 |  | EMAIL NOTIFICATION to the Northern District of Indiana regarding transfer of this MDL Member Civil Action, the docket sheet for MDL 2327, all Pretrial Orders entered in MDL 2327 and the Joint Designation of Filings. (ts) [Transferred from West Virginia Southern on 3/15/2017.] (Entered: 03/14/2017) |
| 03/15/2017 | 160 |  | Case transferred in from District of West Virginia Southern; Case Number 2:12–cv–00887. Original file certified copy of transfer order and docket sheet received. (Entered: 03/15/2017) |
| 03/28/2017 | 161 |  | Application for Attorney Rita A. Maimbourg to Appear Pro Hac Vice on behalf of Johnson & Johnson; Ethicon, Inc.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3206866 (Attachments: # 1 Supreme Court of Ohio Certificate of Good Standing)(Pro Hac Vice Temporary login, ) (Entered: 03/28/2017) |
| 03/28/2017 | 162 |  | NOTICE of Appearance by Thomas O Plouff on behalf of Anton Kaiser, Barbara Kaiser (Plouff, Thomas) (Entered: 03/28/2017) |
| 03/28/2017 | 163 |  | NOTICE of Appearance by Mary Nold Larimore on behalf of Ethicon Inc, Johnson & Johnson (Larimore, Mary) (Entered: 03/28/2017) |
| 03/28/2017 | 164 |  | NOTICE of Appearance by Nancy Menard Riddle on behalf of Ethicon Inc, Johnson & Johnson (Riddle, Nancy) (Entered: 03/28/2017) |
| 03/29/2017 | 165 |  | Application for Attorney William M. Gage to Appear Pro Hac Vice on behalf of Ethicon, Inc. and Johnson & Johnson. Pro Hac Vice fee of $ 96 has been |

| | | | |
|---|---|---|---|
| | | | received, receipt number 0755–3208781(Pro Hac Vice Temporary login, ) (Entered: 03/29/2017) |
| 03/29/2017 | <u>166</u> | | Application for Attorney Jordan N. Walker to Appear Pro Hac Vice on behalf of Ethicon, Inc. and Johnson & Johnson. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3208800(Pro Hac Vice Temporary login, ) (Entered: 03/29/2017) |
| 03/30/2017 | <u>167</u> | | ORDER granting <u>161</u> Application to Appear Pro Hac Vice of Attorney Rita A Maimbourg PHV for Johnson & Johnson and Ethicon Inc. Signed by Magistrate Judge John E Martin on 3/30/17. (mtr) (Entered: 03/30/2017) |
| 03/30/2017 | <u>168</u> | | ORDER granting <u>166</u> Application to Appear Pro Hac Vice of Attorney Jordan N Walker PHV for Ethicon Inc and Johnson & Johnson. Signed by Magistrate Judge John E Martin on 3/30/17. (mtr) (Entered: 03/30/2017) |
| 03/30/2017 | <u>169</u> | | ORDER granting <u>165</u> Application to Appear Pro Hac Vice of Attorney William M Gage PHV for Ethicon Inc and Johnson & Johnson. Signed by Magistrate Judge John E Martin on 3/30/17. (mtr) (Entered: 03/30/2017) |
| 04/03/2017 | <u>170</u> | | Application for Attorney Jennifer Lynn Steinmetz to Appear Pro Hac Vice on behalf of Johnson & Johnson and Ethicon, Inc.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3211635(Pro Hac Vice Temporary login, ) (Entered: 04/03/2017) |
| 04/06/2017 | <u>171</u> | | ORDER granting <u>170</u> Application to Appear Pro Hac Vice of Attorney Jennifer L Steinmetz PHV for Ethicon, Inc. and Johnson & Johnson. Signed by Magistrate Judge John E Martin on 4/6/17. (mtr) (Entered: 04/06/2017) |
| 04/11/2017 | <u>172</u> | | ORDER: The Court hereby sets a telephonic status conference for 4/25/2017 at 1:30 PM Hammond/Central time before Judge Philip P Simon. Counsel are ordered to check the docket to ensure that the first–listed phone number is for the correct attorney and is a direct number to counsel (not to a receptionist or other office staff). If a different telephone number should be used to reach counsel directly, or if different or additional attorneys wish to be included in the telephone conference, counsel must contact Judge Simon's Case Manager (219–852–6724) no later than 24 hours prior to the time the conference is to occur. If any party does not comply with these requirements, that party will be required to appear for this and all future hearings for this matter IN PERSON. Signed by Judge Philip P Simon on 4/11/17. (nal) (Entered: 04/11/2017) |
| 04/21/2017 | <u>173</u> | | MOTION to Withdraw as Attorney for Defendants Ethicon Inc, Johnson & Johnson by Sanford E. Watson, II. (rmc) (Entered: 04/21/2017) |
| 04/21/2017 | <u>174</u> | | MOTION to Withdraw as Attorney by David B. Thomas for Defendants Ethicon Inc, Johnson & Johnson. (rmc) (Entered: 04/21/2017) |
| 04/21/2017 | <u>175</u> | | MOTION to Withdraw as Attorney by Susan M. Robinson for Defendants Ethicon Inc, Johnson & Johnson. (rmc) (Entered: 04/21/2017) |
| 04/21/2017 | <u>176</u> | | MOTION to Withdraw as Attorney by Philip J. Combs for Defendants Ethicon Inc, Johnson & Johnson. (rmc) (Entered: 04/21/2017) |
| 04/21/2017 | <u>177</u> | | MOTION to Withdraw as Counsel of Record by Defendant's Ethicon Inc, Johnson & Johnson. (Attachments: # <u>1</u> Cover Letter). (nal) (Entered: 04/24/2017) |

| 04/24/2017 | 178 | | ORDER granting 173 174 175 and 176 MOTIONS to Withdraw as Attorney. Attorneys David B. Thomas; Sanford E. Watson, II; Philip J. Combs and Susan M. Robinson WITHDRAWN on behalf of Defendants. Text entry order. By Magistrate Judge John E Martin on 4/24/2017. (cc: David B. Thomas, Sanford E. Watson, II, Philip J. Combs, and Susan M. Robinson) (smb) (Entered: 04/24/2017) |
| --- | --- | --- | --- |
| 04/24/2017 | 179 | | MOTION to Withdraw as Attorney by Defendants Ethicon Inc and Johnson & Johnson. (nal) (Entered: 04/25/2017) |
| 04/25/2017 | 181 | | TELEPHONE CONFERENCE held on 4/25/2017 before Judge Philip P Simon. Pla appeared by attys Thomas O. Plouff and Tom Cartmell. Dft appears by attys Jennifer L. Steinmetz, Mary Nold Larimore and Nancy Menard Riddle. Brief discussion on the case. Parties propose a hearing to inform the Court of the medical and scientific issues in the case, as in the case of 4:17 CV 25 that is in the process of being scheduled. Possibly both hearings/cases could be heard on one day. Parties give opinion on how long the trial would take in this matter and agree that a trial may be anywhere from 2 to 4 weeks in length. Discussion on trial date windows. The other MDL case (4:17cv25) may go to trial in January 2018 so parties propose February 2018 as a trial window. Options discussed and parties settle on a trial date of 2/26/2018 in Hammond. At the conclusion of the hearing the parties select three days that could work for the "Science Day" hearing – June 15, July 25 and July 31. Parties shall discuss dates and advise the Court which date they have chosen. (Court Reporter Stacy Drohosky.) (nac) (Entered: 04/27/2017) |
| 04/26/2017 | 180 | | ORDER: IN–PERSON Status Conference set for 7/31/2017 at 01:00 PM (Hammond/Central Time) in US District Court – Hammond before Judge Philip P Simon. The purpose of the Conference is to allow the parties to educate the Court regarding the science involved in this action. Parties should be prepared to discuss the handling of motions in limine and deposition designations, as well as scheduling the Final Pretrial Conference/Settlement Conference, the Trial Management Conference, and a trial date, and to discuss any other issues pending at that time. Signed by Judge Philip P Simon on 4/26/17. (cc: Christy D Jones; Kari L Sutherland). (cer) (Entered: 04/26/2017) |
| 05/01/2017 | 182 | | ORDER REASSIGNING CASE. Case reassigned to Judge Rudy Lozano for all further proceedings. Judge Philip P Simon no longer assigned to case. Magistrate Consent forms due by 5/22/2017. Signed by Chief Judge Theresa L Springmann on 5/1/17. (jld) (Entered: 05/01/2017) |
| 05/01/2017 | 183 | | **CLERK'S NOTICE OF DOCKETING ERROR:** Pursuant to notification from Judge Simon's chambers, the 182 ORDER REASSIGNING CASE was entered in error. Therefore, Judge Philip P. Simon remains the presiding judge in this case. Judge Rudy Lozano is no longer assigned to case. (ksc) (Entered: 05/01/2017) |
| 05/02/2017 | 184 | | Application for Attorney Thomas Philip Cartmell to Appear Pro Hac Vice on behalf of Barbara Kaiser and Anton Kaiser. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3238057(Pro Hac Vice Temporary login, ) (Additional attachment(s) added on 5/23/2017: # 1 Supplement KS Certificate of Good Standing) (mtr). (Entered: 05/02/2017) |
| 05/03/2017 | 185 | | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 177 and 179 Motions to Withdraw as Attorney. The appearances of Attorneys Christy D Jones and Kari L. Sutherland are hereby WITHDRAWN. Text entry order. By Magistrate Judge John E Martin on 5/3/2017. (cc: Sutherland, Jones) (smb) (Entered: 05/03/2017) |
| 05/12/2017 | 186 | | Application for Attorney Jeffrey Michael Kuntz to Appear Pro Hac Vice on behalf of Barbara Kaiser and Anton Kaiser. Pro Hac Vice fee of $ 96 has been received, receipt number 0755−3248253(Pro Hac Vice Temporary login, ) (Additional attachment(s) added on 5/23/2017: # 1 Supplement KS Certificate of Good Standing) (mtr). (Entered: 05/12/2017) |
| 05/24/2017 | 187 | | ORDER granting 186 Application to Appear Pro Hac Vice of Attorney Jeffrey M Kuntz PHV for Anton Kaiser and Barbara Kaiser. Signed by Magistrate Judge John E Martin on 05/24/17. (mtr) (Entered: 05/24/2017) |
| 05/24/2017 | 188 | | NOTICE of Appearance by Jeffrey M Kuntz PHV on behalf of Anton Kaiser, Barbara Kaiser (Kuntz PHV, Jeffrey) (Entered: 05/24/2017) |
| 05/26/2017 | 189 | | ORDER granting 184 Application to Appear Pro Hac Vice of Attorney Thomas P Cartmell PHV for Anton Kaiser and Barbara Kaiser. Signed by Magistrate Judge John E Martin on 5/26/17. (mtr) (Entered: 05/26/2017) |
| 05/30/2017 | 190 | | NOTICE of Appearance by Thomas P Cartmell PHV on behalf of All Plaintiffs (Cartmell PHV, Thomas) (Entered: 05/30/2017) |
| 07/05/2017 | 191 | | MOTION Rescheduling of Status Conference to August 4, 2017 *Defendants' Unopposed Motion to Reschedule July 31, 2017 Status Conference* by Defendants Ethicon Inc, Johnson & Johnson. (Riddle, Nancy) (Entered: 07/05/2017) |
| 07/06/2017 | 192 | | ORDER granting 191 Motion to Continue Status Conference/Hearing/"Science Day" – Hearing RESET for 8/4/2017 10:00 AM (Central/Hammond) in US District Court – Hammond before Judge Philip P Simon. The previous date of 7/31/2017 is VACATED on the court calendar of Judge Philip P. Simon. (Text entry only, no pdf is attached). Approved by Judge Philip P Simon on 7/6/2017. (nac) (Entered: 07/06/2017) |
| 07/13/2017 | 193 | | NOTICE of Hearing: Hearing ("Science Day") now RESCHEDULED for 8/31/2017 at 10:00 a.m. (Central/Hammond time) in US District Court – Hammond before Judge Philip P Simon. The previous hearing date of 8/4/2017 is VACATED from the Court calendar of Judge Philip P. Simon. (nac) (Entered: 07/13/2017) |
| 08/08/2017 | 194 | | *STRICKEN per 262 * DISCOVERY *Supplemental Case Specific Rule 26 Expert Report* by Anton Kaiser, Barbara Kaiser.(Plouff, Thomas) Modified on 11/14/2017 (lhc). (Entered: 08/08/2017) |
| 08/16/2017 | 195 | | NOTICE by Ethicon Inc, Johnson & Johnson *of CERTIFICATION OF COMPLIANCE WITH N.D. IND. L.R. 37−1* (Steinmetz PHV, Jennifer) (Entered: 08/16/2017) |
| 08/16/2017 | 196 | | MOTION Strike Supplemental Rule 26 Expert Report re 194 Discovery, 195 Notice (Other) *Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D.* by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Larimore, Mary) (Entered: 08/16/2017) |

| 08/16/2017 | 197 | | BRIEF in Support of 196 MOTION Strike Supplemental Rule 26 Expert Report re 194 Discovery, 195 Notice (Other) *Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D.* filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 08/16/2017) |
|---|---|---|---|
| 08/17/2017 | 198 | | Application for Attorney Edward A. Wallace to Appear Pro Hac Vice on behalf of Barbara and Anton Kaiser. Pro Hac Vice fee of $ 96 has been received, receipt number 0755−3331813(Pro Hac Vice Temporary login, ) (Entered: 08/17/2017) |
| 08/25/2017 | 199 | | ORDER granting 198 Application to Appear Pro Hac Vice of Attorney Edward A Wallace PHV for Anton Kaiser and Barbara Kaiser. Signed by Magistrate Judge John E Martin on 8/25/17. (ksc) (Entered: 08/28/2017) |
| 08/29/2017 | 200 | | Application for Attorney Timothy E. Jackson to Appear Pro Hac Vice on behalf of Barbara and Anton Kaiser. Pro Hac Vice fee of $ 96 has been received, receipt number 0755−3342984(Pro Hac Vice Temporary login, ) (Entered: 08/29/2017) |
| 08/30/2017 | 201 | | RESPONSE to Motion re 196 MOTION Strike Supplemental Rule 26 Expert Report re 194 Discovery, 195 Notice (Other) *Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D. Plaintiff's Response to Defendants' Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D.* filed by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Supplement Notice of Filing, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5)(Plouff, Thomas) (Entered: 08/30/2017) |
| 08/31/2017 | 202 | | ORDER granting 200 Application to Appear Pro Hac Vice of Attorney Timothy E Jackson PHV for Anton Kaiser, Barbara Kaiser. Signed by Magistrate Judge John E Martin on 8/31/17. (ksc) (Entered: 08/31/2017) |
| 08/31/2017 | 203 | | HEARING ("Science Day" Educational Hearing) held on 8/31/2017 before Judge Philip P Simon. Plf rep by attorneys Thomas O. Plouff and Timothy Jackson. Defense present by attorneys William M. Gage, Mary Nold Larimore and Jennifer L. Steinmetz. Preliminary comments by counsel. Educational material presented to the Court by plf and by dft. Discussion on the scheduling of a Settlement Conference. Further discussion on case matters including Motions in Limine. Court sets a deadline for the parties to file their Joint Submission − 9/19/2017. The attorneys will be contacted by the Case Manager as to the scheduling of a Settlement Conference before Judge Philip P. Simon. (Court Reporter Stacy Drohosky.) (nac) (Entered: 08/31/2017) |
| 09/06/2017 | 204 | | NOTICE of Appearance by Edward A Wallace PHV on behalf of Anton Kaiser, Barbara Kaiser (Wallace PHV, Edward) (Entered: 09/06/2017) |
| 09/06/2017 | 205 | | NOTICE of Appearance by Timothy E Jackson PHV on behalf of Anton Kaiser, Barbara Kaiser (Jackson PHV, Timothy) (Entered: 09/06/2017) |
| 09/06/2017 | 206 | | REPLY to Response to Motion re 196 MOTION Strike Supplemental Rule 26 Expert Report re 194 Discovery, 195 Notice (Other) *Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D.* filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A – MDL Pretrial Order No. 205)(Riddle, Nancy) (Entered: 09/06/2017) |

| 09/13/2017 | 207 | | Joint MOTION for Extension of Time to File *Joint Submission* by Defendants Ethicon Inc, Johnson & Johnson. (Riddle, Nancy) (Entered: 09/13/2017) |
|---|---|---|---|
| 09/14/2017 | 208 | | ORDER granting 207 Motion for Extension of Time to File Joint Submission. The deadline for the parties to file their Joint Submission is September 28, 2017. Approved by Judge Philip P Simon on 9/14/17. Text entry only, no PDF. (acs) (Entered: 09/14/2017) |
| 09/14/2017 | 209 | | NOTICE of Hearing: Settlement Conference set for 11/6/2017 10:00 AM (Central/Hammond) in US District Court – Hammond before Judge Philip P Simon. (nac) (Entered: 09/14/2017) |
| 09/15/2017 | 210 | | NOTICE of Hearing: Settlement Conference RESET for 11/9/2017 10:30 AM (Central/Hammond) in US District Court – Hammond before Judge Philip P Simon. The previous date of 11/6/2017 is VACATED from the Court calendar of Judge Philip P. Simon. (nac) (Entered: 09/15/2017) |
| 09/20/2017 | | | REMARK: Court received electronic copies of the jointly designated non–PTO documents listed in DE 158 . Documents will be individually filed on this docket per chambers. (tlr) (Entered: 09/20/2017) |
| 09/20/2017 | 211 | | FIRST AMENDED MASTER LONG FORM COMPLAINT AND JURY DEMAND filed by Plaintiffs. (Document 238 from the Joint Designation DE 158 ).(tlr) (Entered: 09/20/2017) |
| 09/20/2017 | 212 | | MASTER ANSWER AND JURY DEMAND of Defendant Ethicon, Inc. to 211 First Amended Master Complaint. Filed by Ethicon Inc. (Document 239 from the Joint Designation DE 158 ).(tlr) (Entered: 09/20/2017) |
| 09/20/2017 | 213 | | MASTER ANSWER AND JURY DEMAND of Defendant Ethicon LLC to 211 First Amended Master Complaint. (Document 240 from the Joint Designation DE 158 ). (tlr) (Entered: 09/20/2017) |
| 09/20/2017 | 214 | | MASTER ANSWER AND JURY DEMAND of Defendant Johnson & Johnson to 211 First Amended Master Complaint (Document 241 from the Joint Designation DE 158 ). (tlr) (Entered: 09/21/2017) |
| 09/20/2017 | 215 | | MOTION to Limit the Testimony of Prof. Dr. Med. Uwe Klinge filed by Defendants Ethicon, Inc. and Johnson & Johnson (Attachments: # 1 Exhibit A, # 2 Exhibit B – Part 1, # 3 Exhibit B – Part 2, # 4 Exhibit B – Part 3, # 5 Exhibit B – Part 4, # 6 Exhibit B – Part 5, # 7 Exhibit B – Part 6, # 8 Exhibit B – Part 7, # 9 Exhibit B – Part 8, # 10 Exhibit C – Part 1, # 11 Exhibit C – Part 2, # 12 Exhibit C – Part 3, # 13 Exhibit C – Part 4, # 14 Exhibit C – Part 5, # 15 Exhibit C – Part 6, # 16 Exhibit C – Part 7, # 17 Exhibit C – Part 8, # 18 Exhibit C – Part 9, # 19 Exhibit D, # 20 Exhibit E, # 21 Exhibit F, # 22 Exhibit G, # 23 Exhibit H) (Document 1978 from the Joint Designation DE 158 ).(tlr) (Entered: 09/21/2017) |
| 09/20/2017 | 216 | | MEMORANDUM in Support of 215 Motion to Limit Testimony of Prof. Dr. Med. Uwe Klinge. (Document 1982 from the Joint Designation DE 158 ). (tlr) (Entered: 09/21/2017) |
| 09/20/2017 | 217 | | MOTION to Exclude the Opinions and Testimony of Maria Abadi, M.D. (Attachments: # 1 Memorandum of Law in Support of Motion, # 2 Response to Motion, # 3 MEMORANDUM OPINION AND ORDER) The Court DENIES in part and RESERVES in part. (Documents 1992, 1993, 2156, and |

| | | | |
|---|---|---|---|
| | | | 2654 from the Joint Designation DE 158 ). (tlr). (Entered: 09/21/2017) |
| 09/20/2017 | 218 | | MOTION to Exclude or Limit the Opinions and Testimony of Dr. Salil Khandwala, M.D. (Attachments: # 1 Memorandum of Law in Support of Motion, # 2 Memorandum in Opposition, # 3 Reply in Support, # 4 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2003, 2004, 2175, 2240, and 2728 from the Joint Designation DE 158 ). (tlr) (Entered: 09/21/2017) |
| 09/20/2017 | 219 | | DAUBERT MOTION to Preclude or, in the Alternative, to Limit the Opinions and Testimony of Elizabeth Kavaler, M.D. (Attachments: # 1 Memorandum of Law in Support of Daubert Motion, # 4 Supplement Memorandum of Law in Support of Defendants' Opposition, # 5 Supplement Plaintiffs' Reply in Further Support of Daubert Motion, # 6 Supplement MEMORANDUM OPINION AND ORDER) The Motion to Preclude or Limit the Opinions and Testimony is GRANTED in part, DENIED in part, and RESERVED in part. (Documents 2005, 2007, 2165, 2237, and 2704 from the Joint Designation DE 158 ). (tlr). (Entered: 09/22/2017) |
| 09/20/2017 | 220 | | Plaintiff's MOTION to Exclude the Opinions and Testimony of Shelby Thames. (Attachments: # 1 Memorandum in Support of Motion to Exclude, # 2 Response in Opposition, # 3 Reply in Support of Plaintiffs' Motion, # 4 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2039, 2042, 2187, 2247, and 2723 from the Joint Designation DE 158 ).(tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 221 | | Defendants' MOTION to Exclude Certain General Opinions of Bruce Rosenzweig, M.D. (Attachments: # 1 Supplement Memorandum in Support of Motion to Exclude) (Documents 2047 and 2049 from the Joint Designation DE 158 ).(tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 222 | | Plaintiffs' Daubert MOTION to Exclude the Opinions of FDA Expert Timothy Ulatowski (Attachments: # 1 Memorandum in Support of Daubert Motion, # 2 Response in Opposition, # 3 Plaintiff's Reply Brief in Support, # 4 MEMORANDUM OPINION AND ORDER)The Court GRANTS in part, DENIES in part, and RESERVES in part. (Documents 2060, 2065, 2134, 2232 and 2649 from the Joint Designation DE 158 ).(tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 223 | | MOTION to Exclude the Opinions and Testimony of Dr. Vladimir Iakovlev (Attachments: # 1 Memorandum of Law in Support of Motion to Exclude) (Documents 2066 and 2070 from the Joint Designation DE 158 ). (tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 224 | | Defendants' MOTION to Exclude Peggy Pence, PH.D. (Attachments: # 1 Memorandum in Support of Motion to Exclude, # 2 Supplement Plaintiffs' Memorandum in Opposition, # 3 Supplement Defendants' Reply in Support, # 4 Supplement MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part.(Documents 2075, 2078, 2172, 2214, and 2664 from the Joint Designation DE 158 ).tlr. (Entered: 09/22/2017) |
| 09/20/2017 | 225 | | Defendants' MOTION to Exclude Certain General Opinions of Daniel Elliott, M.D. (Attachments: # 1 Memorandum in Support of Motion to Exclude, # 2 |

| | | |
|---|---|---|
| | | Memorandum in Opposition, # 3 Amended Memorandum in Opposition, # 4 Defendants Reply to Response, # 5 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2082, 2085, 2181, 2191, 2215, and 2666 from the Joint Designation DE 158 ). (tlr). (Entered: 09/22/2017) |
| 09/20/2017 | 226 | MEMORANDUM in Opposition to 221 Defendants' Motion to Exclude Certain General Opinions of Bruce Rosenzweig, M.D. (Attachments: # 1 REPLY in Further Support of Motion, # 2 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2163, 2241, and 2668 from the Joint Designation DE 158 ). (tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 227 | Plaintiffs' RESPONSE to 223 MOTION to Exclude the Opinions and Testimony of Dr. Vladimir Iakovlev. (Attachments: # 1 Response to Motion – part 2, # 2 Response to Motion – part 3, # 3 Response to Motion – part 4, # 4 Defendants Reply in Support of Motion, # 5 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2185, 2251, and 2710 from the Joint Designation DE 158 ). (tlr) (Entered: 09/22/2017) |
| 09/20/2017 | 228 | Plaintiffs' Response in Opposition to 215 Defendants' Motion to Limit the Testimony of Prof. Dr. Med. Uwe Klinge. (Attachments: # 1 Defendants' Reply in Support of Motion, # 2 MEMORANDUM OPINION AND ORDER) The Court DENIES in part, GRANTS in part, and RESERVES in part. (Documents 2188, 2200, and 2642 from the Joint Designation DE 158 )(tlr) (Entered: 09/22/2017) |
| 09/28/2017 | 229 | NOTICE by Ethicon Inc, Johnson & Johnson re 203 Hearing,, *Proposed Case Management Plan* (Attachments: # 1 Chart of Plaintiffs' MILs, # 2 Chart of Defendants' MILs)(Riddle, Nancy) (Entered: 09/28/2017) |
| 10/06/2017 | 230 | ORDER SETTING Telephonic Scheduling Conference. Counsel are ordered to check the docket to ensure that the first–listed phone number is for the correct attorney and is a direct number to counsel (not to a receptionist or secretary). If a different telephone number should be used to reach counsel directly, or if different or additional attorneys wish to be included in the telephone conference, counsel must contact Judge Simon's Case Manager (219–852–6724) no later than 24 hours prior to the time the conference is to occur. If any party does not comply with these requirements, that party will be required to appear for this and all future hearings for this matter IN PERSON. Telephone Conference set for 10/13/2017 11:00 AM (Hammond/Central Time) in US District Court – Hammond before Judge Philip P Simon. Signed by Judge Philip P Simon on 10/6/2017. (lhc) (Entered: 10/06/2017) |
| 10/09/2017 | 231 | MOTION Defendants Motion to Substitute Settlement Counsel for Client Representative at Settlement Conference re 210 Notice of Hearing/Deadlines by Defendants Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 10/09/2017) |
| 10/09/2017 | 232 | NOTICE by Ethicon Inc, Johnson & Johnson *Stipulation Regarding Motions in Limine* (Larimore, Mary) (Entered: 10/09/2017) |
| 10/09/2017 | 233 | MOTION Omnibus Motion in Limine by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| | | | |
|---|---|---|---|
| | | | Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA)(Larimore, Mary) (Entered: 10/09/2017) |
| 10/09/2017 | 234 | | MEMORANDUM in Support of 233 MOTION Omnibus Motion in Limine filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 10/09/2017) |
| 10/09/2017 | 235 | | MOTION in Limine *Nos. 1–9* by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit Index of Exhibits, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10, # 12 Exhibit Exhibit 11, # 13 Exhibit Exhibit 12)(Wallace PHV, Edward) (Entered: 10/09/2017) |
| 10/09/2017 | 236 | | MEMORANDUM in Support of 235 MOTION in Limine *Nos. 1–9* filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 10/09/2017) |
| 10/09/2017 | 237 | | MOTION for Hearing *Defendants' Motion for Oral Argument on All Pending Motions in Limine, Including Defendants' Omnibus Motion in Limine* by Defendants Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 10/09/2017) |
| 10/13/2017 | 238 | | TELEPHONE CONFERENCE held on 10/13/2017 before Judge Philip P. Simon. Attorneys on the telephone conference: Jeffrey M. Kuntz, Thomas O. Plouff, Jennifer L. Steinmetz, Mary Nold Larimore, Nancy Riddle, David B. Thomas and William M. Gage. Court GRANTS 231 : Defendants Motion to Substitute Settlement Counsel for Client Representative at Settlement Conference re 210 Notice of Hearing/Deadlines filed by Johnson & Johnson, Ethicon Inc. Discussion on case. Case management plan discussed with court order to follow in approximately one week. Court reminds the parties to submit confidential settlement documentation within 3 days prior to the Settlement Conference now scheduled for 11/9/2017 at 10:30 a.m. This document shall be submitted to the Chambers email box and contain historical information as to past cases, either those that have gone to trial and/or those settled whose settlements are not confidential. Jury selection procedures briefly discussed. (Court Reporter Stacy Drohosky.) (nac) (Entered: 10/13/2017) |
| 10/17/2017 | 239 | | ORDER CONTROLLING THE CASE: Motions in limine and for pretrial evidentiary ruling due by 11/1/2017; responses due 11/15/2017; replies due 11/20/2017. In–person argument on motions 11/28/2017 at 10am Central Time. Daubert motions due 11/1/2017; responses due 11/15/2017; replies due 11/20/2017. Parties to disclose deposition testimony 12/29/2017; counter–designation by 1/12/2018; objections by 1/19/2018. Parties to file trial briefs by 1/29/2018. Final Pretrial/Settlement Conference on 2/2/2018 at 10am Central Time. Jury instructions due 1/5/2018. Parties to meet and confer no later than 1/19/2018, counsel to file items as outlined in the order. Parties exchange exhibits by 1/26/2018. Signed by Judge Philip P Simon on 10/17/2017. (jss) (Entered: 10/18/2017) |

| 10/27/2017 | 240 | | MOTION Joint Motion for Approval of Consent Order and Stipulation by Agreement to Defense Independent Medical Examination Pursuant to PTO 214 and Fed. R. Civ. P. 35 by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A)(Larimore, Mary) (Entered: 10/27/2017) |
| 11/01/2017 | 241 | | ORDER granting 240 Joint Motion for Approval of Consent Order and Stipulation. Signed by Judge Philip P Simon on 11/1/17. (Attachment: # 1 Copy of Consent Order and Stipulation). (nal) (Entered: 11/01/2017) |
| 11/01/2017 | 242 | | CONSENT ORDER AND STIPULATION. Signed by Judge Philip P Simon on 11/1/17. (nal) (Entered: 11/01/2017) |
| 11/01/2017 | 243 | | NOTICE by Ethicon Inc, Johnson & Johnson *of Independent Medical Examination* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Steinmetz PHV, Jennifer) (Entered: 11/01/2017) |
| 11/01/2017 | 244 | | MOTION in Limine *To Exclude FDA 510(K) Evidence And For Pretrial Ruling on Whether Jury Instruction on Compliance With Applicable Codes Will Be Given* by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit Index, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Wallace PHV, Edward) (Entered: 11/01/2017) |
| 11/01/2017 | 245 | | MEMORANDUM in Support of 244 MOTION in Limine *To Exclude FDA 510(K) Evidence And For Pretrial Ruling on Whether Jury Instruction on Compliance With Applicable Codes Will Be Given* filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 11/01/2017) |
| 11/01/2017 | 246 | | MOTION in Limine *to Bar Unrelated Medical Conditions and Irrelevant Matters* by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A)(Kuntz PHV, Jeffrey) (Entered: 11/01/2017) |
| 11/01/2017 | 247 | | NOTICE by Ethicon Inc, Johnson & Johnson *Certification of Compliance with Requirement for Good Faith Conference* (Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 248 | | MOTION Motion to Admit FDA Evidence by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 249 | | MOTION for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Peggy Pence, Ph.D. by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 250 | | MEMORANDUM in Support of 249 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Peggy Pence, Ph.D. filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 252 | | MEMORANDUM in Support of 257 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Daniel Elliott, M.D. filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) Modified to create link to motion on 11/2/2017 (kjp). (Entered: 11/01/2017) |
| 11/01/2017 | 253 | | MOTION Defendants Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Prof. Dr. Med. Uwe Klinge by |

| | | | |
|---|---|---|---|
| | | | Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 254 | | MEMORANDUM in Support of 253 MOTION Defendants Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Prof. Dr. Med. Uwe Klinge filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 256 | | BRIEF in Support of 258 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Vladimir Iakovlev, M.D. filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) Modified on 11/2/2017 to link to corrected motion (kjp). (Entered: 11/01/2017) |
| 11/02/2017 | 257 | | MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Daniel Elliott, M.D. by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Larimore, Mary) Modified on 12/1/2017 to reflect as still pending(jss). (Entered: 11/02/2017) |
| 11/02/2017 | 258 | | MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Vladimir Iakovlev, M.D. by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Larimore, Mary) (Entered: 11/02/2017) |
| 11/09/2017 | 259 | | SETTLEMENT CONFERENCE held on 11/9/2017 before Judge Philip P. Simon. Parties and attorneys present: plaintiffs Barbara Kaiser and Anton Kaiser. Attorneys: Thomas P. Cartmell, Thomas O. Plouff, Mary Nold Larimore, David B. Thomas and William M. Gage. Parties negotiate in good faith, settlement is not attained. (Court Reporter none.) (nac) (Entered: 11/09/2017) |
| 11/13/2017 | 260 | | NOTICE of Hearing: FINAL PRETRIAL CONFERENCE RESET for 1/29/2018 10:30 AM (Central/Hammond) in US District Court – Hammond before Judge Philip P Simon. The previous setting of 2/2/2018 is VACATED from the Court calendar of Judge Philip P. Simon.(nac) (Entered: 11/13/2017) |
| 11/13/2017 | 261 | | ORDER: The Parties are ORDERED to appear in–person for oral argument before Judge Simon in Hammond on 11/28/2017 at 10:00 am Hammond/Central Time. Signed by Judge Philip P Simon on 11/13/2017. (jss) (Entered: 11/13/2017) |
| 11/13/2017 | 262 | | OPINION AND ORDER: GRANTING 196 MOTION Strike Supplemental Rule 26 Expert Report re 194 Discovery, 195 Notice (Other) Motion to Strike Supplemental Case Specific Rule 26 Expert Report of Bruce Rosenzweig, M.D. by Defendants Ethicon Inc, Johnson & Johnson and Dr. Rosenzweig's Supplemental Expert Report, 194 , is STRICKEN. Signed by Judge Philip P Simon on 11/13/2017. (lhc) Modified on 11/14/2017, per chambers to correct stricken docket entry from 94 to 194 (lhc). (Entered: 11/14/2017) |
| 11/15/2017 | 263 | | RESPONSE to Motion re 248 MOTION Motion to Admit FDA Evidence filed by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Wallace PHV, Edward) (Entered: 11/15/2017) |

| 11/15/2017 | 264 | | RESPONSE to Motion re 253 MOTION Defendants Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Prof. Dr. Med. Uwe Klinge , 257 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Daniel Elliott, M.D. , 258 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Vladimir Iakovlev, M.D. , 249 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Peggy Pence, Ph.D. filed by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D – Part 1, # 5 Exhibit D – Part 2, # 6 Exhibit D – Part 3, # 7 Exhibit D – Part 4)(Wallace PHV, Edward) (Entered: 11/15/2017) |
| 11/15/2017 | 265 | | RESPONSE to Motion re 233 MOTION Omnibus Motion in Limine filed by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Wallace PHV, Edward) (Entered: 11/15/2017) |
| 11/15/2017 | 266 | | RESPONSE to Motion re 235 MOTION in Limine *Nos. 1–9* filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Steinmetz PHV, Jennifer) (Entered: 11/15/2017) |
| 11/15/2017 | 267 | | RESPONSE to Motion re 244 MOTION in Limine *To Exclude FDA 510(K) Evidence And For Pretrial Ruling on Whether Jury Instruction on Compliance With Applicable Codes Will Be Given* filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Steinmetz PHV, Jennifer) (Entered: 11/15/2017) |
| 11/15/2017 | 268 | | RESPONSE to Motion re 246 MOTION in Limine *to Bar Unrelated Medical Conditions and Irrelevant Matters* filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Steinmetz PHV, Jennifer) (Entered: 11/15/2017) |
| 11/20/2017 | 269 | | REPLY to Response to Motion re 244 MOTION in Limine *To Exclude FDA 510(K) Evidence And For Pretrial Ruling on Whether Jury Instruction on Compliance With Applicable Codes Will Be Given* filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 11/20/2017) |
| 11/20/2017 | 270 | | REPLY to Response to Motion re 235 MOTION in Limine *Nos. 1–9* filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 11/20/2017) |
| 11/20/2017 | 271 | | REPLY to Response to Motion re 246 MOTION in Limine *to Bar Unrelated Medical Conditions and Irrelevant Matters* filed by Anton Kaiser, Barbara Kaiser. (Kuntz PHV, Jeffrey) (Entered: 11/20/2017) |
| 11/20/2017 | 272 | | REPLY to Response to Motion re 233 MOTION Omnibus Motion in Limine filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Steinmetz PHV, Jennifer) (Entered: 11/20/2017) |
| 11/20/2017 | 273 | | REPLY to Response to Motion re 248 MOTION Motion to Admit FDA Evidence filed by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 11/20/2017) |

| 11/28/2017 | 275 | | MOTION HEARING held on 11/28/2017 before Judge Philip P. Simon. Present: Attorneys Jeffrey M. Kuntz, Thomas O. Plouff and Timothy E. Jackson for the plfs. For the defendants: Attorneys Jennifer L. Steinmetz and Mary Nold Larimore are in attendance. Plf's Omnibus Motion in Limine discussed 235 and the following rulings were made: No 1: Ruling deferred. Dft's ordered to provide to plfs at the Final Pretrial Conference/Settlement Conference the randomized controlled trials they intend to use at the trial. No 2: Conditionally granted in part, ruling deferred in part. No 3: Denied as moot. No 4: Ruling deferred. No 5: Ruling deferred. No 6: Ruling deferred. No 7: Conditionally denied. No 8: Conditionally denied. No 9: Conditionally denied. Plf's motion in Limine to Exclude FDA 510(k) Evidence, 244 and Dft's Motion to Admit FDA Evidence, 248 discussed. Plf offers Hearing Exhibit #1 and it is admitted by the Court. Dft's motion 248 , is Denied. A written opinion will follow. Plf's Motion in Limine to Bar Unrelated Medical Conditions and Irrelevant Matters discussed, 246 and is Conditionally denied. Dft's Omnibus Motion in Limine discussed 233 and the following rulings were made: No 3: Conditionally denied. No 4: Conditionally granted. No 7: Conditionally granted. No 11: Ruling deferred. Plf's ordered to file a motion to admit this evidence and attach as exhibits the documents they intend to use at trial. The motion is due 12/12/2017. The response is due 1/3/2018. The reply is due 1/10/2018. No 12: Conditionally granted. No 13: Ruling deferred. No 14: Ruling deferred. Plf's ordered to transmit to the Court a copy of the video they intend to use at trial. No 15; Ruling deferred. Plf's ordered to file a motion to admit this evidence and attach as exhibits the documents they intend to use at trial. The motion is due 12/12/2017. The response is due 1/3/2018 The reply is due 1/10/2018. Dft's Motions for Final Ruling on Outstanding Daubert Issues discussed: 249 , 253 , {257}, {258}. An order and written opinion will follow. (Court Reporter Stacy Drohosky.) (nac) (Entered: 12/01/2017) |
| 11/28/2017 | 277 | | Exhibit List from Hearing of 11/28/2017. (nac) (Entered: 12/06/2017) |
| 11/30/2017 | 274 | | ORDER: Ethicon's 249 Motion for Final Ruling as to Peggy Pence, Ph.D. is DENIED AS MOOT. Ethicon's 253 Motion for Final Ruling as to Prof. Dr. Med. Uwe Klinge is DENIED AS MOOT. Ethicon's 258 Motion for Final Ruling as to Vladimir Iakovlev, M.D. is CONDITIONALLY GRANTED. The Parties are ORDERED to file opening briefs no later than 12/12/2017, and responses no later than 1/3/2018. No replies to be filed. Ethicon's 257 Motion for Final Ruling as to Daniel Elliott, M.D. is DENIED AS MOOT as to the issues set forth in the Order. Once the design defect issue is briefed and ripe, I will issue a written opinion on my ruling as to 258 and the remaining issues on 257 . Signed by Judge Philip P Simon on 11/30/2017. (jss) Modified on 12/1/2017 to edit docket text(jss). (Entered: 11/30/2017) |
| 12/04/2017 | 276 | | TRANSCRIPT of Motion Hearing held on 11/28/2017, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the** |

| | | | |
|---|---|---|---|
| | | | **Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 12/12/2017. Redaction Request due 12/26/2017. Redacted Transcript Deadline set for 1/4/2018. Release of Transcript Restriction set for 3/5/2018. (sld) (Entered: 12/04/2017) |
| 12/12/2017 | 278 | | Proposed Conclusions of Law filed by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Wallace PHV, Edward) (Entered: 12/12/2017) |
| 12/12/2017 | 279 | | MEMORANDUM OF LAW *and Motion to Admit Evidence or Argument Regarding Post–Sale Company Documents Authored By Meng Chen* by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Errata I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O)(Kuntz PHV, Jeffrey) (Entered: 12/12/2017) |
| 12/12/2017 | 280 | | MEMORANDUM in Support of 257 MOTION Motion for Final Ruling on Outstanding Daubert Issues as Presented and Preserved in MDL 2327: Daniel Elliott, M.D. *(Supplemental)* filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Larimore, Mary) (Entered: 12/12/2017) |
| 12/12/2017 | 281 | | MEMORANDUM OF LAW *and Motion to Admit Evidence Relating to MDR's and Adverse Event Reports* by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Kuntz PHV, Jeffrey) (Entered: 12/12/2017) |
| 12/18/2017 | 282 | | MOTION to Withdraw as Attorney *[Motion to Withdraw Appearance of Attorney Nancy Menard Riddle]*, MOTION to Withdraw by Defendants Ethicon Inc, Johnson & Johnson. (Riddle, Nancy) (Entered: 12/18/2017) |
| 12/19/2017 | 283 | | Application for Attorney Daniel R. Higginbotham to Appear Pro Hac Vice on behalf of Defs Ethicon, Inc. and Johnson & Johnson. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3438873(Pro Hac Vice Temporary login, ) (Entered: 12/19/2017) |
| 12/20/2017 | 284 | | ORDER granting 283 Application to Appear Pro Hac Vice of Attorney Daniel R Higginbotham PHV for Ethicon Inc and Johnson & Johnson. Signed by Magistrate Judge John E Martin on 12/20/17. (mtr) (Entered: 12/20/2017) |
| 12/20/2017 | 285 | | ORDER granting 282 Motion to Withdraw as Attorney. Attorney Nancy Menard Riddle WITHDRAWN. Text entry order. By Magistrate Judge John E Martin on 12/20/2017. (smb) (Entered: 12/20/2017) |

| 01/03/2018 | 286 | | RESPONSE by Anton Kaiser, Barbara Kaiser to 280 Memorandum in Support, *of Motion for Final Ruling on Daubert Issues Regarding Daniel Elliott, M.D.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Wallace PHV, Edward) (Entered: 01/03/2018) |
|---|---|---|---|
| 01/03/2018 | 287 | | MEMORANDUM OF LAW re 278 Proposed Conclusions of Law *Defendants' Response to Plaintiffs' Memorandum of Law Regarding Whether Indiana Law Requires Proof of a Safer Alternative Design* by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit Deposition Transcript of Daniel Steven Elliott, M.D., # 2 Exhibit Plaintiff Hammons' November 25, 2015 Motion in Limine)(Steinmetz PHV, Jennifer) (Entered: 01/03/2018) |
| 01/03/2018 | 288 | | MEMORANDUM OF LAW re 279 Memorandum of Law (Other), *Defendants' Response to Plaintiffs' Motion to Admit Evidence or Argument Regarding Post–Sale Company Documents Authored by Meng Chen* by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 01/03/2018) |
| 01/03/2018 | 289 | | MEMORANDUM OF LAW re 281 Memorandum of Law (Other), *Defendants' Response to Plaintiffs' Memorandum in Response to Plaintiffs' Motion to Admit Evidence Relating to MDRs and Adverse Event Reports* by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 01/03/2018) |
| 01/05/2018 | 290 | | NOTICE to Take Deposition of Dr. Salil Khandwala by Anton Kaiser, Barbara Kaiser.(Kuntz PHV, Jeffrey) (Entered: 01/05/2018) |
| 01/08/2018 | 291 | | Application for Attorney Kathleen A. Gallagher to Appear Pro Hac Vice on behalf of Johnson & Johnson and Ethicon, Inc.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3452558(Pro Hac Vice Temporary login, ) (Entered: 01/08/2018) |
| 01/10/2018 | 292 | | *STRICKEN per 296 * MOTION to Withdraw as Attorney *of Record* by Defendants Ethicon Inc, Johnson & Johnson. (Gage PHV, William) Modified on 1/12/2018 (jss). (Entered: 01/10/2018) |
| 01/10/2018 | 293 | | NOTICE by Ethicon Inc, Johnson & Johnson *of Video Deposition of Anton Kaiser* (Steinmetz PHV, Jennifer) (Entered: 01/10/2018) |
| 01/10/2018 | 294 | | ORDER granting 291 Application to Appear Pro Hac Vice of Attorney Kathleen A Gallagher PHV for Ethicon Inc and Johnson & Johnson. Signed by Magistrate Judge John E Martin on 1/10/2018. (mtr) (Entered: 01/10/2018) |
| 01/10/2018 | 295 | | MOTION to Withdraw as Attorney *of Record* by Defendants Ethicon Inc, Johnson & Johnson. (Gage PHV, William) (Entered: 01/10/2018) |
| 01/11/2018 | 296 | | ORDER striking 292 Motion to Withdraw as Attorney as the motion is not signed; granting 295 Motion to Withdraw as Attorney. Attorney William M Gage PHV WITHDRAWN. Text entry order. By Magistrate Judge John E Martin on 1/11/2018. (smb) (Entered: 01/11/2018) |
| 01/11/2018 | 297 | | NOTICE: Because the discovery period in this case has now concluded and there are no pending non–dispositive motions, the referral to Magistrate Judge John E Martin is now terminated. All further matters will now be handled by Judge Philip P Simon unless otherwise directed. This entry constitutes the |

| | | | |
|---|---|---|---|
| | | | court's order on this matter and shall carry the same weight and authority as a written order signed by the judge. (smb) (Entered: 01/11/2018) |
| 01/11/2018 | 298 | | RESPONSE and OBJECTIONS by Anton Kaiser, Barbara Kaiser to 293 Notice (Other) *of Video Deposition of Anton Kaiser*. (Wallace PHV, Edward) (Entered: 01/11/2018) |
| 01/12/2018 | 299 | | ORDER: It is ORDERED that the deposition of Anton Kaiser, noticed for Monday, January 15 at 10:00am Central Time, shall not occur pending my ruling on the objections raised by Plaintiffs. The Court SETS a Telephonic Scheduling Conference. Counsel are ordered to check the docket to ensure that the first–listed phone number is for the correct attorney and is a direct number to counsel (not to a receptionist or secretary). If a different telephone number should be used to reach counsel directly, or if different or additional attorneys wish to be included in the telephone conference, counsel must contact Judge Simon's Case Manager (219–852–6724) no later than 24 hours prior to the time the conference is to occur. If any party does not comply with these requirements, that party will be required to appear for this and all future hearings for this matter IN PERSON. Telephone Conference set for 1/16/2018 10:00 AM (Hammond/Central Time)in US District Court – Hammond before Judge Philip P Simon. Signed by Judge Philip P Simon on 1/12/2018. (lhc) (Entered: 01/12/2018) |
| 01/12/2018 | 300 | | NOTICE by Anton Kaiser, Barbara Kaiser re 298 Response/Reply *to Notice of Deposition of Anton Kaiser: Withdrawal of Plaintiffs' Response and Objections* (Wallace PHV, Edward) (Entered: 01/12/2018) |
| 01/16/2018 | 301 | | ORDER: Given that the Plaintiffs voluntarily withdrew their Response and Objections to the deposition of Anton Kaiser, 300 and the Parties have proceeded with the deposition, the hearing scheduled for 1/16/2018 at 10:00am Hammond/Central Time is hereby VACATED. Signed by Judge Philip P Simon on 1/16/2018. (jss) (Entered: 01/16/2018) |
| 01/17/2018 | 302 | | ORDER: The Parties are relieved of their obligation pursuant to the Order Controlling the Case to file copies of the deposition transcripts from which they are designating testimony to be used at trial. The Parties are instead ORDERED to email Judge Simon's Chambers an electronic copy of the transcripts and provide one hard copy of the transcripts highlighted to indicate the designations of the Parties. Signed by Judge Philip P Simon on 1/17/2018. (lhc) (Entered: 01/18/2018) |
| 01/17/2018 | 303 | | ORDER: Over the past several months, the Parties have repeatedly contacted Chambers via email and telephone to make a variety of inquiries, including requests to be relieved of Court ordered deadlines and requests for interpretation and/or explanation of the Court's orders. These communications are inappropriate and must stop immediately. To the extent that the Parties seek relief from or clarification of any aspect of an order of this Court, they are to do so on the record by filing a motion or a notice. Signed by Judge Philip P Simon on 1/17/2018. (lhc) (Entered: 01/18/2018) |
| 01/18/2018 | 304 | | Joint MOTION for Extension of Time to File *JOINT MOTION FOR EXTENSION OF DEADLINE FOR PROVIDING THE COURT WITH ELECTRONIC AND HARD COPIES OF TRANSCRIPTS* by Defendants Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/18/2018) |
| 01/19/2018 | 305 | | Joint MOTION For Clarification on Agenda For January 29 Pre–Trial Hearing and Other Pre–Trial Matters by Defendants Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 01/19/2018) |
| 01/19/2018 | 306 | | ORDER GRANTING 304 Motion for Extension of Time to File Transcripts.The Parties must provide to the Court hard and electronic copies of the color–coded transcripts no later than the morning of Tuesday, January 23, 2018. The Parties also must file on the docket the required chart by that date. Signed by Judge Philip P Simon on 1/19/18. (mlc) (Entered: 01/19/2018) |
| 01/19/2018 | 307 | | Proposed Jury Instructions by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 01/19/2018) |
| 01/19/2018 | 308 | | ORDER regarding 305 Motion for Clarification on Agenda for January 29 Pre–Trial Hearing and Other Pre–Trial Matters. See order for the court's response to the Motion for Clarification. Signed by Judge Philip P Simon on 1/19/18. (mlc) (Entered: 01/19/2018) |
| 01/19/2018 | 309 | | NOTICE by Anton Kaiser, Barbara Kaiser *of Filing of Objections to Defendant's Designations* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19)(Kuntz PHV, Jeffrey) (Entered: 01/19/2018) |
| 01/19/2018 | 310 | | OBJECTION by Ethicon Inc, Johnson & Johnson *to Plaintiffs' Deposition Designations and Counter–Designations*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Steinmetz PHV, Jennifer) (Entered: 01/19/2018) |
| 01/19/2018 | 311 | | Proposed Jury Instructions by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A)(Wallace PHV, Edward) (Entered: 01/19/2018) |
| 01/22/2018 | 312 | | MOTION Motion for Procedure Regarding Deposition Designations and For Ruling that Defendants' Counter–Designations of a Witness May Not Be Played During Plaintiffs' Case–In–Chief Except as Needed for Completeness by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Wallace PHV, Edward) (Entered: 01/22/2018) |
| 01/22/2018 | 313 | | Proposed Pretrial Order *Joint* by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Steinmetz PHV, Jennifer) (Entered: 01/22/2018) |
| 01/22/2018 | 314 | | OBJECTION by Anton Kaiser, Barbara Kaiser to 307 Proposed Jury Instructions *Plaintiffs' Objections to Defendants' Proposed Jury Instructions and Verdict Form*. (Wallace PHV, Edward) (Entered: 01/22/2018) |
| 01/23/2018 | 315 | | Application for Attorney Amy M. Pepke to Appear Pro Hac Vice on behalf of Johnson & Johnson and Ethicon, Inc.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3465713 (Attachments: # 1 Exhibit Certificate of Good Standing – US Supreme Court, # 2 Exhibit Certificate of Good |

| | | | |
|---|---|---|---|
| | | | Standing – State of Tennessee)(Pro Hac Vice Temporary login, ) (Entered: 01/23/2018) |
| 01/25/2018 | 316 | | Application for Attorney Philip J. Combs to Appear Pro Hac Vice on behalf of Ethicon, Inc. and Johnson & Johnson. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3468476(Pro Hac Vice Temporary login, ) (Entered: 01/25/2018) |
| 01/25/2018 | 317 | | MOTION Motion Regarding Jury Questionnaire by Defendants Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 01/25/2018) |
| 01/25/2018 | 318 | | Application for Attorney Andrew N. Faes to Appear Pro Hac Vice on behalf of Barbara Kaiser, et al.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3468749(Pro Hac Vice Temporary login, ) (Entered: 01/25/2018) |
| 01/26/2018 | 319 | | RESPONSE to Motion re 312 MOTION Motion for Procedure Regarding Deposition Designations and For Ruling that Defendants' Counter–Designations of a Witness May Not Be Played During Plaintiffs' Case–In–Chief Except as Needed for Completeness filed by Ethicon Inc, Johnson & Johnson. (Larimore, Mary) (Entered: 01/26/2018) |
| 01/26/2018 | 320 | | ORDER granting 315 Application to Appear Pro Hac Vice of Attorney Amy M Pepke PHV for Ethicon Inc and Johnson & Johnson. Signed by Judge Philip P Simon on 1/26/2018. (mtr) (Entered: 01/26/2018) |
| 01/26/2018 | 321 | | ORDER granting 316 Application to Appear Pro Hac Vice of Attorney Philip J Combs PHV for Ethicon Inc and Johnson & Johnson. Signed by Judge Philip P Simon on 1/26/2018. (mtr) (Entered: 01/26/2018) |
| 01/26/2018 | 322 | | ORDER granting 318 Application to Appear Pro Hac Vice of Attorney Andrew N Faes PHV for Anton Kaiser and Barbara Kaiser. Signed by Judge Philip P Simon on 1/26/2018. (mtr) (Entered: 01/26/2018) |
| 01/28/2018 | 323 | | TRIAL BRIEF by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Wallace PHV, Edward) (Entered: 01/28/2018) |
| 01/28/2018 | 324 | | TRIAL BRIEF by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Larimore, Mary) (Entered: 01/28/2018) |
| 01/29/2018 | 325 | | NOTICE of Hearing: JURY TRIAL – Jury Trial set for 2/26/2018 08:30 AM in US District Court – Hammond before Judge Philip P Simon. (nac) (Entered: 01/29/2018) |
| 01/29/2018 | 330 | | FINAL PRETRIAL CONFERENCE held 1/29/2018 before Judge Philip P Simon. Attorneys present: Andrew Faes, Edward Wallace, Jeffrey Kuntz, Thomas Plouff and Timothy Jackson for plf. For defense: Daniel Higginbotham, Jennifer Steinmetz, Jordan Walker, Kathleen Gallagher and Mary Nold Larimore. Pretrial order to be entered. Court ORDERS parties to submit "real" exhibit list two weeks prior to trial. Deposition designations to be revised – deadline 2/5/18 by 5:00 p.m. Parties to meet and confer by 2/7/18. File revised objections by 2/12/18. Discussion on jury trial procedures – a nine |

| | | | |
|---|---|---|---|
| | | | person jury will be seated. The parties may examine the jury questionnaires the Friday before trial (12:00 noon, Central time). Voir Dire questions deadline – two weeks prior to trial. Court sets timeline for jury trial – each side to get 5 days for their case, for a total trial time of 10 days. Motion for Exclusion of Witnesses discussed. A hearing will be held on 2/16/2018 – the Court will advise the parties if this hearing will be in person or telephonic, one attorney spokesperson for each side. Various Motions in Limine discussed (Chen, MDR). Discussion on expert Elliot. Outstanding daubert issues ruling to be issued shortly. Discussion on expert compensation. Parties indicate they are not asking for bifurcation in this case. (Court Reporter Stacy Drohosky.) (nac) (Entered: 02/07/2018) |
| 01/30/2018 | 326 | | Application for Attorney Tania E. Yusaf to Appear Pro Hac Vice on behalf of Plaintiffs Barbara and Anton Kaiser. Pro Hac Vice fee of $ 96 has been received, receipt number 0755–3472041(Pro Hac Vice Temporary login, ) (Entered: 01/30/2018) |
| 01/31/2018 | 327 | | ORDER granting 326 Application to Appear Pro Hac Vice of Attorney Tania E Yusaf PHV for Anton Kaiser and Barbara Kaiser. Signed by Judge Philip P Simon on 1/31/2018. (mtr) (Entered: 01/31/2018) |
| 02/05/2018 | 328 | | MOTION to Supplement – *Plaintiffs' Supplemental Motion and Memorandum of Law to Admit Evidence Relating to MDR's and Adverse Event Records* – by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W)(Faes PHV, Andrew) (Entered: 02/05/2018) |
| 02/07/2018 | 329 | | OPINION AND ORDER: Ethicon's Motion for Final Ruling as to Daniel Elliott, M.D., 257 therefore, is GRANTED IN PART AND DENIED IN PART for the reasons stated in this Opinion and Order. Signed by Judge Philip P Simon on 2/7/2018. (jss) (Entered: 02/07/2018) |
| 02/11/2018 | 331 | | STATEMENT *Identifying the Case (Proposed)*. (Attachments: # 1 Exhibit A)(Wallace PHV, Edward) (Entered: 02/11/2018) |
| 02/12/2018 | 332 | | NOTICE by Anton Kaiser, Barbara Kaiser re 309 Notice (Other), – *Plaintiffs' Notice of Filing of Revised Objections to Defendants' Designations* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Faes PHV, Andrew) (Entered: 02/12/2018) |
| 02/12/2018 | 333 | | Proposed Voir Dire by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 334 | | STATEMENT *Identifying the Case (Proposed)*. (Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 335 | | Proposed Proposed Voir Dire by Anton Kaiser, Barbara Kaiser. (Plouff, Thomas) (Entered: 02/12/2018) |
| 02/12/2018 | 336 | | OBJECTION by Ethicon Inc, Johnson & Johnson *to Plaintiffs' Deposition Designations and Counter–Designations*. (Steinmetz PHV, Jennifer) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/12/2018) |
| 02/12/2018 | 337 | | DEFENDANTS RESPONSE TO PLAINTIFFS OBJECTIONS REGARDING THE TESTIMONY OF NON–RETAINED EXPERT TREATING PHYSICIAN DOUGLASS HALE, M.D. by Ethicon Inc, Johnson & Johnson . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 338 | | RESPONSE to Motion re 328 MOTION to Supplement – *Plaintiffs' Supplemental Motion and Memorandum of Law to Admit Evidence Relating to MDR's and Adverse Event Records* – filed by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit 1)(Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 339 | | Witness List/Exhibit List *Revised/Condensed Case Specific* by Ethicon Inc, Johnson & Johnson. (Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 340 | | *Revised/Condensed Master* Exhibit List by Ethicon Inc, Johnson & Johnson.. (Steinmetz PHV, Jennifer) (Entered: 02/12/2018) |
| 02/12/2018 | 341 | | Plaintiffs' Notice of Filing of Expect to Offer Exhibit List by Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A)(Faes PHV, Andrew) Modified on 2/13/2018 to correct docket text. (tlr). (Entered: 02/12/2018) |
| 02/13/2018 | 342 | | MOTION Deny Motion to Strike Defendants' response (Dkt. No. 337) re 337 Response/Reply, by Plaintiffs Anton Kaiser, Barbara Kaiser. (Faes PHV, Andrew) (Entered: 02/13/2018) |
| 02/14/2018 | 343 | | ORDER: The Court ORDERS the Parties to appear IN PERSON at the hearing scheduled for 2/16/2018 at 10:30 AM in US District Court – Hammond before Judge Philip P Simon. Signed by Judge Philip P Simon on 2/14/18. (nal) (Entered: 02/14/2018) |
| 02/14/2018 | 344 | | ORDER denying 342 Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Objections Regarding Non–Retained Expert Treating Physician Douglass Hale. Plaintiffs are GRANTED LEAVE to file a reply to Defendants' Response to Plaintiffs' Objections Regarding the Testimony of Non–Retained Expert Treating Physician Douglass Hale no later than 2/16/2018. Signed by Judge Philip P Simon on 2/14/18. (ksp) (Entered: 02/14/2018) |
| 02/15/2018 | 345 | | PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO TESTIMONY OF DOUGLASS HALE, MD by Anton Kaiser, Barbara Kaiser to 337 Response/Reply, . (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Faes PHV, Andrew) (Entered: 02/15/2018) |
| 02/16/2018 | 347 | | HEARING regarding deposition objections held on 2/16/2018 before Judge Philip P Simon. Attorneys present: Andrew N. Faes, Thomas O. Plouff, Timothy E. Jackson, Daniel R. Higginbotham, and Mary Nold Larimore. Court makes rulings on depositions objections. Any instructions shall be provided in a word processing format to the chambers email box. Voir Dire questins discussed. By the trial date the parties shall provide Bench Memos on their position on damages. Parties shall be present for the Jury Trial on 2/26/2018 at 8:00 a.m. with jury selection to begin at 8:45 a.m. It is expected |

| | | | |
|---|---|---|---|
| | | | that openings will take place in the afternoon along with some witness testimony. (Court Reporter Stacy Drohosky and Angela Phipps.) (nac) (Entered: 02/20/2018) |
| 02/19/2018 | 346 | | NOTICE by Anton Kaiser, Barbara Kaiser – *Plaintiffs' Notice of Filing of Second Revised Objections to Defendants' Designation of Charlotte Owens* – (Faes PHV, Andrew) (Entered: 02/19/2018) |
| 02/20/2018 | 348 | | ORDER re 346 NOTICE by Anton Kaiser, Barbara Kaiser – Plaintiffs' Notice of Filing of Second Revised Objections to Defendants' Designation of Charlotte Owens. My rulings on the Plaintiffs' page:line objections as follows: 145:12–24 – OVERRULED; Plaintiffs may counter–designate Pg: 146, Ln: 2–15; 201:8 starting with but – 201:20 – OVERRULED; 307:13–19 – OVERRULED; 521:17–522:6 – SUSTAINED; Defendants shall strike references to the FDA database; 527:9–19, 527:22–528:1 – OVERRULED. Signed by Judge Philip P Simon on 2/20/2018. (lhc) (Entered: 02/20/2018) |
| 02/21/2018 | 349 | | ORDER: Pursuant to Rule 403, Ethicon's motion in limine #13 234 is GRANTED. While the Parties may not present any photographic or video depictions of any surgical mesh procedures, to the extent that they believe it will be useful to the jury, the parties may present evidence regarding these procedures using animation or graphics. Signed by Judge Philip P Simon on 2/21/2018. (jss) (Entered: 02/21/2018) |
| 02/21/2018 | 350 | | ORDER: The rulings on the proffered exhibits: T–3321 – Admissible; T–3322 – Inadmissible; T–3324 – Admissible; T–3325 – Admissible; T–3326 – Inadmissible; T–3328 – Admissible; T–3333 – Admissible. Signed by Judge Philip P Simon on 2/21/2018. (jss) (Entered: 02/21/2018) |
| 02/23/2018 | 351 | | TRIAL BRIEF *Plaintiff Bench Brief Regarding Prolift National Sales Data* by Anton Kaiser, Barbara Kaiser. (Plouff, Thomas) (Entered: 02/23/2018) |
| 02/24/2018 | 352 | | TRIAL BRIEF *Defendants' Brief regarding New Jersey Punitive Damages* by Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit Transcript)(Steinmetz PHV, Jennifer) (Entered: 02/24/2018) |
| 02/26/2018 | 353 | | TRANSCRIPT of Jury Trial – Volume 1–AM held on 02/26/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients** |

| | | | |
|---|---|---|---|
| | | | **so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/7/2018. Redaction Request due 3/19/2018. Redacted Transcript Deadline set for 3/29/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/26/2018) |
| 02/26/2018 | 354 | | JURY TRIAL begun on 2/26/2018 before Judge Philip P Simon. Plfs appear in person and by counsel attys Edward A. Wallace, Jeffrey M. Kuntz and Thomas O. Plouff. Dft appeared by attys Amy M. Pepke, Daniel R. Higginbotha, Jennifer Steinmetz, Kathleen Gallagher and Mary Nold Larimore. Also in attendance Norma Silverstein, jury consultant for defense. Court conducts preliminary matters. Jurors sworn on voir dire. Jury selection begins and concludes with the selection of 9 jurors. Jurors sworn to try case. Argument on power points to be used in opening statements. Court gives preliminary instructions to jury. Opening Statements heard from both sides. Plf begins presentation of evidence. Jury Trial to continue on Tuesday, February 27, 2018 at 8:15 a.m. (Court Reporters: Stacy Drohosky (a.m.) and Angela Phipps (p.m.). (nac) Modified on 2/28/2018 to add detail and correct typo. (nac). (Entered: 02/26/2018) |
| 02/26/2018 | <u>355</u> | | TRANSCRIPT of Jury Trial – Volume 1–PM held on 02/26/2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. &lt;P&gt;**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**&lt;/P&gt; Notice of Intent to Redact due 3/7/2018. Redaction Request due 3/19/2018. Redacted Transcript Deadline set for 3/29/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/26/2018) |
| 02/27/2018 | <u>356</u> | | TRANSCRIPT of Jury Trial Volume 2–AM held on 02/27/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. &lt;P&gt;**IMPORTANT: Notice is hereby given that an official transcript of a** |

| | | | |
|---|---|---|---|
| | | | **proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/8/2018. Redaction Request due 3/20/2018. Redacted Transcript Deadline set for 3/30/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/27/2018) |
| 02/27/2018 | 357 | | CORRECTED TRANSCRIPT Re: 356 of Jury Trial Volume 2–AM held on 02/27/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462 (Transcript corrected to correct date on title page) (sld) (Modified on 5/29/18 to correct docket text.) (tlr) (Entered: 02/27/2018) |
| 02/27/2018 | 358 | | TRANSCRIPT of Jury Trial – Volume 2–PM held on 02–27–2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 862–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/8/2018. Redaction Request due 3/20/2018. Redacted Transcript Deadline set for 3/30/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/27/2018) |
| 02/27/2018 | 359 | | JURY TRIAL (Day 2) held on 2/27/2018 before Judge Philip P Simon. Attorneys present as previously noted with the exception that Atty Amy Pepke and Jennifer Steinmetz do not appear at counsel table, Atty Jordan Walker in attendance. Preliminary matters, argument on issue of expert and language. Plf continues to present evidence, does not conclude. Trial continued to 2/28/2018 |

| | | | |
|---|---|---|---|
| | | | at 8:30 a.m. (Court Reporter Stacy Drohosky (a.m.) and Angela Phipps (p.m.). (nac) Modified on 2/28/2018 to correct attendance. (nac). (Entered: 02/28/2018) |
| 02/28/2018 | 360 | | TRANSCRIPT of Jury Trial – Volume 3–AM held on 02/28/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/9/2018. Redaction Request due 3/21/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/28/2018) |
| 02/28/2018 | 361 | | TRANSCRIPT of Jury Trial – Volume 3–PM held on 02/28/2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/9/2018. Redaction Request due 3/21/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/29/2018. (sld) (Entered: 02/28/2018) |
| 02/28/2018 | 362 | | |

| | | | |
|---|---|---|---|
| | | | Amended Proposed Jury Instructions by Ethicon Inc. (Pepke PHV, Amy) (Entered: 02/28/2018) |
| 02/28/2018 | 363 | | JURY TRIAL (Day 3) held on 2/28/2018 before Judge Philip P Simon. Plf continues to present evidence. Court hears argument on particular exhibits. Plf continues to present evidence, does not conclude. Trial continued to Thursday, 3/1/2018 at 8:30 a.m. (Court Reporter Stacy Drohosky (a.m.) and Angela Phipps (p.m.).) (nac) (Entered: 03/01/2018) |
| 03/01/2018 | 364 | | TRANSCRIPT of Jury Trial – Volume 4 held on 03–01–18, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/12/2018. Redaction Request due 3/22/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/30/2018. (sld) (Entered: 03/01/2018) |
| 03/01/2018 | 365 | | JURY TRIAL (Day 4) held on 3/1/2018 before Judge Philip P Simon. Plf continues to present evidence, does not conclude. Trial continued to Friday 3/2/2018 at 8:30 a.m. (Court Reporter Stacy Drohosky.) (nac) (Entered: 03/02/2018) |
| 03/02/2018 | 366 | | TRANSCRIPT of Jury Trial – Volume 5–AM held on 03–02–18, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. \<P\>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically** |

| | | | |
|---|---|---|---|
| | | | **available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/13/2018. Redaction Request due 3/23/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/31/2018. (sld) (Entered: 03/02/2018) |
| 03/02/2018 | 367 | | JURY TRIAL (Day 5) held on 3/2/2018 before Judge Philip P Simon. Plf continues to present evidence, does not conclude. Trial continued to Monday, 3/5/2018 at 8:30 a.m. (Court Reporter Stacy Drohosky (a.m.) Angela Phipps (p.m.).) (nac) (Entered: 03/02/2018) |
| 03/02/2018 | 368 | | TRANSCRIPT of Jury Trial Volume 5–PM held on 3–2–2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/13/2018. Redaction Request due 3/23/2018. Redacted Transcript Deadline set for 4/2/2018. Release of Transcript Restriction set for 5/31/2018. (as) (Entered: 03/02/2018) |
| 03/05/2018 | 369 | | MOTION for Directed Verdict by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Pepke PHV, Amy) (Entered: 03/05/2018) |
| 03/05/2018 | 370 | | MEMORANDUM in Support of 369 MOTION for Directed Verdict filed by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 03/05/2018) |
| 03/05/2018 | 371 | | TRANSCRIPT of Jury Trial – Volume 6–AM held on 03–05–2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or |

| | | | |
|---|---|---|---|
| | | | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/13/2018. Redaction Request due 3/26/2018. Redacted Transcript Deadline set for 4/5/2018. Release of Transcript Restriction set for 6/4/2018. (sld) (Entered: 03/05/2018) |
| 03/05/2018 | 372 | | TRANSCRIPT of Jury Trial – Volume 6–PM held on 03–05–2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/13/2018. Redaction Request due 3/26/2018. Redacted Transcript Deadline set for 4/5/2018. Release of Transcript Restriction set for 6/4/2018. (sld) (Entered: 03/05/2018) |
| 03/05/2018 | 374 | | JURY TRIAL (Day 6) held on 3/5/2018 before Judge Philip P Simon. Court's |

| | | | |
|---|---|---|---|
| | | | ruling on punitive issues. Plf continues to present evidence. Stipulations read into the record. Plf rests. Defense presents oral (and written) Motion for Judgment as a Matter of Law, Rule 50. Court hears argument. Court will submit the matters to the jury. Trial continues – defense begins presentation of evidence, does not conclude. Trial continued to Tuesday 3/6/2018 at 8:30 a.m. (Court Reporter Stacy Drohosky (a.m.) and Angela Phipps (p.m.).) (nac) (Entered: 03/06/2018) |
| 03/06/2018 | 373 | | TRIAL BRIEF *regarding Indiana's Consumer Expectations Test* by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 03/06/2018) |
| 03/06/2018 | 375 | | TRANSCRIPT of Jury Trial – Volume 7–AM held on 03/06/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/14/2018. Redaction Request due 3/27/2018. Redacted Transcript Deadline set for 4/6/2018. Release of Transcript Restriction set for 6/4/2018. (sld) (Entered: 03/06/2018) |
| 03/06/2018 | 376 | | JURY TRIAL (Day 7) held on 3/6/2018 before Judge Philip P Simon. Dft continues to present evidence, does not conclude. Trial continued to Wednesday, 3/7/2018 at 8:30 a.m. (Court Reporter Stacy Drohosky (a.m.) and Angela Phipps (p.m.).) (nac) (Entered: 03/06/2018) |
| 03/06/2018 | 377 | | TRANSCRIPT of Jury Trial – Volume 7–PM held on 03/06/2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to** |

| | | | |
|---|---|---|---|
| | | | **Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/14/2018. Redaction Request due 3/27/2018. Redacted Transcript Deadline set for 4/6/2018. Release of Transcript Restriction set for 6/4/2018. (sld) (Entered: 03/06/2018) |
| 03/06/2018 | 378 | | NOTICE by Ethicon Inc, Johnson & Johnson *Proffer of FDA Evidence* (Attachments: # 1 Exhibit Librojo Declaration, # 2 Exhibit Ex. 1.1 to Librojo Declaration, # 3 Exhibit Ex. 1.2 to Librojo Declaration, # 4 Exhibit Ex. 1.3 to Librojo Declaration, # 5 Exhibit Ex. 1.4 to Librojo Declaration, # 6 Exhibit Ex. 1.5 to Librojo Declaration, # 7 Exhibit Ex. 1.6 to Librojo Declaration, # 8 Exhibit Ex. 1.7 to Librojo Declaration, # 9 Exhibit Ex. 1.8 to Librojo Declaration, # 10 Exhibit Ex. 1.9 to Librojo Declaration, # 11 Exhibit Ex. 1.10 to Librojo Declaration, # 12 Exhibit Ex. 1.11 to Librojo Declaration, # 13 Exhibit Ex. 1.12 to Librojo Declaration, # 14 Exhibit Ex. 1.13 to Librojo Declaration, # 15 Exhibit Ex. 1.14 to Librojo Declaration, # 16 Exhibit Ex. 1.15 to Librojo Declaration, # 17 Exhibit Ex. 1.16 to Librojo Declaration, # 18 Exhibit Ex. 1.17 to Librojo Declaration, # 19 Exhibit Ex. 1.18 to Librojo Declaration, # 20 Errata Ex. 1.19 to Librojo Declaration, # 21 Exhibit Ex. 1.20 to Librojo Declaration, # 22 Exhibit Ex. 1.21 to Librojo Declaration, # 23 Exhibit Ex. 1.22 to Librojo Declaration, # 24 Exhibit Ulatowski Report, # 25 Exhibit Barbolt Declaration, # 26 Exhibit FDA Letter, # 27 Exhibit Ethicon Letter, # 28 Exhibit FDA Letter)(Pepke PHV, Amy) (Entered: 03/06/2018) |
| 03/07/2018 | 379 | | TRANSCRIPT of Jury Trial – Volume 8–AM held on 03/07/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court** |

| | | | |
|---|---|---|---|
| | | | **Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/16/2018. Redaction Request due 3/28/2018. Redacted Transcript Deadline set for 4/9/2018. Release of Transcript Restriction set for 6/5/2018. (sld) (Entered: 03/07/2018) |
| 03/07/2018 | 380 | | MOTION for Directed Verdict *at the Close of All Evidence* by Defendants Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 381 | | MEMORANDUM in Support of 380 MOTION for Directed Verdict *at the Close of All Evidence* filed by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 382 | | TRANSCRIPT of Jury Trial – Volume 8–PM held on 03/07/2018, before Judge Philip P. Simon. Court Reporter Angela Phipps, Telephone number (219) 852–3616. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Notice of Intent to Redact due 3/16/2018. Redaction Request due 3/28/2018. Redacted Transcript Deadline set for 4/9/2018. Release of Transcript Restriction set for 6/5/2018. (sld) (Entered: 03/07/2018) |
| 03/07/2018 | 383 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Axel Arnaud* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 384 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Dr. Bales* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 385 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Meng Chen* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 386 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Dr. Hale* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 387 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Piet Hinoul* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 388 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Dr. Johnson* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 389 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Uwe Klinge* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 390 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of Charlotte Owens* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 391 | | NOTICE by Ethicon Inc, Johnson & Johnson *Deposition Transcript of David Robinson* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 392 | | NOTICE by Ethicon Inc, Johnson & Johnson *Gene Kammerer* (Pepke PHV, Amy) (Entered: 03/07/2018) |
| 03/07/2018 | 393 | | MOTION for Directed Verdict *Regarding the "State of the Art" Presumption* by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Wallace PHV, Edward) (Entered: 03/07/2018) |
| 03/07/2018 | 394 | | JURY TRIAL (Day 8) held on 3/7/2018 before Judge Philip P Simon. Defense continues to present evidence. Plf and Dft recite for the record all of the exhibits (exhibit numbers) that are admitted in this case. Defense rests, no rebuttal evidence, plf rests. Instruction Conference held. Trial continued to Thursday, 3/8/2018 at 9:00 a.m. for final argument and deliberation. (Court Reporter Stacy Drohosky (a.m.) and Angela Phipps (p.m.).) (nac). Modified on 3/9/2018 to correct typo. (nac). (Entered: 03/08/2018) |
| 03/07/2018 | 413 | | ORDER For Jury Meals. Signed by Judge Philip P Simon on 3/7/2018. (nac) (Entered: 04/10/2018) |
| 03/08/2018 | 395 | | NOTICE by Anton Kaiser, Barbara Kaiser *of Transcripts for Video Witnesses* (Wallace PHV, Edward) (Entered: 03/08/2018) |
| 03/08/2018 | 396 | | TRANSCRIPT of Jury Trial – Volume 9 held on 03/08/2018, before Judge Philip P. Simon. Court Reporter Stacy L. Drohosky, Telephone number (219) 852–3462. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <P>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Redaction Request – Transcript shall be e–filed with the Court. Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may** |

| | | | |
|---|---|---|---|
| | | | **be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.</P>** Notice of Intent to Redact due 3/19/2018. Redaction Request due 3/29/2018. Redacted Transcript Deadline set for 4/9/2018. Release of Transcript Restriction set for 6/6/2018. (sld) (Entered: 03/08/2018) |
| 03/08/2018 | 397 | | JURY TRIAL (Day 9) completed on 3/8/2018 before Judge Philip P Simon. Preliminary matters. Final Arguments heard. Court instructs jury with Instructions numbered 1–41 inclusive. Jury note received, parties gather and response provided to the jury from the Court. VERDICT returned – Compensatory Damages of $10 million for B. Kaiser, damages to A. Kaiser – $0, Punitive damages imposed upon dft in the amount of $25 million. Clerk ordered to record verdict. Deadlines to be set at a later date. (Court Reporter Stacy Drohosky.) (nac) (Entered: 03/09/2018) |
| 03/08/2018 | 399 | | WITNESS LIST from Jury Trial (2/26 – 3/8/18). (nac). (Entered: 03/09/2018) |
| 03/08/2018 | 400 | | COURT'S PROPOSED Jury Instructions. (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 401 | | COURT'S PROPOSED Verdict Form. (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 402 | | COURT'S FINAL Jury Instructions. (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 403 | | COURT'S FINAL Verdict Form. (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 404 | | JURY NOTES (2) (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 405 | | JURY VERDICT. (nac) (Entered: 03/12/2018) |
| 03/08/2018 | 406 | | COURT'S RESPONSE to Jury Note. (nac) (Entered: 03/12/2018) |
| 03/09/2018 | 398 | | NOTICE by Anton Kaiser, Barbara Kaiser *of Transcripts for Video Witnesses*. (Wallace PHV, Edward) (Entered: 03/09/2018) |
| 03/16/2018 | 407 | | OPINION AND ORDER: Ethicons Motion to Admit FDA Evidence DE 248 is DENIED and the Kaisers Motion in Limine to Exclude FDA §510(k) evidence DE 244 is GRANTED. Signed by Judge Philip P Simon on 3/16/18. (nal) (Entered: 03/16/2018) |
| 03/19/2018 | 408 | | CLERK'S ENTRY OF JUDGMENT. (nal) (Entered: 03/19/2018) |
| 04/02/2018 | 409 | | MOTION for Bill of Costs by Plaintiffs Anton Kaiser, Barbara Kaiser. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Wallace PHV, Edward) (Entered: 04/02/2018) |
| 04/02/2018 | 410 | | MEMORANDUM in Support of 409 MOTION for Bill of Costs filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 04/02/2018) |
| 04/06/2018 | 411 | | MOTION for Leave to File Excess Pages *for Memorandum In Support of Post–Trial Motion* by Defendants Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 04/06/2018) |
| 04/09/2018 | 412 | | ORDER granting 411 Motion for Leave to File Excess Pages. Approved by Judge Philip P Simon on 4/9/18. Text only, no pdf attached. (acs) (Entered: 04/09/2018) |

| 04/16/2018 | 414 | | RESPONSE to Motion re 409 MOTION for Bill of Costs filed by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 04/16/2018) |
|---|---|---|---|
| 04/16/2018 | 415 | | MOTION for Judgment NOV , MOTION for New Trial *or Remittitur* by Defendants Ethicon Inc, Johnson & Johnson. (Attachments: # 1 Exhibit Ex A Trial Transcript Excerpts, # 2 Exhibit Ex B Prolift IFU, # 3 Exhibit Ex C Monograph)(Pepke PHV, Amy) (Entered: 04/16/2018) |
| 04/16/2018 | 416 | | MEMORANDUM in Support of 415 MOTION for Judgment NOV MOTION for New Trial *or Remittitur* filed by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 04/16/2018) |
| 04/18/2018 | 417 | | MOTION for Extension of Time to File Response/Reply *and for Leave to File a Brief with Excess Pages* by Plaintiffs Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 04/18/2018) |
| 04/19/2018 | 418 | | ORDER granting 417 Motion for Extension of Time to File Response/Reply. Response to be filed by 5/14/2018. Response may be no longer than 40 pages. Approved by Judge Philip P Simon on 4/19/18. Text only, no pdf attached. (acs) (Entered: 04/19/2018) |
| 04/20/2018 | 419 | | ORDER REFERRING MOTION: 409 MOTION for Bill of Costs filed by Anton Kaiser, Barbara Kaiser to Magistrate Judge John E Martin. Signed by Judge Philip P Simon on 4/20/18. (mlc) (Entered: 04/20/2018) |
| 04/30/2018 | 420 | | REPLY to Response to Motion re 409 MOTION for Bill of Costs filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 04/30/2018) |
| 05/14/2018 | 421 | | RESPONSE to Motion re 415 MOTION for Judgment NOV MOTION for New Trial *or Remittitur* filed by Anton Kaiser, Barbara Kaiser. (Wallace PHV, Edward) (Entered: 05/14/2018) |
| 05/21/2018 | 422 | | REPLY to Response to Motion re 415 MOTION for Judgment NOV MOTION for New Trial *or Remittitur* filed by Ethicon Inc, Johnson & Johnson. (Pepke PHV, Amy) (Entered: 05/21/2018) |
| 08/08/2018 | 423 | 61 | OPINION AND ORDER re 415 Motion for Judgment NOV; 415 Motion for New Trial. The Court DENIES defendants' motion for judgment notwithstanding the verdict; DENIES defendants' motion for a new trial; DENIES defendants' motion for remittitur of the jury's compensatory damage award; and GRANTS defendants' motion for remittitur of the jury's punitive damage award to $10 million. Within 14 days, plaintiff shall inform defendants whether or not she will accept the remittitur and the parties will inform the Court within 21 days of their decision as to the remittitur of punitive damages. Signed by Judge Philip P Simon on 8/8/18. (ksp) (Entered: 08/08/2018) |
| 08/10/2018 | 424 | | NOTICE by Anton Kaiser, Barbara Kaiser (Plouff, Thomas) (Entered: 08/10/2018) |
| 08/20/2018 | 425 | 106 | OPINION AND ORDER GRANTING IN PART 409 Motion for Bill of Costs. Defendants are ordered to pay plaintiff $62,174.50 in taxable costs, in accordance with this opinion. Signed by Judge Philip P Simon on 8/20/18. (mlc) (Additional attachment(s) added on 8/21/2018: # 1 Main Document) (mlc). Modified on 8/21/2018 to edit text (mlc). (Entered: 08/21/2018) |

| 08/20/2018 | <u>426</u> | 126 | ORDER directing final judgment be entered in this case in accordance with the Jurys verdict [DE 405] in favor of Plaintiff Barbara Kaiser on all of her claims and against Plaintiff Anton Kaiser on his claim, and as modified by the Courts August 8, 2018 Opinion and Order [DE 423] as to the amount of punitive damages, so that any appeal may be taken and further to CLOSE this case. Signed by Judge Philip P Simon on 8/20/18. (mlc) (Entered: 08/21/2018) |
| 08/21/2018 | <u>427</u> | 127 | AMENDED CLERK'S ENTRY OF JUDGMENT. (mlc) (Entered: 08/21/2018) |
| 09/06/2018 | <u>428</u> | 129 | NOTICE OF APPEAL, filed by Defendants Ethicon Inc, Johnson & Johnson. Filing fee $ 505, receipt number 0755–3672102. (Pepke PHV, Amy) (Entered: 09/06/2018) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA KAISER and ANTON KAISER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:17-cv-00114-PPS-JEM |
| ) | |
| JOHNSON & JOHNSON and ETHICON, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a products liability case where Barbara Kaiser claimed to have been substantially and permanently injured by a mesh product that was implanted in her vagina to treat her pelvic organ prolapse. The mesh product was designed and manufactured by defendants Johnson & Johnson and Ethicon, Inc. After a two week trial, the jury agreed with Mrs. Kaiser and found in her favor on her failure to warn and design defect claims. The jury awarded Mrs. Kaiser $10 million in compensatory damages and $25 million in punitive damages. The jury found in the defendants' favor on the claim of loss of consortium brought by Anton Kaiser, Mrs. Kaiser's husband.

Defendants have filed a motion contesting the verdict, seeking judgment as a matter of law on both the failure to warn and design defect claims, or in the alternative a new trial, or in the alternative to that, a remittitur of the jury's damages award. [DE 416.] Because there was sufficient evidence for a reasonable jury to find in favor of Mrs. Kaiser, I will deny defendants' motion for a judgment as matter of law and likewise

-1-

deny defendants' motion for a new trial. Similarly, because I find the jury's

compensatory damages award was neither monstrously excessive nor the product of

passion or prejudice, I will deny Ethicon's request for a remittitur of the jury's

compensatory damages award.

The jury's punitive damage award, however, is another story. I find the punitive

damages award excessive and unreasonable under controlling law. As such, I will grant

defendants' motion for remittitur of the jury's $25 million punitive damage award.

## Background

Defendants Ethicon and Johnson & Johnson are corporations which, among other

lines of business, design, market, and sell medical devices. Ethicon is a wholly owned

subsidiary of Johnson & Johnson. For ease of reference I will refer to both defendants as

"Ethicon." One of the devices sold by Ethicon was the Prolift Pelvic Floor Repair

System. Prolift is a vaginal mesh which was implanted in Mrs. Kaiser's pelvis in

January 2009 to treat her pelvic organ prolapse condition. Mrs. Kaiser subsequently

experienced various issues including vaginal pain, pelvic pain, pain during intercourse,

bladder spasms, and bowel issues. All of these problems associated with the mesh

necessitated a second surgical procedure to have the mesh removed from Mrs. Kaiser's

vagina, or at least as much of it as could be removed. There was evidence that once the

mesh is implanted it becomes very difficult, if not impossible, to have it all removed; it

grows into the tissue, hardens and causes substantial pain.

Mrs. Kaiser alleged in her complaint that her injuries were the result of Prolift's

-2-

defective design and that Ethicon did not adequately warn Mrs. Kaiser's surgeon (Dr. Bales) of the risks associated with Prolift. The case was originally filed in the United States District Court for the Southern District of West Virginia, where a consolidated Multi-District Litigation related to Prolift and other vaginal mesh products is pending. [DE 1.] On March 28, 2017 the case was transferred here because all pretrial proceedings had concluded, and the case was ready for trial. [DE 160.]

A jury trial began on February 26, 2018 and each side put on extensive evidence, including multiple witnesses, both fact and expert, both live and through videotaped deposition testimony. Trial concluded on March 8, 2018 and after several hours of deliberations, the jury returned a verdict in favor of Mrs. Kaiser, awarding her $10 million in compensatory damages and $25 million in punitive damages. [DE 405.] Ethicon timely filed the present motion seeking judgment as a matter of law, or in the alternative a new trial, or in the alternative of that, a remittitur of the jury's damages awards.

**Legal Standard**

It is important to note at the outset the posture and standard applicable to defendants' motions. Federal Rule of Civil Procedure 50 governs motions for judgments as a matter of law. Defendants are entitled to a judgment as a matter of law only if I find "that a reasonable jury would not have a legally sufficient evidentiary basis to find" in favor of Mrs. Kaisser. Fed. R. Civ. P. 50(a)(1). In making this determination, I do not approach the case with new eyes, examining the evidence and the jury's verdict as

-3-

though I am the fact finder receiving the evidence for the first time. Instead, I may only disregard the jury's verdict "if no reasonable jury could have found in [Mrs. Kaiser's] favor." *Erickson v. Wisc. Dept. of Corrections*, 469 F.3d 600, 601, (7th Cir. 2006). "This is obviously a difficult standard to meet." *Waite v. Bd. of Trustees of Ill. Cmty. Coll. Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005). What makes it such a daunting standard is that the Supreme Court has instructed that I "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150–51 (2000).

In considering the present motion for judgment as a matter of law, it is not my role to "re-weigh the evidence presented at trial or make credibility determinations." *Black & Decker Inc. v. Robert Bosch Tool Corp.*, No. 04 C 7955, 2007 WL 108412, at *1 (N.D. Ill. Jan. 12, 2007) (citation omitted). As the Supreme Court has succinctly put it, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The standard applicable to Ethicon's motion for a new trial is similar but distinct. Federal Rule of Civil Procedure 59(a) governs a motion for a new trial and states that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. Proc. 59(a)(1)(A). The Seventh Circuit has explained, "'[a] motion for a new trial should succeed 'only if the verdict is

-4-

against the manifest weight of the evidence.'" *ABM Marking, Inc. v. Zanasi Fratelli,*

*S.R.L.*, 353 F.3d 541, 545 (7th Cir. 2003) (quoting *Lowe v. Consol. Freightways of Del., Inc.,*

177 F.3d 640, 641 (7th Cir. 1999); *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995) ("[N]ew

trials granted because the verdict is against the weight of the evidence are proper only

when the record shows that the jury's verdict resulted in a miscarriage of justice or

where the verdict, on the record, cries out to be overturned or shocks our conscience.").

Defendants "must demonstrate that no rational jury could have rendered a verdict

against them." *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citation omitted).

Once again, in making this determination, I "must view the evidence in a light

most favorable to [Mrs. Kaiser], leaving issues of credibility and weight of evidence to

the jury." *Id.* "[I]t is an invasion of the jury's province to grant a new trial merely

because the evidence was sharply in conflict." *Latino*, 58 F.3d at 315. "Even when

evidence is contradictory, '[i]t's the jury's job—not the district court's job or the job of a

panel of appellate judges—to figure out who's telling the truth.'" *United States v.*

*Hassebrock,* 663 F.3d 906, 920 (7th Cir. 2011) (citation omitted).

### Discussion

This was a close case with conflicting expert testimony. On the one hand, it is

certainly true that defendants put forth evidence which supported their theory of the

case: that Prolift was a safe product, that all necessary warnings were fully disclosed to

the necessary individuals, and that Mrs. Kaiser's injuries could not be traced to any

harm caused by the vaginal mesh. But it is equally clear the jury did not believe or find

-5-

defendants' evidence persuasive enough to render a verdict in their favor. On the

contrary, the jury obviously believed Mrs. Kaiser and the witnesses who testified that

Prolift was a defective product, that Ethicon knew of the risks associated with Prolift

but chose not to disclose them to surgeons using the product, and that Mrs. Kaiser's

injuries were the result of her having Prolift surgically implanted in her. Given the

substantial evidence on both sides of the ledger, it was up to the jury to decide whose

story was more believable. With these general thoughts in mind, I will now turn to the

various motions brought by Ethicon.

### A. Judgment as a Matter of Law as to Failure to Warn

Defendants' central argument concerning why Mrs. Kaiser's failure to warn

claim must fail is one of causation. Ethicon argues that Kaiser failed to offer sufficient

evidence at trial that Dr. Bales, the surgeon who implanted the Prolift device into her,

was not adequately warned of risks related to Prolift. [DE 416 at 10-16.] It is the

sufficiency of the warnings to Dr. Bales — not Mrs. Kaiser — that is at issue here. This is

because under the so-called "sophisticated or learned intermediary doctrine" warnings

for prescription drugs and medical devices "need only be directed to doctors, not

patients who are the ultimate users." *Ortho Pharm. Corp. v. Chapman*, 388 N.E.2d 541, 549

(Ind. Ct. App. 1979). Typically, this is a question of fact for the jury to determine

because "the intermediary's alleged sophistication may be more or less reasonable

given the product's nature, complexity and associated dangers, the likelihood that the

intermediary will communicate warnings to the ultimate consumer, the dangers posed

-6-

to the ultimate consumer by an inadequate or nonexistent warning, and the feasibility of requiring the manufacturer to directly warn the product's ultimate consumers." *Nat. Gas Odorizing, Inc. v. Downs*, 685 N.E.2d 155, 164 (Ind. Ct. App. 1997).

In support of their argument, defendants rely primarily upon Dr. Bales's testimony. But Dr. Bales' testimony was in flux; he said different things at different times in his deposition. It's worth pointing out that Dr. Bales was not subpoenaed to testify at the trial despite the fact that he was within the subpoena power of the Court. I found this curious, but both parties chose instead to simply rely on his deposition testimony, a portion of which was read to the jury. It is true, as the defendants correctly note, that Dr. Bales's testimony was not entirely favorable to Mrs. Kaiser. For example, he testified that he did not read the Instructions for Use ("IFU") before every surgery. [DE 395, Ex. H, Bales Tr. at 116:19-118:1.] But Dr. Bales also testified that he read the IFU for Prolift multiple times, followed it when implanting Prolift, and that the IFU influenced his decision to implant Prolift in Mrs. Kaiser. [*Id.* at 19:05-19:21; *id.* at 19:23-20:09.]

On the issue of whether he would have done anything differently had he known at the time of Mrs. Kaiser's surgery what he later found out, Dr. Bales' testimony waxed and waned. On the one hand, when asked generally if he "would have done anything differently with respect to Ms. Kaiser's . . . surgery" he responded, "No, not looking back, I don't think I would have done anything differently." [*Id.* at 84:9-1, 85:6-10.] On the other hand Dr. Bales specifically testified that once he realized that the

-7-

complications from Prolift were happening a "little too frequently" and the "risks started to become a little more than you would like and the benefits are not abundantly clear," he started recommending against the continued use of vaginal mesh. [*Id.* at 51:15-52:6.] It was in this context that Dr. Bales provided the following critical piece of testimony: he concluded that it was "fair to say that in hindsight, had I seen potential problems that occurred, I may not have started employing the Prolift." [*Id.* at 22:16-23.] This was the clinching testimony relating to causation that allowed the failure to warn claim to go to the jury. So while Dr. Bales said some things that were contradictory, it was ultimately for the jury to evaluate his testimony and decide what weight, if any, to put on any particular piece of evidence.

In sum, there was evidence showing that Dr. Bales read and reviewed the Prolift IFU many times prior to Mrs. Kaiser's surgery. There was also evidence that Dr. Bales was familiar with some of the risks associated with Prolift prior to Mrs. Kaiser's surgery, but not all of them. In that regard, the most damning testimony from Dr. Bales was his statement that if he knew at the time of Mrs. Kaiser's surgery what he later found out about the problems associated with Prolift, he would not have used the device. In other words, after learning more about the Prolift after implanting it in Mrs. Kaiser, he began to have doubts concerning the efficacy of the product compared to its risks. This was compelling testimony from an experienced surgeon that the jury was entitled to credit.

-8-

Defendants likewise argue that Prolift's warnings were sufficient as a matter of law because risks associated with Prolift were fully disclosed in literature and commonly known to pelvic floor surgeons like Dr. Bales. [DE 416 at 11-12.] But Dr. Bales and Kaiser's expert Dr. Elliott testified to the contrary — that they were not aware of every risk claimed in January 2009 or that such risks were necessarily generally known amongst pelvic floor surgeons. [DE 395, Ex. H, Bales Tr. at 22:16-19; Trial Tr. 610:3-15 (testimony of Dr. Elliott).] The jury heard testimony from Dr. Elliott that the frequency, severity and permanence of certain complications were not disclosed within the IFU. [Trial Tr. at 398:4-399:6; *id.* at 388:7-390:19.] It was the role of the jury, as the fact finder, to determine whether the warning was adequate under the sophisticated intermediary doctrine. *Downs*, 685 N.E.2d at 163 ("Whether a manufacturer has discharged its duty under the sophisticated intermediary doctrine is almost always a question for the trier of fact."). And the jury decided that the warning was inadequate in this case.

Defendants further criticize the testimony of Mrs. Kaiser's experts, Dr. Elliott and Dr. Rozenzweig, for testifying that they expect all risks related to a medical device to be disclosed within the IFU. [DE 416 at 11.] Defendants argue that this testimony put forth an impermissibly high standard— higher than what is required under the law. But defendants' arguments suffer from a fatal flaw; plaintiffs' experts did not testify as to the legal standard applicable to a failure to warn or opine on the law. The jury instructions stated the correct legal standard, namely that a manufacturer need only

-9-

disclose "reasonable warnings about the dangers of the product when the seller, by exercising reasonable diligence, could have made those warnings available to the user or consumer." [Trial Tr. 1744:15-19.] There is no reason to believe that the jury disregarded those instructions in reaching its verdict. *See Schandelmeier-Bartels v. Chicago Park Dist.,* 634 F.3d 372, 387 (7th Cir. 2011) ("We assume that the jury followed the instructions as they were provided.").

In sum, there was sufficient evidence for a reasonable jury to conclude that Ethicon failed to warn Dr. Bales of the necessary risks related to Prolift. The law does not require a plaintiff to offer unequivocal evidence at a trial or proof beyond a reasonable doubt, only sufficient evidence that a reasonable jury could find in its favor. *See* Fed. R. Civ. P. 50(a)(1). For the reasons I have just stated, Mrs. Kaiser met that standard here on the failure to warn claim.

### B. Judgment as a Matter of Law as to Design Defect

On the design defect claim, defendants raise four arguments as to why they are entitled to a judgment as a matter of law: First, that they were entitled to a state of the art presumption under Indiana law; second, that the evidence offered by Kaiser failed to establish that Prolift was in fact defective; third, that Kaiser failed to establish that her injuries were caused by Prolift; and fourth, for the first time before me, Ethicon raises a conflict preemption defense, arguing that the FDA's requirements that new or altered products receive some form of FDA clearance before they can be marketed conflicts with Mrs. Kaiser's state law claim. I am not persuaded by any of these arguments.

-10-

### 1. State of the Art Presumption under Indiana Law

The Indiana Products Liability Act (IPLA) allows for a defendant to avail itself of a rebuttal presumption that its product was not defective if it was designed and manufactured "in conformity with the generally recognized state of the art applicable to the safety of the product at the time the produce was designed, manufactured, packaged, and labeled." Ind. Code § 34-20-5-1. The statute does not define "state of the art" but courts have defined it to mean "the best technology reasonably feasible." *Indianapolis Athletic Club, Inc. v. Alco Standard Corp.*, 709 N.E.2d 1070, 1074 (Ind. Ct. App. 1999). In order to avail itself of the presumption, a defendant must put forth "[e]vidence of the existing level of technology, industry standards, the lack of other advanced technology, the product's safety record, [or] the lack of prior accidents . . . in order to prove that a product is state of the art." *Wade v. Terex-Telelect, Inc.* 966 N.E.2d 186, 192 (Ind. Ct. App. 2012) (citing *Weller v. Mack Trucks, Inc.*, 570 N.E.2d 1341, 1343 (Ind. Ct. App. 1991). A defendant must make a showing that no other similarly advanced technology existed at the time the product was designed and manufactured. *Wade*, 966 N.E.2d at 193-194.

On this issue, this case is similar, albeit the inverse, to the facts before the Indiana Court of Appeals in *Wade*. In that case, the trial court actually gave the "state of the art" jury instruction but the Court of Appeals found that to be improper and reversible error because the defendants failed to offer sufficient evidence at trial which would meet their burden to make use of the rebuttable presumption. The court in *Wade* held that the

-11-

defendant was not entitled to the rebuttable presumption in part because they manufactured products which both had and did not have the design defect in question (a lack of interior step in a "bucket" attached to a vehicle used by electrical workers to repair power lines). *Wade*, 966 N.E.2d at 194-195 ("The fact that Terez manufactured a liner with an interior step at the time that the liner at issue was manufactured shows that there was other advanced technology available.").

I was guided by *Wade* in my decision not to give a state the art instruction. At the time Prolift was launched, defendants manufactured another vaginal mesh material, known as Ultrapro. This existence of an alternative belies any notion that Prolift was truly ***the*** state of the art at the time. It is true that certain witnesses did testify that Prolift was in their opinion a good product and "better than anything that has been out there before." [DE 387 Hinoul Tr. 1282:22-1283:1.] But there was competing testimony that even at the time Prolift was launched, it was contemplated that the mesh material used in Prolift would be replaced, and potentially by Ultrapro, another mesh product produced by Ethicon. [DE 395, Ex. E, Hinoul Tr. 891:2-892:3; DE 395, Ex. I, Arnaud Tr. 367:7-368:5.]

Likewise, there was evidence that at the time Prolift first began to be marketed, defendants had not conducted any clinical trials of Prolift in humans. [DE 395, Ex. E, Hinoul Tr. 200:9-200:12; *id.* at 726:21-726:25; *id.* at 727:1-727:4.] Thus, there was no evidence which Ethicon did or could have introduced showing Prolift's specific safety track record at the time it was brought to market. *See Wade*, 966 N.E.2d at 194 ("Terex

-12-

introduced no evidence regarding the product's safety record and the lack of prior accidents pertaining to the buckets . . ."). Given that defendants did not present sufficient evidence to warrant the rebuttal presumption and jury instruction on state of the art, they cannot sufficiently show that they were entitled to judgment as a matter of law on this same issue.

### 2. Lack of Design Defect

Defendants next argue that all of Mrs. Kaiser's complications "were well known to pelvic floor surgeons, including Dr. Bales." [DE 416 at 19.] Without any unknown or undisclosed risk, a product cannot have been unreasonably dangerous. *Id.* But as I did above, I must reject this argument relating to Dr. Bale's knowledge because, while there was testimony indicating that Dr. Bales appreciated many risks associated with Prolift, there was additional testimony, both from Dr. Bales himself and Dr. Elliott that both he and the pelvic floor surgeon community were not fully apprised of every risk associated with Prolift. [DE 395, Ex. H, Bales Tr. at 22:16-19; Trial Tr. 610:3-15.] Thus it was not unreasonable as a matter of law for the jury to find for Kaiser on this element of her claim.

Defendants' main argument on this element, however, is that I reconsider my prior ruling on whether proof of a safer alternative design is an element of a design defect claim under Indiana law. [DE 416 at 19-20.] My prior ruling [DE 329 at 6-14], that such proof is not an element of a design defect claim under Indiana law, was dictated by the Indiana Supreme Court's decision in *TRW Vehicle Safety Systems, Inc. v. Moore*,

936 N.E.2d 201 (Ind. 2010). In *TRW*, the Indiana Supreme Court squarely rejected any such requirement based upon the language of the IPLA. *TRW*, 936 N.E.2d at 209 ("Thus the statute itself prescribes the applicable standard of care. We decline to require proof of any additional or more particular standard of care in product liability actions alleging a design defect."); *id.* at 209, n.2 (noting that Indiana legislature declined to adopt the America Law Institute's "different approach" which requires proof of safer alternative design as an element of a design defects claim). Notwithstanding some loose language in several cases to the contrary, it remains my view the *TRW* settles the issue of whether evidence of a safer alternative design is necessary in a design defect case brought under Indiana. The Indiana Supreme Court has stated explicitly that such proof is not required. That's the end of the matter from my point of view.

What's more, defendants have not offered any additional basis for me to reconsider my ruling but instead state that they have done so only "to preserve the issue" while repeating their prior arguments. [DE 416 at 19.] Nor have they provided any persuasive reason as to why I should depart from Indiana law as decided by Indiana's highest court. Since this issue was squarely decided in *TRW* and there has been no intervening change in the law or other manifest error, I decline to reconsider this issue or find it a basis for a judgment as a matter of law in defendants' favor. *Cain v. Grams*, No. 09-CV-145-BBC, 2009 WL 2408342, at *1 (W.D. Wis. July 31, 2009) ("[A] motion to reconsider should not be used to rehash previous arguments.") (citing *Oto v. Metro Life Insurance Co.,* 224 F.3d 601, 606 (7th Cir. 2000)); *Lock Realty Corp. IX v. U.S.*

-14-

*Health, LP,* No. 3:06-CV-487RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010) ("[T]he court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

### 3. Causation

Ethicon next argues that Mrs. Kaiser failed to offer sufficient evidence that Prolift was the actual cause of her injuries. On this argument, defendants seem to misunderstand what was required, arguing that Kaiser "failed to ***rule out*** other plausible causes" or that Kaiser's "treating physicians could not say ***with certainty*** that mesh was the cause of her pain." [DE 416 at 20 (emphasis added).] Kaiser's burden as to causation is not one of absolute certainty or to prove that Prolift was the sole cause of her injuries. *Smith v. Beaty*, 639 N.E.2d 1029, 1034 (Ind. Ct. App. 1994) ("The defendant's act need not be the sole cause of the plaintiff's injuries."); *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 814 (7th Cir. 2012) ("Indiana design defect law does not require absolute certainty on every aspect of causation[.]"). Instead, Kaiser was required to put forth sufficient evidence that a reasonable jury could find in her favor that Prolift caused her injuries.

She did that. Dr. Rosenzweig testified as to specific defects he found with Prolift which lead it to "band, contract, deform, rope, [and] curl" which then caused Kaiser's injuries, including pelvic pain and pain with sexual intercourse. [Trial Tr. 658:13-6:59:7.] Likewise, Dr. Johnson, who removed Mrs. Kaiser's vaginal mesh, testified that the Prolift mesh, along with scar tissue, was the likely cause of Kaiser's pelvic pain and pain associated with sexual intercourse. [DE 395, Ex. D, Dr. Johnson Tr. 48:8-49:25.] The jury

<div align="center">-15-</div>

was entitled to, and apparently did, believe these statements by plaintiffs' medical experts and witnesses. This was not unreasonable and therefore the jury's verdict may not be aside on this basis.

### 4. Conflict Preemption

Ethicon argues that because FDA regulations "unequivocally require a manufacture to submit a new Section 510(k) premarket notification before marketing" a new or changed device, they cannot be held liable under state tort law for any supposed design defect of Prolift. [DE 416 at 22; *see also* 21 C.F.R. § 807.81(a)(3) (listing when premarket approval for medical devices is required).] This argument, which defendants unsuccessfully raised before the MDL court but never previously before me, *see Mullins v. Ethicon, Inc.*, 147 F. Supp.3d 478 (S.D.W. Va. 2015), does not persuade me that defendants are entitled to judgment as a matter of law.

Preemption is a legal doctrine rooted in the Constitution's Supremacy Clause, namely that Congress may preempt or invalidate state laws through federal legislation. *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 1595 (2015). Preemption can be express or implied. There are two kinds of implied preemption, one known as field preemption (not at issue here) and another, known as conflict preemption. *Id.* Conflict preemption occurs where "compliance with both state and federal law is impossible" or a state's law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (quoting *California v. ARC America Corp.*, 490 U.S. 93, 100 (1989)). If this occurs, state law must give way; it is preempted by the federal law.

-16-

The Supreme Court has enunciated two guiding principles on this issue. First, I must begin with a presumption against preemption because "courts should assume that the historic police powers of the States are not superseded unless that was the clear and manifest purpose of Congress." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012) (citation and internal quotation marks omitted). Second, I must focus on Congressional intent and purpose, examining "the text and structure of the statute at issue." *CXZ Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). Bearing these in mind, it is clear that Congress has not intended or evidenced a purpose to abrogate state product liability claims for design defects through the 510(k) process for medical devices.

Section 510(k) review was created by Congress through the passage of legislation called the Medical Device Amendments of 1976 as an exception to the FDA's more rigorous premarket approval process. The intention of this exception was to avoid allowing existing manufacturers to have a temporary monopoly within a medical device market while new products were subject generally to the premarket approval process. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 476 (1996). In *Lohr*, the Court explicitly stated that Congress did not intend to preempt the traditional state law regime of design defect liability through the Section 510(k) process. "There is no suggestion in either the statutory scheme or the legislative history that the § 510(k) exemption process was intended to do anything other than maintain the status quo with respect to the marketing of existing medical devices and their substantial equivalents. That status quo

-17-

included the possibility that the manufacturer of the device would have to defend itself against state-law claims of negligent design." *Lohr*, 518 U.S. at 494.

Ethicon tries to argue around this facially dispositive language in *Lohr* by pointing me towards more recent Supreme Court precedent, which has held state tort law claims preempted in the context of generic pharmaceutical labeling. *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); *Mutual Pharm. Co., Inc. v. Bartlett*, 570 U.S. 472 (2013). But Ethicon's reliance on these generic drug labeling cases is inapposite because in those cases, the Court focused and primarily based its holdings on the fact that federal law mandates generic drugs maintain the same label as the brand name equivalent. *PLIVA*, 564 U.S. at 620 ("Federal law does not dictate the text of each generic drug's label, but rather ties those labels to their brand-name counterparts."). This distinction matters. Federal law specifically mandates the contents of the labels on generic drugs, and a generic drug manufacturer cannot get around these requirements and thus, any state product liability law attempting to require otherwise is preempted. *See Bartlett*, 570 U.S. at 486 ("[F]ederal law prevents generic drug manufacturers from changing their labels."). There is no similar Congressional mandate in the field of medical devices like Prolift.

Taken to its logical conclusion, Ethicon's argument would effectively exempt all medical devices from state design defect liability if the safer alternative design was not already pre-cleared by the FDA, under the Section 510(k) or another regulatory scheme. As the MDL court which addressed this issue before me said, this would "destroy state

tort liability for any product subject to even the least rigorous federal regulatory scheme." *Mullins*, 147 F. Supp. 3d at 481. Absent controlling precedent extending *PLIVA* and *Bartlett* beyond the confines of generic drug labeling, I cannot find that medical device manufacturers like Ethicon are immune from state tort liability simply because their product is subject to some federal regulatory oversight. This is especially true given that the Supreme Court made clear in *Lohr* that the Section 510(k) regime for medical devices is decidedly not an issue of safety and that "[t]here is no suggestion in either the statutory scheme or the legislative history that the § 510(k) exemption process was intended to do anything other than maintain the status quo . . . [including] state-law claims of negligent design." *Lohr*, 518 U.S. at 494.

### C. Defendants' Motion for a New Trial

Having found all of defendants' arguments in favor of a judgment as a matter of law unpersuasive, defendants ask in the alternative that I grant them a new trial. First, defendants claim that a new trial is warranted because the jury's verdict was against the weight of evidence and because I refused to instruct the jury as to the state of the art presumption. As discussed above, neither of these arguments were persuasive as to Ethicon's motion for a judgment as a matter of law. Given that the applicable standards are nearly the same, I find them unpersuasive here as well for all of the same reasons. *Compare Erickson*, 469 F.3d at 601 (judgment as a matter of law may be granted only "if no reasonable jury could have found" in nonmoving party's favor) *with*, *King*, 447 F.3d

-19-

at 534 (new trial may be granted only when moving party has "demonstrate[d] that no rational jury could have rendered a verdict against them").

Before continuing, however, I must make a further observation concerning Ethicon's motion for a new trial. In order to repackage these arguments in support of a new trial, Ethicon cites to a footnote within the Supreme Court's decision in *Tibbs v. Florida*, 457 U.S. 38, n. 11 (1982) for the proposition that I need not defer to the jury or view evidence in a light favorable to Kaiser. Instead, Ethicon states that I may substitute my views for those of the jury and "may weigh the evidence and in so doing evaluate for [myself] the credibility of the witnesses" in determining whether to grant a new trial. [DE 416 at 20.] This is an incorrect statement of law. *Tibbs* was a case concerning whether the Double Jeopardy clause prohibits a state from retrying a criminal defendant who has his conviction set aside by a state appellate court based upon "the weight of the evidence." It does not speak to the standard on a motion for a new trial under Federal Rule of Civil Procedure 59. Instead, I may only weigh evidence "to determine if it's against the *manifest* weight of evidence." *Whitehead v. Bond*, 680 F.3d 919, 928 (7th Cir. 2012) (italics in original). "The district court, however, cannot grant a new trial just because it believes the jury got it wrong." *Id.* (citation omitted).

-20-

### D. Defendants' Motion for a New Trial Based Upon Evidentiary Rulings and Jury Instructions

Defendants further argue they are entitled to a new trial based upon various evidentiary rulings and the instructions given to the jury. In reviewing these claims now after the fact, I "must be guided by the principle that 'civil litigants are entitled to a fair trial, not a perfect one'; the Court should decline to order a new trial 'unless there was an error that caused some prejudice to the substantial rights of the parties.'" *Hardy v. City of Milwaukee*, 88 F. Supp. 3d 852, 861 (E.D. Wis. 2015) (quoting *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993)). Each argument is addressed in turn, but none warrant a new trial whether on their own or collectively. *See Frymire-Brinati v. KPMG Peat Marwick*, 2 F.3d 183, 188 (7th Cir. 1993) (holding that clearly erroneous evidentiary rulings during trial were so numerous that a new trial was necessary).

### 1. Exclusion of FDA-related Evidence

At trial, Ethicon was precluded from introducing evidence relating to the FDA's premarket clearance process for medical devices, known as Section 510(k) review. They now say that was an error. But Ethicon's motion is simply a rehash of many of the same arguments I previously rejected. [DE 407.] And none of these arguments lead me to believe that my prior ruling was in error.

Ethicon does raise one new argument, premised on a recent ruling from another court: *In re Bard IVC Filters Prods. Liab. Litig.*, 289 F. Supp. 3d 1045 (D. Ariz. 2018). Of course, a district court opinion is not binding precedent. And that is especially so when the opinion concerns an entirely different product (inferior vena cava filters), in a

-21-

lawsuit under a different state's (Georgia) law. But I will nonetheless explain why I don't think the analysis in *Bard* is applicable to this case.

In *Bard*, the court allowed, over plaintiffs' objections, for Section 510(k) evidence to be admitted. The court found that compliance with the Section 510(k) process was relevant to whether the manufacturer acted reasonably under Georgia law and the risk-utility test that is used there. The court further found that "any potential confusion can be cured, if necessary, by a limiting instruction regarding the nature of the 510(k) process." *Bard*, 289 F. Supp.3d at 1049. Essentially, the ruling was based on Federal Rule of Evidence 403 and the balancing explicit in that rule.

The decision to allow the admission of the Section 510(k) evidence was a judgment call. Indeed, in making that determination, the district court recognized the limited probative value Section 510(k) evidence has in a products liability case. *Id.* at 1048 ("The 510(k) process may not speak directly to the applicable standard of care under Georgia law, but it does have probative value in the determination of this action."). And it further cited other authority which likewise noted that the Section 510(k) process "has minimal probative value" in a products liability case. *See Winebarger v. Boston Sci. Corp.*, No. 3:15CV211-RLV, 2015 WL 5567578 (W.D.N.C Sept. 22, 2015).

What makes the *In re Bard* decision most inapposite is that its ruling is premised on the fact that Georgia law does not hold "that only safety regulations" are relevant in design defect cases. 289 F. Supp. 3d at 1048 (discussing *Doyle v. Volkswagenwrk Aktiengesslschaft*, 481 S.E.2d 518 (Ga. 1997)). As discussed at length above, that is not the

-22-

law in Indiana, where a close connection between the relevant standard and safety is required. *Wade*, 966 N.E.2d at 194 ("[F]or evidence of compliance with governmental standards to be relevant, the standard itself must relate to the risk or product defect at issue[.]"); *see also* Ind. Code § 34-20-5-1.

When faced with a similar question as the one posed to the judge in *Bard,* I found that the Section 510(k) testimony would only confuse the jury and given the likelihood of confusion and extensive trial time necessary to explain the issues, any probative value was outweighed. [DE 407.] Defendants suggest my ruling had "no factual basis" because studies critical of Prolift (which triggered the FDA's post-clearance concerns resulting in Prolift being removed from the market) were not directly related to the Section 510(k) process. [DE 416 at 34-35.] But this framing of the issue ignores the additional basis for excluding the Section 510(k) evidence from trial under FRE 403: it was more prejudicial to ***both*** parties than probative to either. As explained, that evidence would not be probative of the key issue—*i.e.* safety. And allowing that evidence in, along with the rest of the FDA story, would likely have been even more harmful than beneficial to Ethicon. As I stated in my prior ruling:

> If the evidence regarding Prolift's §510(k) clearance had been admitted into evidence, almost assuredly, Prolift's whole FDA story would have been told to the jury, including evidence that after the Prolift device was marketed, it later received FDA scrutiny and was subsequently removed from the market after a series of exchanges with the FDA regarding its safety. This would require the introduction of additional evidence and testimony from regulatory experts and Ethicon employees. When balancing the probative value of the evidence against

-23-

these dangers and the needless consumption of time, I find that
excluding the evidence is appropriate.

[DE 407 at 8.]

As noted, it would not have been sensible, nor fair to the plaintiffs, to allow Ethicon

to parade in a bunch of witnesses to talk about the FDA's Section 510(k) process and argue

to the jury that this evidence shows how safe its product was, only to exclude the very

prejudicial testimony about how the FDA strongly questioned the safety of the Prolift after

the fact. What would have been sauce for the goose would have been sauce for the gander.

I was not going to allow a one-sided presentation of Prolift's "FDA story." So I decided that

the best approach was to exclude the FDA evidence altogether. This approach allowed the

jury to focus on the critical issues in the case — was the product defective in its design and

warnings? — without being distracted by the FDA side-show.

### 2. Lack of Curative Instruction after Plaintiffs' Closing Arguments

The next asserted error is that I did not issue a curative instruction after

plaintiffs' rebuttal argument in which counsel rhetorically asked "Where is that

industry standard?" that would justify or support Ethicon's decision to market Prolift

without having conducted clinical trials in women prior to putting the product on the

market. [DE 416 at 36.] Ethicon says that this was a misleading reference because

plaintiffs' counsel knew there was an industry standard set by the FDA but that

evidence had been excluded (as noted in the above section). In essence, Ethicon claims

that it was precluded from telling the jury "the FDA didn't make us" do such testing.

-24-

Ethicon focuses on three specific statements made by plaintiffs' counsel during closing argument that Ethicon says caused great prejudice. They misleadingly suggest that all three were made during the "rebuttal closing argument." [DE 416 at 28.] In fact, two of the three offending statement were made during initial closing argument. [Trial Tr. 1653.] Ethicon concedes as much in its reply brief but nonetheless argues that "[r]egardless of when made, once the statements were made the only recourse was to grant a mistrial or provide a curative instruction[.]" [DE 422 at 13,n.5.] But the timing is important because there was no contemporaneous objection made to any of the statements, or attempt at a sidebar at the conclusion of plaintiffs' initial closing but prior to Ethicon's closing.

The Seventh Circuit has placed a high hurdle for Ethicon to clear in order to secure a new trial based on statements made during closing arguments. That is because "[c]losing arguments are the time in the trial process when counsel is given the opportunity to discuss more freely the weaknesses in his opponent's case and to highlight the strength of his own." *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 731 (7th Cir. 1999) "[I]mproper comments during closing argument rarely rise to the level of reversible error." *Probus v. K–Mart, Inc.,* 794 F.2d 1207, 1210 (7th Cir. 1986). "To warrant a new trial, '[s]tatements made during closing argument must be plainly unwarranted and clearly injurious to constitute reversible error.'" *Jones*, 188 F.3d at 730 (quoting *Gruca v. Alpha Therapeutic Corp.,* 51 F.3d 638, 644 (7th Cir. 1995)).

<div align="center">-25-</div>

As noted above, Ethicon's counsel did not object during closing arguments. Instead, they waited until after all closing arguments concluded, including its own closing and plaintiffs' rebuttal had concluded. It was only then that they objected. And *how* they objected was a bit odd. No one from the defense team that was actually sitting at counsel's table lodged the objection. Instead, an attorney for Ethicon who was seated in the rear of the courtroom came rushing to the front of the courtroom with her arm in the air trying to get my attention. I was frankly taken aback by this. This occurred while I was in the process of telling the jury how I would go about reading the final instructions to them. *[See* Trial Tr. at 1737.] It seemed to me at the time that whatever the lawyer wanted to bring to my attention could wait and thus I instructed Ethicon's attorney to "please sit down" while I continued to address the jury. *Id.*

It is true, as Ethicon argues, that there may be valid strategic reasons not to object at "the very moment [opposing counsel] utters the comments at issue." *See United States v. Solis-Jordan*, No. 97 CR 814, 1999 WL 410038, at *6 (N.D. Ill. June 2, 1999) (cited by Ethicon). I'm not sure I see those concerns in this case. It would have been very simple for counsel who was seated at counsel table to simply ask if they could approach the bench just after the offending comments were made during the closing arguments. Indeed, defense counsel had no issue objecting contemporaneously during plaintiffs' closing at other times. [Trial Tr. 1646:25-1647:6.] Had defense counsel objected here, I would have allowed them to approach, and I could have dealt with the issue on the

-26-

spot during the argument if necessary. So there is no doubt Ethicon's counsel had

ample opportunity to object before they actually did.

What's more, I think it was fair for me to expect that the Ethicon lawyer who

would be lodging the objection would be the one who was actually doing the closing

argument, not a lawyer seated in the back of the courtroom. Indeed, I made it clear to

the parties prior to trial that I have a "one lawyer rule" that requires that objections be

made by the lawyer responsible for that part of the trial whether it be the opening

statements, the examination of witnesses or closing argument. That was especially

important in this case where each side had at least a half-dozen lawyers assigned to it. It

would have been a free for all to allow any lawyer to object at any time.

In sum, had defendants' counsel objected contemporaneously, or after plaintiffs'

initial closing but before their own closing, and sought a sidebar to discuss their

concerns, it may have been possible to address in a targeted fashion then and there, or

to instruct plaintiffs' counsel not to make similar statements during rebuttal. But that

did not happen and instead, defendants waited, and thus the only possible instruction

to give would have come long after the offending statements were made, likely long

after the jury had forgotten all about them.

Regardless, I am not convinced that any curative instruction would have been

proper, let alone sufficiently necessary as to result in harm great enough to warrant a

new trial in this case. I would have been required to explain to a jury, after the fact, the

basis of my prior evidentiary rulings excluding Ethicon's proffered FDA-related

-27-

evidence. This would likely only confuse the jury, for the same reasons that such FDA-related evidence was excluded in the first place. Furthermore, this would have only served to highlight plaintiffs' counsel's errant statements during the closing, no doubt to Ethicon's detriment.

Defendants are somewhat misleading in implying that all FDA-related evidence would have been in their favor. As noted above, if I had allowed evidence of the FDA's Section 510(k) substantial equivalence process to come in, I would likewise have had to include the entirety of the proffered FDA evidence, including evidence of the FDA's later safety focused concerns and defendants' decision to withdraw Prolift from the market in response to those concerns. While I cannot know if the admission of this FDA evidence would have altered the jury's verdict, it was and remains my ruling that the evidence was not sufficiently relevant to the claims in this lawsuit to be deemed admissible.

Finally, it is hard to imagine that the few fleeting comments by plaintiffs' counsel made a difference in a complicated trial spanning two weeks time. Simply put, Ethicon has not met its burden under the demanding standard at play here. The motion for a new trial based on improper argument during closing must therefore be denied.

### 3. Testimony of Dr. Meng Chen Regarding TVT

Prior to trial, Ethicon sought to exclude certain documents authored by Ethicon Associate Medical Director Dr. Meng Chen, but did not seek to bar her testimony in full. [DE 234 at 19-20 (motion *in limine* to exclude "evidence or argument regarding post-sale

-28-

company documents authored by Dr. Meng Chen"); DE 279 (plaintiffs' motion to admit); DE 288 (defendants' opposition).] These documents related to "TVT", a vaginal mesh product sold by defendants prior to Prolift entering the market and which was made using the same polypropylene material as Prolift. At trial, Ethicon objected to deposition testimony from Dr. Chen because I limited defense counsel's cross-examination of plaintiffs' expert Dr. Elliott concerning TVT only to issues related to development of Prolift. [Trial Tr. 495:9-15 ("THE COURT: . . . I very specifically asked what the intention was as it relates to the TVT product, and the way it was pitched to me was: Well, it's very necessary to talk about the TVT in the development of a Prolift product, and that's what we're intending to talk about the TVT. This is getting beyond that.").]

I allowed Dr. Chen's testimony in a limited fashion because I found testimony concerning complications with TVT, a separate but similar device, was relevant to defendants' decisions to use polypropylene mesh material in Prolift as well. [Trial Tr. 1053:1-5 ("THE COURT: I do think that polypropylene and how it is made and the fact that it is used in the Prolift is relevant to this case; that it sort of sets the framework for the development of the sling, kind of led to the development of the Prolift.").] That is what Dr. Chen's testimony concerned. Ethicon offers nothing in the way of new argument on its belated objection to having Dr. Chen's testimony barred in full and I see no occasion to revisit my ruling or grant a new trial on this basis.

-29-

### 4. Failure to Warn and Causation Jury Instructions

Ethicon submits that two specific jury instructions contained misstatements of law which prejudiced it by either misleading or confusing the jury. Specifically, Ethicon claims that it was prejudicial error to exclude its proposed qualifier "not commonly known" in Instruction 20 as to Mrs. Kaiser's failure to warn claim, and in rejecting its additional instruction as to general and specific medical causation. [DE 416 at 40-41.] "To obtain a new trial based on incorrect jury instructions, [Ethicon] must establish that (1) the instructions did not accurately state the law, and (2) the error prejudiced [it] because the jury was likely to be misled or confused." *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 733 (7th Cir. 2013). This is a high bar to clear and Ethicon has not convinced me that the jury instructions contained any actual misstatements of law whatsoever, but instead continues to simply press its own linguistic preferences which deviate from the Indiana Model Instructions.

Ethicon asked for a jury instruction which would state that their duty to warn was limited to risks "not commonly known" to pelvic floor surgeons. Without this additional qualifier to Instruction 20, Ethicon argues this resulted in an improper jury instruction which misleadingly suggested there was "a duty to warn of all potential risks of Prolift." [DE 416 at 40.] Taken in isolation, that could possibly have been a colorable argument, but jury instructions cannot be read in isolation and instead should be considered "as a whole" to determine whether or not they contain misstatements of law which may have misled or confused the jury. *Johnson*, 733 F.3d at 732. The substance

-30-

of Ethicon's requested modification to Instruction 20 was already captured in

Instruction 22, which explained that: "A medical device is 'unreasonably dangerous' if

it exposes a patient to a risk of physical harm beyond that contemplated by an ordinary

user of the product who uses the product with ordinary knowledge about the product's

characteristics. An ordinary user of the product in this case is the community of pelvic

floor surgeons." [DE 402 at 23.] This instruction, coupled with Instruction 20, made clear

to the jury that they were to consider the knowledge of the community of pelvic floor

surgeons in determining whether or not Ethicon adequately warned this defined group

of "ordinary users" as to Prolift's risks. There was thus no misstatement of law and no

error.

     Ethicon next challenges the jury instructions as to causation, claiming that my

exclusion of two if its proposed jury instructions on this issue meant that the jury

instructions contained misstatements of law which likely misled the jury. Instruction 25,

the causation instruction, from the Indiana Model Instructions stated that "A

manufacturer's conduct is legally responsible for causing an injury if: (1) the injury

would not have occurred without the conduct, and (2) the injury was a natural,

probable, and foreseeable result of the conduct. This is called a "responsible cause."

There can be more than one responsible cause for an injury." [DE 402 at 26.]

     Ethicon claims that this instruction fails to sufficiently capture specific causation.

But this instruction makes clear that a plaintiff must prove that "the injury would not

have occurred without the conduct." *[Id.]* That ***is*** specific causation. Adding an

<div align="center">-31-</div>

additional requirement that "a different warning would have changed the treating physician's treating decision," [DE 416 at 41], would have imposed an additional requirement that is not an element of causation under Indiana law. *See Lapsley,* 689 F.3d at 814; *see also Tucker v. SmithKline Beecham Corp.*, 701 F. Supp. 2d 1040, 1067 (S.D. Ind. 2010) (denying summary judgment on failure to warn because even if evidence was not "definitive either way" on causation, there was sufficient evidence to submit the claim to the jury because prescribing physician testified he would have "considered" a stronger warning in making any prescribing decision). Second, Ethicon claims there should have been an additional causation instruction as to "general causation" and "specific causation" to capture that Mrs. Kaiser was required to show both that Prolift was capable of causing her injuries and that Prolift did actually cause her injuries. In essence, Ethicon argues that it would have preferred more parsed language on causation, but does not actually make any showing as to how Instruction 25 contained an incorrect statement of law. Greater detail—which presumably Ethicon hoped would result in a jury being less likely to find Prolift was the cause of Mrs. Kaiser's injuries—may have been Ethicon's preference, but it was not required under Indiana law and the jury was sufficiently instructed as to what a plaintiff's burden is on matters of causation in a product liability suit.

In sum, Instruction 25 accurately stated Indiana law on causation and Ethicon's proposed additional parsing of this element would not have prevented juror confusion

-32-

but instead likely heightened it by implying elements and requirements which were not strictly elements of Mrs. Kaiser's claim.

### E. Compensatory Damages

Having found that the jury's verdict in favor of Mrs. Kaiser was not irrational in and of itself, I must now consider whether that same evidence supports the amount of money the jury awarded Mrs. Kaiser. Ethicon challenges the jury's award of $10 million in compensatory damages, arguing that it is "grossly excessive" and unsupported by the evidence. [DE 416 at 42.]

As to compensatory damages "the jury's award may be vacated and a new trial granted only if the verdict is 'monstrously excessive' or if there is 'no rational connection between the evidence on damages and the verdict.'" *Inks v. Healthcare Distributors of Indiana, Inc.,* 901 F. Supp. 1403, 1409 (N.D. Ind. 1995) (quoting *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 516 (7th Cir.1993)). "The verdict must stand unless there is no rational connection between the evidence and the jury's award." *Id.*

To determine whether this is the case, there are three key considerations: "(1) whether the award is 'monstrously excessive,' (2) whether there is no rational connection between the award and the evidence; and (3) whether the award is comparable to those in similar cases." *Marion County Coroner's Office v. EEOC*, 612 F.3d 924, 930-31 (7th Cir. 2010). "A monstrously excessive verdict is one that is 'a product of passion and prejudice.'" *Adams v. City of Chicago,* 798 F.3d 539, 543 (7th Cir. 2015) (quoting *Fleming v. Cnty. of Kane,* 898 F.2d 553, 561 (7th Cir. 1990)). "In order to

-33-

determine whether the jury's verdict was irrational, the district court must review the trial record as a whole in the light most favorable to the verdict. This perspective is essential, if we are to preserve the jury's role as the trier of fact." *Adams*, 798 F.3d at 543. The third factor helps guide the determination of whether the award is excessive, but one cannot simply extrapolate that an award is excessive if it is greater than an award in a prior comparable cases. "Awards in other cases provide a reference point that assists the court in assessing reasonableness; they do not establish a range beyond which awards are necessarily excessive." *Farfaras v. Citizens Bank & Tr. of Chicago,* 433 F.3d 558, 566–67 (7th Cir. 2006).

Mrs. Kaiser's injuries were non-economic in nature, consisting primarily of pain and suffering, and "these harms are difficult to monetize." *Maldonado v. Sinai Medical Grp., Inc.* 706 F. Supp.2d 882, 887 (N.D. Ill. 2010). Putting a number of long-term physical pain and suffering will never be an exact science. *Jutzi-Johnson v. United States*, 263 F.3d 753, 758 (7th Cir. 2001) ("The problem of figuring out how to value pain and suffering is acute, however. Various solutions, none wholly satisfactory, have been suggested . . ."). Nor can we expect a jury to apply some sort of methodical calculation to the award in part because "[j]uries do not explain their reasoning process." *Id.*

To be sure, there was persuasive evidence from both Mr. and Mrs. Kasier that the pain and agony that she experiences on a daily basis from the mesh that remains in her body to this day is both real and debilitating.  She endured a second painful surgery in an effort to have the mesh removed, but much of it still remains. Mrs. Kaiser testified,

-34-

and her husband confirmed, that she lives in constant pain. For these injuries, the jury determined $10 million was appropriate. While an eight figure sum is a lot of money and larger than many other serious personal injury cases, it is not "monstrously excessive" compared to other vaginal mesh personal injury cases. Ethicon makes much of the fact that juries have awarded smaller amounts of damages in other Indiana cases involving physical injury, many of which involved catastrophic physical injury. [DE 416 at 44 (citing *Westray v. Wright*, 834 N.E. 2d 173 (Ind. Ct. App. 2005) and *Mitchell v. Baynes*, Monroe County Circuit Court (J. Verds. Repts Aug. 5, 2005).] Likewise, Ethicon points me to several Indiana cases where minor injuries resulted in awards which were reduced by the trial court. [*Id.* at 43.]

But I believe other vaginal mesh cases provide a more apt comparison, as this case is but one of tens of thousands of vaginal mesh cases that has been filed, many of which are still pending before the MDL Court in West Virginia. And many of these have been tried, resulting in verdicts of several million dollars. Indeed, a Pennsylvania appellate court recently affirmed a $5.5 million dollar compensatory (and $7 million punitive damage) award against Ethicon in a Prolift case. *Hammons v. Ethicon, Inc.*, 2018 PA Super 172, 2018 WL 3030754 (Pa. Super. Ct. June 19, 2018); *see also Gross v. Gynecare*, No. A-0011-14T2, 2016 WL 1192556, at *1 (N.J. Super. Ct. App. Div. Mar. 29, 2016) (affirming multimillion dollar award in Prolift case).

The fact the jury's award here is higher than in many of the Indiana cases cited by Ethicon, does not make this jury's compensatory damage award improper. "It is

-35-

entirely possible that another jury might have evaluated [Mrs. Kaiser's] damages more modestly, but that is not the standard." *Adams*, 798 F.3d at 543. "Awards in other cases provide a reference point that assists the court in assessing reasonableness; they do not establish a range beyond which awards are necessarily excessive." *Farfaras,* 433 F.3d at 566–67. I am aware of no principle of Indiana law that would otherwise limit Mrs. Kaiser's damages.

The final aspect of compensatory damages to address is whether a reduction in the award is proper given that the amount the jury awarded was actually more than Mrs. Kaiser's counsel had requested. This is a tougher call. During closing arguments, plaintiffs' counsel asked for between $7 million and $9 million. [Trial Tr. 1675:2-7.] On one hand, there is something seemingly excessive about awarding Mrs. Kaiser more than her attorneys requested. But on the other hand, awarding her approximately 10-25% more does not seem ***monstrously*** excessive, given that the jury clearly felt that Mrs. Kaiser's physical pain and suffering justified a large damage award. Given that the jury's award was only slightly larger than what plaintiffs' counsel requested on a percentage basis, I will not reduce the amount of compensatory damages. *See, e.g., Davis v. Bamford, Inc.,* No. 8:11CV69, 2012 WL 3583184, at *3 (D. Neb. Aug. 20, 2012) (finding $7 million personal injury award not excessive under Nebraska law even though greater than requested in plaintiffs' closing argument given extent of physical injuries); *see also Jutzi-Johnson*, 263 F.3d at 761 (reversing verdict in favor of plaintiff and noting impropriety of $1.6 million award when plaintiff requested only $300,000 to $600,000).

-36-

### F. Punitive Damages

The next issue to consider is the award of punitive damages. Despite my reservations to the contrary, all parties agreed that the New Jersey Punitive Damages Act governed that discreet issue in this case. I raised the issue about the applicability of New Jersey punitive damages law at least twice prior to trial because I was a little mystified as to why New Jersey law would apply to a tort that took place in Indiana. But the parties insisted that they had come to an agreement that New Jersey law should apply to the punitive damages issue, and so I yielded.

There are two issues to be considered as it relates to punitive damages: first, was there sufficient evidence to support an award of punitive damages; and if so, should the amount be reduced? I will take those issues up next.

### 1. Was There Sufficient Evidence for Punitive Damages to be Awarded?

Under New Jersey law, punitive damages are allowed "if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J. Stat. Ann. § 2A:15-5.12(a). Four factors apply: "(1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct; (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct; (3) The conduct of the defendant upon learning that its initial conduct would likely cause

-37-

harm; and (4) The duration of the conduct or any concealment of it by the defendant."
*Ceasar v. Flemington Car & Truck Country*, No. A-1464-12T3, 2014 WL 1613422, at *10–11
(N.J. Super. Ct. App. Div. Apr. 23, 2014).

"[C]ircumstances of aggravation and outrage, beyond the simple commission of
a tort, are required for an award of punitive damages. In other words, mere negligence,
however gross, is not enough." *Pavlova v. Mint Mgmt. Corp.*, 868 A.2d 322, 326 (N.J.
Super. Ct. App. Div. 2005) (citation omitted). In the products liability arena, whether
punitive damages are allowed "may turn on whether the manufacturer wantonly
disregarded a high probability that injury would occur once the defect manifested itself
in the situation that the plaintiff encountered." *Zakrocki v. Ford Motor Co.*, No. L-10179-
02, 2009 WL 2243986, at *23 (N.J. Super. App. Div. July 29, 2009). Put another way,
"where the manufacturer knew of the dangers created by its product and failed to warn
users of serious health hazards," punitive damages may be allowed. *Gross v. Gynecare*,
No. L-6966-10, 2016 WL 1192556, at *26 (N.J. Super. Ct. App. Div. 2016).

Ethicon raises various arguments in support of its position, namely that Prolift
was a useful product, which met a real demand amongst surgeons, was an
improvement over previously available vaginal meshes, and "underwent an extensive
design, design validation, and design verification process." [DE 416 at 24-25.] This may
all well be very true and Ethicon certainly submitted evidence in support this. But there
was also evidence that Ethicon was aware of the dangers and problems associated with
Prolift but chose to launch it any way, and that after further problems continued to arise

-38-

once on the market, Ethicon continued to market it as-is without disclosing these risks to surgeons.

For example, there was testimony that nearly a year before Prolift's launch, there were concerns about mesh shrinkage. [Trial Tr. 359:4-360:4; Ex. P0521.] At launch, Ethicon knew that Prolift's mesh would need to be replaced with a new type of mesh, but the product was marketed nonetheless. [Trial Tr. 364:2-22.] This was not disclosed to surgeons performing procedures with Prolift. [*Id.*] Indeed, in an internal Ethicon email from October 2008, years after Prolift was launched and approximately three months before Mrs. Kaiser had her surgery, refers to this problematic mesh material as the "best of a bad lot." [DE 395, Ex. A, Robinson Tr. 552:16-554:2.] And the IFU, the key place where risks related to Prolift should have been disclosed in order to apprise surgeons, failed to reference the known likely types of pain, including pain associated with intercourse as experienced by Mrs. Kaiser. [Trial Tr. 393:3-17, 397:1-12; DE 395, Ex. B Klinge Tr. 1018:2-24.] The jury was entitled to credit this evidence.

Lastly, it is worth noting that appellate courts in other states (applying New Jersey law of punitive damages) have affirmed substantial punitive damage awards on similar facts in Prolift vaginal mesh cases. *Gross*, 2016 WL 1192556, at *1 (affirming $7.76 punitive damage award in Prolift vaginal mesh case); *Hammons*, 2018 PA Super 172 (affirming $7 million punitive damage award in Prolift vaginal mesh case). While these decisions do not by any means dictate or control the outcome here, they mollify any notion that the jury here behaved irrationally or contrary to New Jersey law.

<center>-39-</center>

### 2. Should the Punitive Damage Award be Reduced?

The final issue to address is whether, having accepted that Mrs. Kaiser was entitled to punitive damages as a matter of law, a remittitur of the $25 million amount awarded is necessary. I have thus far found all of Ethicon's arguments unpersuasive and upheld the jury's verdict, but on this issue I must cut the other way. The amount of the jury's punitive damage award is not reasonable and justified in this case.

Independent review by the trial court of any punitive damage award is mandatory under New Jersey law. "Before entering judgment for an award of punitive damages, the trial judge *shall* ascertain that the award is reasonable in its amount and justified in the circumstances of the case, in light of the purpose to punish the defendant and to deter that defendant from repeating such conduct." N.J. Stat. Ann. § 2A:15-5.14(a) (emphasis added); *Inter Med. Supplies Ltd. v. EBI Med. Sys., Inc.*, 975 F. Supp. 681, 699 (D.N.J. 1997), *aff'd and remanded*, 181 F.3d 446 (3rd Cir. 1999) (holding that New Jersey Punitive Damages Act mandates "greater judicial scrutiny of jury awards than had existed under the common law"). The statute further empowers me to reduce or eliminate the award "[i]f necessary to satisfy the requirements" listed in the previous sentence. *Id.*

The New Jersey Punitive Damages Act further imposes a statutory cap on punitive damages. Under this law, punitive damages can be no more than five times the compensatory damages. N.J. Stat. Ann. § 2A:15–5.14(b). Of course, the jury's $25 million award is within this cap, representing "only" 2.5 times the jury's compensatory

-40-

damages award. But, as other courts applying New Jersey's punitive damages regime have noted, when considering multi-million dollar awards, "the ratio alone is of little assistance" because "one naturally expects a much lower ratio when a substantial award of compensatory damages has been made[.]" *Inter Med. Supplies,* 975 F. Supp. at 701.

There is also a constitutional component to my review of the punitive damages awarded. In that regard, when evaluating punitive damages awards, the Supreme Court has instructed me to consider three guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (citation omitted).

As discussed, there was evidence which tended to show Ethicon was well aware of known risks associated with Prolift and either recklessly or intentionally concealed those risks for years. The jury further heard many details of Mrs. Kaiser's physical pain and suffering which were the result of defendant's conduct. Furthermore, the jury heard evidence regarding defendants' net worth (both are multi-billion dollar corporations), but also heard evidence regarding defendants' actual profits made off of Prolift in Indiana. The punitive damages in this case were only to address them as to Indiana (as opposed to nationwide or in other states given the many other pending

-41-

lawsuits involving Prolift against defendants). *See Philip Morris USA v. Williams,* 549
U.S. 346, 353 (2007) (reiterating holding that states may not impose their policy
preferences as to punitive damages on neighboring states). Importantly, defendants'
profitability from Prolift was a little over $150,000 in Indiana. [Trial Tr. 1060:2.] This fact
gives me pause and causes doubt as to the reasonableness of the punitive damage
award in this case given that New Jersey law requires that "[t]he profitability of the
misconduct of the defendant" to be an express consideration in determining the amount
of punitive damages to award. N.J. Stat. Ann. § 2A:15-5.12(c)(2). Thus while "[a]n
otherwise valid award of punitive damages will not be set aside unless 'manifestly
outrageous' or 'clearly excessive,'" I believe this is such a case. *Smith v. Whitaker*, A.2d
243, 254 (N.J 1999) (citations omitted). That is because "an award of punitive damages
does not logically depend on the extent of the injury sustained by an individual
plaintiff. Rather, 'the amount of such an award is determined from the perspective of
the defendant.'" *Id.* at 255 (citations omitted). Here, while the jury heard evidence and
the parties stipulated to defendants' net worth being $70 billion, the award of $25
million represents over 166 times the amount of relevant profits earned by defendants
which from the perspective of the defendant is clearly excessive.

Having determined that a remittitur is warranted, I must now determine a
number. Admittedly, this remains an inexact science but there remains guidance as to
what the punitive damages award should be. Here, the jury's $10 million compensatory
award is sizable and larger than many other Prolift vaginal mesh verdicts. And "[w]hen

-42-

compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." *Campbell,* 538 U.S. at 425. I believe this statement from the Supreme Court is applicable here, given the size of the compensatory damage award in this case. *See also Davids v. Novartis Pharm. Corp.*, 977 F. Supp. 2d 171, 184 (E.D.N.Y. 2013) (applying New Jersey Punitive Damages Act in products liability case) ("[G]iven the large compensatory damages awarded in this case, the Court finds that requires a further reduction in the punitive damages award from five times the compensatory damages to twice the compensatory damages[.]"); *Inter Med. Supplies,* 975 F. Supp. at 701 (remitting $106 million dollar punitive damage award to $50 million under New Jersey law when compensatory damages were approximately $48 million); *Ceasar*, 2014 WL 1613422, at *15 (affirming remittance of punitive damages to $3 million from $5.5 million when compensatory damages were $2 million).

Given the foregoing authority, I will remit the jury's original $25 million punitive damage award to a 1:1 ratio, or $10 million. This is a reasonable award, in line with both the Supreme Court's due process jurisprudence on punitive damages and the New Jersey Punitive Damages Act. And given that Ethicon's profits in Indiana were approximately $150,000, a $10 million award remains substantial, which serves New Jersey's Punitive Damages Act's goal of ensuring that "the wrongdoing does not become a cost of business for the defendant." *Tarr v. Bob Ciasulli's Mack Auto Mall, Inc.*, 943 A.2d 866, 872 (N.J. 2008); *Smith*, 734 A.2d at 255 ("[T]he amount awarded should be

-43-

sufficient to serve the purpose of deterring future misconduct by defendant."); *see also Inter Med. Supplies*, 975 F. Supp. at 700 (reducing punitive damage award from $106 million to $50 million where profits realized from wrongful conduct were estimated at $97 million).

Of course, I cannot within my constitutional powers simply reduce the amount of punitive damages that the jury awarded by fiat. *Hetzel v. Prince William Cty., Va.*, 523 U.S. 208, 211 (1998) ("[I]n accord with the Seventh Amendment's prohibition on the reexamination of facts determined by a jury, a court has no authority, upon a motion for a new trial, 'according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury.'") (quoting *Kennon v. Gilmer*, 131 U.S. 22, 29 (1889); Wright & Miller, Fed. Prac. & Proc. Civ. § 2815 (3d ed.); *Inter Med. Supplies*, 975 F. Supp. at 702 ("A district court that finds the amount of an award of damages to be excessive cannot merely order a reduction in the award. The court can, however, order a new trial limited to the issue of damages, or condition the denial of a new trial on plaintiff's acceptance of the reduced damage award.") (citations omitted). Instead, having found the amount of punitive damages awarded in this case excessive, I will conditionally grant Ethicon's motion for a new trial as to the amount of punitive damages, subject to Mrs. Kaiser not accepting of a reduced $10 million punitive damage award. That is, Mrs. Kaiser now faces a choice: she can either accept a reduced punitive damage award

-44-

(and thus be awarded $20 million dollars in total compared to the original $35 million awarded by the jury) or I will order a new trial on the issue of punitive damages.

### Conclusion

Therefore, for the reasons stated above, the Court:

A.   DENIES defendants Johnson & Johnson and Ethicon, Inc's motion for judgment notwithstanding the verdict; and

B.   DENIES defendants Johnson & Johnson and Ethicon, Inc.'s motion for a new trial; and

C.   DENIES defendants Johnson & Johnson and Ethicon, Inc.'s motion for remittitur of the jury's compensatory damage award; and

D.   GRANTS defendants Johnson & Johnson and Ethicon, Inc.'s motion for remittitur of the jury's punitive damage award to $10 million.

Within 14 days, plaintiff shall inform defendants whether or not she will accept the remittitur and the parties will inform the Court within 21 days of their decision as to the remittitur of punitive damages.

SO ORDERED on August 8, 2018.

/s/ Philip P. Simon _____
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

-45-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA KAISER and ANTON KAISER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:17-cv-00114-PPS-JEM |
| v. ) | |
| ) | |
| JOHNSON & JOHNSON and ETHICON, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Presently before me is plaintiff Barbara Kaiser's motion for a bill of costs. [DE 409.] After a two week trial in this products liability case involving defendants' vaginal mesh product Prolift, the jury sided with Mrs. Kaiser and found in her favor on her failure to warn and design defect claims. The jury awarded Mrs. Kaiser $10 million in compensatory damages and $25 million in punitive damages. The jury found in the defendants' favor on the claim of loss of consortium brought by Anton Kaiser, Mrs. Kaiser's husband. In my recent opinion on post trial motions I affirmed the jury's verdict on compensatory damages but I reduced the amount of punitive damages awarded by $15 million. [DE 483.] Mrs. Kaiser has accepted the punitive damages award remittitur, bringing her total award in this case to $20 million. [DE 424.]

Through her motion, Mrs. Kaiser seeks taxable costs of $98,646.00. Defendants Johnson & Johnson and Ethicon, Inc. (referred to collectively as Ethicon) oppose Mrs. Kaiser's motion, arguing that she is not entitled to costs because she was not actually a

-1-

prevailing party; or in the alternative, argues that I should reduce the amount of costs awarded by 50% in light of the jury's verdict against her husband. Finally, Ethicon makes additional arguments as to specific costs sought, asking that I reduce various costs on account of them being unsupported or unnecessary convenience costs, as opposed to reasonable costs associated with the suit.

### Discussion

Motions for bills of costs are governed by 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). While the determination of the amount of an award of costs is a determination subject to my discretion, the Seventh Circuit has held that there is a "presumption in favor of awarding costs to the prevailing party" which is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997). "[T]he court must award costs unless it states good reasons for denying them." *Id.* (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* (citation omitted). No one argues that Mrs. Kaiser engaged in any misconduct, nor is there any question as to whether defendants can afford to pay her requested costs. As such, "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

-2-

**A. Mrs. Kaiser is a Prevailing Party Entitled to Her Costs.**

Ethicon's first argument, that Kaiser is not a prevailing party because the jury found in Ethicon's favor on Mrs. Kaiser's husband's loss of consortium claim, barely passes the straight-face test. It is true that the jury's verdict was "mixed" in the sense that they found in Mrs. Kaiser's favor on both of her claims, but found in favor of Ethicon on Mr. Kaiser's sole claim. But complete success, on all claims, by all parties, is not a prerequisite to being a "prevailing party." A party is a prevailing party if it gets "substantial relief" in the lawsuit, "even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (citation omitted). Here, Mrs. Kaiser was awarded a very substantial eight-figure judgment against defendants and prevailed on both of her claims. As such, "[b]y any definition, [she] won the battle." *Id.*

Next, defendants argue that because there were two plaintiffs, one who prevailed and one who did not, I should exercise my discretion to mechanically halve the award of costs by 50%. Such a rote approach has the benefit of simplicity but it's divorced from reality. Mrs. Kaiser earned a whopping verdict in this case. Splitting the baby in this instance would be anything but Solomonic wisdom, given the nature of this case and the claims at issue.

Absent Mrs. Kaiser's injuries and claims, Mr. Kaiser could not have asserted a claim against Ethicon because his loss of consortium stemmed from Mrs. Kaiser's injuries. In other words, "[a] claim of a loss of consortium is derivative in nature." *Miller v. Cent. Indiana Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (citing *Arthur*

-3-

*v. Arthur*, 296 N.E.2d 912, 913 (Ind. Ct. App. 1973)); *Bailor v. Salvation Army*, 854 F. Supp. 1341, 1356 (N.D. Ind. 1994), *aff'd*, 51 F.3d 678 (7th Cir. 1995) ("A claim of loss of consortium is derivative in nature.... [It] derives it viability from the validity of the claim of the injured spouse.... Where ... the claim of the injured spouse against the alleged tortfeasor has been abrogated by statute, the right of the other spouse to recover for loss of consortium cannot exist.") (citations omitted and alterations in original). There is no reliable method by which I can untangle or cut out Mr. Kaiser's costs from Mrs. Kaiser's with confidence. Ethicon has pointed me to no costs which related solely to Mr. Kaiser's claim and which would not have been reasonably undertaken in connection with the claims of his wife. For example, Mrs. Kaiser would have paid the clerk's filing fee of $350.00, regardless of whether her husband pursued his loss of consortium claim or not. It would be a strange result to only award her $175.00 of the filing fee. In sum, under the circumstances of this case, chopping the costs in half simply makes no sense.

**B. Certain of Mrs. Kaiser's Claimed Costs Are Not Recoverable.**

Next, I will address the specific categories and subcategories of taxable costs that Ethicon challenges. I address each category in turn.

**1. Exemplification Costs.**

The costs of copying and exemplification of documents are included as taxable costs. 28 U.S.C. § 1920(4). The Seventh Circuit has taken a broad approach to what is to be included as "exemplification" to take into account inevitable advances in technology

-4-

which work their way into the court room via sophisticated trials. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("[E]xemplification must be read broadly to include a wide variety of exhibits and demonstrative aids which includes standard charts and graphs as well as high-end computer-based, multi-media displays.").

Mrs. Kaiser seeks $46,747.50 in exemplification costs. The bulk of these ($43,687.50) relate to video technician time and equipment rental, related to the twelve witnesses who testified via videotaped deposition testimony created by and played by plaintiff during trial. The time spent condensing and editing such video has been found to be taxable by courts in similar cases. In particular, plaintiffs direct me the recent opinion in *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *17 (N.D. Ill. Mar. 23, 2018), another vaginal mesh case, in which such costs (for the same trial technology firm) were found to be taxable. While I agree with *Springer* that such costs may properly be taxed, I also agree that, like in *Springer*, Mrs. Kaiser has failed to articulate why the amount requested here is reasonable. *Id.* ("Herrera does not attempt to explain, however, why $33,860.00 was a reasonable amount to spend on these exemplification efforts.") (emphasis in original). The only justification offered here is that plaintiffs' counsel used the same company as in *Springer*, and "[i]f counsel did not believe that the rates charged by Video Instanter were reasonable costs, counsel would not continue to utilize their services at trial." [DE 420 at 5-6.] This appears to be nothing more than an *ipse dixit* justification for the amounts spent, which is particularly troubling since plaintiffs' counsel had the *Springer* decision in hand at the time they filed their motion

-5-

for a bill of cost in this case. The court in *Springer* reduced the amount by 50%. Given plaintiff's counsel similarly fails to offer a justification as to why these costs are reasonable in this case, I too will exercise my discretion and cut the amount sought by 50% to $23,373.75.

Ethicon further challenges the $3,060.00 sought by plaintiff related to exhibit boards used in connection with the expert testimony of Dr. Vladimir Iakovlev as a demonstrative aid. Ethicon posits that these were an unnecessary extravagance and that instead, plaintiff could have simply put photos up on the court's Elmo projector. [DE 414 at 5.] I disagree and find that these were necessary and helpful demonstrative exhibits which are supported by adequate invoices. Thus Mrs. Kaiser will be awarded $26,433.75 in exemplification costs.

### 2. Deposition Transcript Costs.

The parties agree that Mrs. Kaiser should recoup the costs of deposition transcripts, but disagree as to the proper rate and as to what all should be considered to be part of the transcript. Ethicon argues that plaintiff should only be able to recover the per-page cost of the transcript and not costs related to the scanning of exhibits, rough drafts, shipping and handling, or video recordings of the same depositions. [DE 414 at 8.] I generally agree with Ethicon, as outlined below.

Plaintiff originally sought the actual costs of numerous deposition transcripts, but on reply she appears to concede that the appropriate rate is the one established by the United States Judicial Conference. [DE 420 at 7.] But the parties disagree as to what

that rate is. Ethicon says this is $0.90 a page, but that is the allowable cost for the first

*copy*, not for the original per-page cost of the transcript, which is $3.65 per page. *See*

United States District Court Northern District of Indiana, General Order 2018-3, *available*

*at* http://www.innd.uscourts.gov/sites/innd/files/2018-3.pdf (last visited August 14,

2018). Plaintiff is thus entitled to recover no more than $3.65 per page for each

deposition. Based upon my review of the relevant invoices, the total number of

deposition pages transcribed sought by plaintiff is 1,647. Of this total, 1,003 pages were

actually billed at a rate $3.25, and plaintiff should not recover more than her actual

costs, or $3,259.75, for these transcripts. The remaining 644 pages were billed at a rate

above $3.65, but that is the maximum rate plaintiff may recover. Plaintiff is thus

awarded $5,610.35 for her deposition transcription costs.

Deposition exhibits (including the cost of scanning them) are in certain

circumstances "incidental" to a deposition and thus may at times be recoverable. *See*

*Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). But they are not always so,

especially when a plaintiff makes no showing as to why they were necessary, and not

merely a convenience of counsel. Plaintiff has not done so here, and so she may not

recover those costs. Concerning rush charges and shipping and handling, the only cost

plaintiff attempts to justify are those relating to the deposition of Anton Kaiser, which

was taken on January 15, 2018, a little over a month before trial. [DE 420 at 9.] While

that is not months or years before trial as may be the norm, plaintiff fails to articulate

-7-

why normal processing time would have taken more than a month. Consequently, in my discretion I deny all of these ancillary deposition transcript costs sought by plaintiff.

Concerning video recordings of depositions, plaintiff states that "Ethicon obtained a video recording of the depositions of Dr. Bales and Dr. Johnson" but says nothing of the depositions of any other witnesses. [DE 420 at 10.] This leads me to conclude that Ethicon did not obtain videos of these other depositions, and thus per plaintiff's own argument, she may recover only for the video recordings of Dr. Bales's and Dr. Johnson's depositions, which based upon the submitted invoices appears to be $1,544.00. Plaintiff's request for additional copies of DVDs, captures of video recordings to MPEG 1 format and syncing appear to be costs more accurately described as conveniences (and in any event were not justified by plaintiff in her briefs) and thus are not recoverable.

In addition, Kaiser seeks $18,545.00 in costs relating to "Downloading & Unzipping Sync Data for Video Depositions played at trial" and "Video Deposition Clip Editing for Multiple Video Deposition Witnesses." [DE 410 at 6-7.] These appear to be video-editing related costs associated with preparing deposition videos for trial preparation given that they were invoiced on February 29, 2018 and March 9, 2019. As discussed above, plaintiff is entitled to recover this technician time as it relates to exemplification costs, but at a 50% reduced rate given the continued inability to articulate the reasonableness of the rates charged. Plaintiff may thus recover $9,272.50 for those charges.

-8-

### 3. Trial Transcript Costs.

Plaintiff seeks $7,602.10 in costs associated with court proceeding transcripts, specifically for trial transcripts for February 26, 2018 to March 8, 2018, as well as a transcript of the November 28, 2017 motion hearing. Defendants challenge the necessity of these transcripts, but I disagree. Plaintiff convincingly argues that these transcripts were necessary "to prepare for the cross examination of witnesses, closing argument, responding to Defendants' Motion for Judgment as a Matter of Law, and to prepare for post-trial motions" as well as to have a "written record of the Court's oral rulings on several pretrial motions." [DE 410 at 4.] It is unclear what further justification defendants believe is required, and I find plaintiff's stated reasons sufficient. Thus I will award Mrs. Kaiser $7,602.10 in trial and pretrial transcript costs.

### C. Expert Witness Fees, Clerk's Fees, and Copying Costs.

Defendants do not challenge the witness fees ($11,922.00), Clerk's costs ($350.00), or copying costs ($969.80) sought by Mrs. Kaiser. Because these costs are properly taxable under 28 U.S.C. § 1920, I will award Mrs. Kaiser the sought-amount, totaling $13,241.80.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for a Bill of Costs [DE 409], is GRANTED in part. Defendants are ordered to pay plaintiff $62,174.5 in taxable costs, in accordance with this opinion.

So ORDERED on August 20, 2018.

-9-

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

-10-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA KAISER and ANTON KAISER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00114-PPS-JEM |
| | ) | |
| JOHNSON & JOHNSON and ETHICON, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Presently before me is plaintiff Barbara Kaiser's motion for a bill of costs. [DE 409.] After a two week trial in this products liability case involving defendants' vaginal mesh product Prolift, the jury sided with Mrs. Kaiser and found in her favor on her failure to warn and design defect claims. The jury awarded Mrs. Kaiser $10 million in compensatory damages and $25 million in punitive damages. The jury found in the defendants' favor on the claim of loss of consortium brought by Anton Kaiser, Mrs. Kaiser's husband. In my recent opinion on post trial motions I affirmed the jury's verdict on compensatory damages but I reduced the amount of punitive damages awarded by $15 million. [DE 483.] Mrs. Kaiser has accepted the punitive damages award remittitur, bringing her total award in this case to $20 million. [DE 424.]

Through her motion, Mrs. Kaiser seeks taxable costs of $98,646.00. Defendants Johnson & Johnson and Ethicon, Inc. (referred to collectively as Ethicon) oppose Mrs. Kaiser's motion, arguing that she is not entitled to costs because she was not actually a

-1-

prevailing party; or in the alternative, argues that I should reduce the amount of costs awarded by 50% in light of the jury's verdict against her husband. Finally, Ethicon makes additional arguments as to specific costs sought, asking that I reduce various costs on account of them being unsupported or unnecessary convenience costs, as opposed to reasonable costs associated with the suit.

### Discussion

Motions for bills of costs are governed by 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). While the determination of the amount of an award of costs is a determination subject to my discretion, the Seventh Circuit has held that there is a "presumption in favor of awarding costs to the prevailing party" which is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997). "[T]he court must award costs unless it states good reasons for denying them." *Id.* (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* (citation omitted). No one argues that Mrs. Kaiser engaged in any misconduct, nor is there any question as to whether defendants can afford to pay her requested costs. As such, "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

-2-

### A. Mrs. Kaiser is a Prevailing Party Entitled to Her Costs.

Ethicon's first argument, that Kaiser is not a prevailing party because the jury found in Ethicon's favor on Mrs. Kaiser's husband's loss of consortium claim, barely passes the straight-face test. It is true that the jury's verdict was "mixed" in the sense that they found in Mrs. Kaiser's favor on both of her claims, but found in favor of Ethicon on Mr. Kaiser's sole claim. But complete success, on all claims, by all parties, is not a prerequisite to being a "prevailing party." A party is a prevailing party if it gets "substantial relief" in the lawsuit, "even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (citation omitted). Here, Mrs. Kaiser was awarded a very substantial eight-figure judgment against defendants and prevailed on both of her claims. As such, "[b]y any definition, [she] won the battle." *Id.*

Next, defendants argue that because there were two plaintiffs, one who prevailed and one who did not, I should exercise my discretion to mechanically halve the award of costs by 50%. Such a rote approach has the benefit of simplicity but it's divorced from reality. Mrs. Kaiser earned a whopping verdict in this case. Splitting the baby in this instance would be anything but Solomonic wisdom, given the nature of this case and the claims at issue.

Absent Mrs. Kaiser's injuries and claims, Mr. Kaiser could not have asserted a claim against Ethicon because his loss of consortium stemmed from Mrs. Kaiser's injuries. In other words, "[a] claim of a loss of consortium is derivative in nature." *Miller v. Cent. Indiana Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (citing *Arthur*

-3-

*v. Arthur*, 296 N.E.2d 912, 913 (Ind. Ct. App. 1973)); *Bailor v. Salvation Army*, 854 F. Supp. 1341, 1356 (N.D. Ind. 1994), *aff'd*, 51 F.3d 678 (7th Cir. 1995) ("A claim of loss of consortium is derivative in nature.... [It] derives it viability from the validity of the claim of the injured spouse.... Where ... the claim of the injured spouse against the alleged tortfeasor has been abrogated by statute, the right of the other spouse to recover for loss of consortium cannot exist.") (citations omitted and alterations in original). There is no reliable method by which I can untangle or cut out Mr. Kaiser's costs from Mrs. Kaiser's with confidence. Ethicon has pointed me to no costs which related solely to Mr. Kaiser's claim and which would not have been reasonably undertaken in connection with the claims of his wife. For example, Mrs. Kaiser would have paid the clerk's filing fee of $350.00, regardless of whether her husband pursued his loss of consortium claim or not. It would be a strange result to only award her $175.00 of the filing fee. In sum, under the circumstances of this case, chopping the costs in half simply makes no sense.

### B. Certain of Mrs. Kaiser's Claimed Costs Are Not Recoverable.

Next, I will address the specific categories and subcategories of taxable costs that Ethicon challenges. I address each category in turn.

### 1. Exemplification Costs.

The costs of copying and exemplification of documents are included as taxable costs. 28 U.S.C. § 1920(4). The Seventh Circuit has taken a broad approach to what is to be included as "exemplification" to take into account inevitable advances in technology

-4-

which work their way into the court room via sophisticated trials. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("[E]xemplification must be read broadly to include a wide variety of exhibits and demonstrative aids which includes standard charts and graphs as well as high-end computer-based, multi-media displays.").

Mrs. Kaiser seeks $46,747.50 in exemplification costs. The bulk of these ($43,687.50) relate to video technician time and equipment rental, related to the twelve witnesses who testified via videotaped deposition testimony created by and played by plaintiff during trial. The time spent condensing and editing such video has been found to be taxable by courts in similar cases. In particular, plaintiffs direct me the recent opinion in *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *17 (N.D. Ill. Mar. 23, 2018), another vaginal mesh case, in which such costs (for the same trial technology firm) were found to be taxable. While I agree with *Springer* that such costs may properly be taxed, I also agree that, like in *Springer*, Mrs. Kaiser has failed to articulate why the amount requested here is reasonable. *Id.* ("Herrera does not attempt to explain, however, why $33,860.00 was a reasonable amount to spend on these exemplification efforts.") (emphasis in original). The only justification offered here is that plaintiffs' counsel used the same company as in *Springer*, and "[i]f counsel did not believe that the rates charged by Video Instanter were reasonable costs, counsel would not continue to utilize their services at trial." [DE 420 at 5-6.] This appears to be nothing more than an *ipse dixit* justification for the amounts spent, which is particularly troubling since plaintiffs' counsel had the *Springer* decision in hand at the time they filed their motion

-5-

for a bill of cost in this case. The court in *Springer* reduced the amount by 50%. Given plaintiff's counsel similarly fails to offer a justification as to why these costs are reasonable in this case, I too will exercise my discretion and cut the amount sought by 50% to $23,373.75.

Ethicon further challenges the $3,060.00 sought by plaintiff related to exhibit boards used in connection with the expert testimony of Dr. Vladimir Iakovlev as a demonstrative aid. Ethicon posits that these were an unnecessary extravagance and that instead, plaintiff could have simply put photos up on the court's Elmo projector. [DE 414 at 5.] I disagree and find that these were necessary and helpful demonstrative exhibits which are supported by adequate invoices. Thus Mrs. Kaiser will be awarded $26,433.75 in exemplification costs.

### 2. Deposition Transcript Costs.

The parties agree that Mrs. Kaiser should recoup the costs of deposition transcripts, but disagree as to the proper rate and as to what all should be considered to be part of the transcript. Ethicon argues that plaintiff should only be able to recover the per-page cost of the transcript and not costs related to the scanning of exhibits, rough drafts, shipping and handling, or video recordings of the same depositions. [DE 414 at 8.] I generally agree with Ethicon, as outlined below.

Plaintiff originally sought the actual costs of numerous deposition transcripts, but on reply she appears to concede that the appropriate rate is the one established by the United States Judicial Conference. [DE 420 at 7.] But the parties disagree as to what

-6-

that rate is. Ethicon says this is $0.90 a page, but that is the allowable cost for the first *copy*, not for the original per-page cost of the transcript, which is $3.65 per page. *See* United States District Court Northern District of Indiana, General Order 2018-3, *available at* http://www.innd.uscourts.gov/sites/innd/files/2018-3.pdf (last visited August 14, 2018). Plaintiff is thus entitled to recover no more than $3.65 per page for each deposition. Based upon my review of the relevant invoices, the total number of deposition pages transcribed sought by plaintiff is 1,647. Of this total, 1,003 pages were actually billed at a rate $3.25, and plaintiff should not recover more than her actual costs, or $3,259.75, for these transcripts. The remaining 644 pages were billed at a rate above $3.65, but that is the maximum rate plaintiff may recover. Plaintiff is thus awarded $5,610.35 for her deposition transcription costs.

Deposition exhibits (including the cost of scanning them) are in certain circumstances "incidental" to a deposition and thus may at times be recoverable. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). But they are not always so, especially when a plaintiff makes no showing as to why they were necessary, and not merely a convenience of counsel. Plaintiff has not done so here, and so she may not recover those costs. Concerning rush charges and shipping and handling, the only cost plaintiff attempts to justify are those relating to the deposition of Anton Kaiser, which was taken on January 15, 2018, a little over a month before trial. [DE 420 at 9.] While that is not months or years before trial as may be the norm, plaintiff fails to articulate

-7-

why normal processing time would have taken more than a month. Consequently, in my discretion I deny all of these ancillary deposition transcript costs sought by plaintiff.

Concerning video recordings of depositions, plaintiff states that "Ethicon obtained a video recording of the depositions of Dr. Bales and Dr. Johnson" but says nothing of the depositions of any other witnesses. [DE 420 at 10.] This leads me to conclude that Ethicon did not obtain videos of these other depositions, and thus per plaintiff's own argument, she may recover only for the video recordings of Dr. Bales's and Dr. Johnson's depositions, which based upon the submitted invoices appears to be $1,544.00. Plaintiff's request for additional copies of DVDs, captures of video recordings to MPEG 1 format and syncing appear to be costs more accurately described as conveniences (and in any event were not justified by plaintiff in her briefs) and thus are not recoverable.

In addition, Kaiser seeks $18,545.00 in costs relating to "Downloading & Unzipping Sync Data for Video Depositions played at trial" and "Video Deposition Clip Editing for Multiple Video Deposition Witnesses." [DE 410 at 6-7.] These appear to be video-editing related costs associated with preparing deposition videos for trial preparation given that they were invoiced on February 29, 2018 and March 9, 2019. As discussed above, plaintiff is entitled to recover this technician time as it relates to exemplification costs, but at a 50% reduced rate given the continued inability to articulate the reasonableness of the rates charged. Plaintiff may thus recover $9,272.50 for those charges.

-8-

### 3. Trial Transcript Costs.

Plaintiff seeks $7,602.10 in costs associated with court proceeding transcripts, specifically for trial transcripts for February 26, 2018 to March 8, 2018, as well as a transcript of the November 28, 2017 motion hearing. Defendants challenge the necessity of these transcripts, but I disagree. Plaintiff convincingly argues that these transcripts were necessary "to prepare for the cross examination of witnesses, closing argument, responding to Defendants' Motion for Judgment as a Matter of Law, and to prepare for post-trial motions" as well as to have a "written record of the Court's oral rulings on several pretrial motions." [DE 410 at 4.] It is unclear what further justification defendants believe is required, and I find plaintiff's stated reasons sufficient. Thus I will award Mrs. Kaiser $7,602.10 in trial and pretrial transcript costs.

### C. Expert Witness Fees, Clerk's Fees, and Copying Costs.

Defendants do not challenge the witness fees ($11,922.00), Clerk's costs ($350.00), or copying costs ($969.80) sought by Mrs. Kaiser. Because these costs are properly taxable under 28 U.S.C. § 1920, I will award Mrs. Kaiser the sought-amount, totaling $13,241.80.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for a Bill of Costs [DE 409], is GRANTED in part. Defendants are ordered to pay plaintiff $62,174.50 in taxable costs, in accordance with this opinion.

So ORDERED on August 20, 2018.

-9-

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

-10-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA KAISER and ANTON KAISER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:17-cv-00114-PPS-JEM |
| v. ) | |
| ) | |
| JOHNSON & JOHNSON and ETHICON, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Having received Plaintiff Barbara Kaiser's Notice of Acceptance of Remittitur, the Court finds that all motions of the types listed in Federal Rule of Civil Procedure 4(a)(4) have been disposed of and no further action in this case will be taken.

The Clerk is directed to enter a Final Judgment in this case in accordance with the Jury's verdict [DE 405] in favor of Plaintiff Barbara Kaiser on all of her claims and against Plaintiff Anton Kaiser on his claim, and as modified by the Court's August 8, 2018 Opinion and Order [DE 423] as to the amount of punitive damages, so that any appeal may be taken and further to CLOSE this case.

So ORDERED on August 20, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Northern District of Indiana

BARBARA KAISER and
ANTON KAISER

<div style="text-align:center">Plaintiff(s)</div>

v.                                          **Civil Action No.**      2:17cv114

JOHNSON & JOHNSON and
ETHICON INC

<div style="text-align:center">Defendant(s)</div>

<div style="text-align:center">

**AMENDED**
### JUDGMENT IN A CIVIL ACTION
</div>

The court has ordered that (*check one*):

**X**     Pursuant to the jury verdict, the Court has ordered that final judgment is entered in favor of Plaintiff, Barbara Kaiser, and against Defendants, Ethicon, Inc and Johnson & Johnson, as to Plaintiff, Barbara Kaiser's, design defect claim and failure to warn claim.

**X**     Pursuant to the jury verdict, the Plaintiff, Barbara Kaiser, shall recover compensatory damages from Defendants, Ethicon, Inc. And Johnson & Johnson, in the amount of ten million dollars ($10,000,000) plus post-judgment interest at the rate of 2.06 %.

**X**     Pursuant to the Opinion and Order dated August 8, 2018 and Plaintiff Barbara Kaiser's Notice of Acceptance of Remittitur filed August 10, 2018,  the Plaintiff, Barbara Kaiser, shall recover punitive damages from Defendants, Ethicon, Inc. and Johnson & Johnson, in the amount of ten million dollars ($10,000,000) plus post-judgment interest at the rate of 2.06 %.

**X**     Pursuant to the jury verdict, the Court has ordered that final judgment is entered in favor of Defendants, Ethicon, Inc and Johnson & Johnson, and against Plaintiff, Anton Kaiser, on Plaintiff, Anton Kaiser's, loss of consortium claim.

☐   the plaintiff recover nothing, the action is dismissed on the merits, and the defendant _____ recover costs from the plaintiff _____.

**X** Other:  Defendants, Johnson & Johnson and Ethicon Inc, are ordered to pay Plaintiff, Barbara Kaiser, Sixty-Two Thousand One Hundred Seventy-Four Dollars and Fifty Cents ($62,174.50) in taxable costs.

This action was (*check one):*

**X**   tried to a jury with Judge  Philip P. Simon   presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☐  decided  by  Judge _____


DATE:        8/21/18          ROBERT TRGOVICH, CLERK OF COURT

                           by   s/Monica Clawson _____
                              *Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **BARBARA KAISER and ANTON KAISER,**   ) | |
|     ) | |
|     **Plaintiffs,**     ) | |
|     ) | |
|     **v.**     ) | **Cause No. 2:17-cv-114-PPS-JEM** |
|     ) | **Honorable Philip P. Simon** |
| **JOHNSON & JOHNSON and**     ) | |
| **ETHICON, INC.,**     ) | |
|     ) | |
|     **Defendants.**     ) | |

**DEFENDANTS' NOTICE OF APPEAL**

Notice is hereby given that Defendants ETHICON, INC. and JOHNSON & JOHNSON in the above-captioned case hereby appeal to the United States Court of Appeals for the Seventh Circuit from the amended final judgment of the District Court, entered in this case on August 21, 2018 (Docket No. 427), and all interlocutory orders and determinations merged in or giving rise to that judgment, including but not limited to the original judgment, entered in this case on March 19, 2018 (Docker No. 408), and the following orders:

- the Order (Docket No. 425) entered on August 20, 2018 granting in part Plaintiffs' motion for bill of costs;

- the District Court's refusal to entertain Defendants' objection or give a curative instruction in response to Plaintiffs' improper closing argument;

- the District Court's ruling admitting testimony from Dr. Meng Chen regarding products that are not at issue in this case;

- the District Court's ruling rejecting Defendants' request for an instruction based on the "state of the art" defense;

- the District Court's ruling refusing to give an adequate instruction on the elements of Plaintiffs' failure-to-warn claim;

- the Order (Docket No. 423) entered on August 8, 2018 denying Defendants' renewed motion for judgment as a matter of law, denying Defendants' motion for a new trial, denying Defendants' motion for remittitur of compensatory damages, and denying in part Defendants' motion to reduce punitive damages;

- the Order (Docket No. 407) entered on March 16, 2018 denying Defendants' Motion to admit FDA evidence and granting Plaintiffs' motion *in limine* to exclude FDA evidence;

- the Order (Docket No. 350) entered on February 21, 2018 regarding admission of certain exhibits to the deposition of Meng Chen;

- the Order (Docket No. 348) entered on February 20, 2018 excluding certain evidence;

- the Order (Docket No. 329) entered on February 7, 2018 denying in part Defendants' motion to exclude testimony from Daniel Elliott, M.D.;

- the Order (Docket No. 156) entered on February 21, 2017 denying Defendants' motion for summary motion and denying in part Defendants' alternative motion for partial summary judgment;

- the Order (Docket No. 155) entered on February 14, 2017 denying in part Defendants' motion to exclude testimony from Vladimir Iakovlev, M.D.;

- the Order (Docket No. 154) entered on January 25, 2017 granting in part Plaintiffs' motions *in limine* and denying in part Defendants' motions *in limine*;

- the Order (Docket No. 153) entered on September 2, 2016 granting in part Plaintiffs' motion to exclude or limit testimony from Salil Khandwala, M.D.;

- the Order (Docket No. 152) entered on September 2, 2016 granting in part Plaintiffs' motion to exclude testimony from Shelby Thames, Ph.D.;

- the Order (Docket No. 151) entered on September 1, 2016 denying in part Defendants' motion to exclude testimony from Vladimir Iakovlev;

- the Order (Docket No. 150) entered on August 31, 2016 granting in part Plaintiffs' motion to exclude or limit testimony from Elizabeth Kavaler, M.D.;

- the Order (Docket No. 148) entered on August 26, 2016 denying in part Defendants' motion to exclude testimony from Daniel Elliott, M.D.;

- the Order (Docket No. 147) entered on August 25, 2016 denying in part Defendants' motion to exclude testimony from Peggy Pence, Ph.D.;

- the Order (Docket No. 146) entered on August 25, 2016 granting in part Plaintiffs' motion to exclude testimony from Timothy Ulatowski;

- the Order (Docket No. 145) entered on August 25, 2016 granting in part Plaintiffs' motion to exclude testimony from Maria Abadi, M.D.;

- the Order (Docket No. 144) entered on August 24, 2016 denying in part Defendants' motion to exclude testimony from Dr. Uwe Klinge;

- the Order (Docket No. 94) entered on March 10, 2016 denying Defendants' motion to strike reports of Vladimir Iakovlev, M.D.;

- and any other order, ruling, or determination that is adverse to Defendants.

Dated: September 6, 2018                         Respectfully submitted,

                                                /s/ Jennifer L. Steinmetz
                                                Jennifer L. Steinmetz (PHV)
                                                TUCKER ELLIS LLP
                                                950 Main Avenue, Suite 1100
                                                Cleveland, OH 44113-7213
                                                Telephone:  216-592-5000
                                                jennifer.steinmetz@tuckerellis.com

                                                /s/ Mary Nold Larimore
                                                Mary Nold Larimore
                                                ICE MILLER LLP
                                                One American Square, Suite 2900
                                                Indianapolis, IN 46282-0200
                                                Telephone:  317-236-2407
                                                Facsimile:  317-592-4688
                                                marynold.larimore@icemiller.com

                                                /s/ Amy M. Pepke
                                                Amy M. Pepke
                                                BUTLER SNOW LLP
                                                Crescent Center
                                                6075 Poplar Avenue, Suite 500
                                                Memphis, TN 38119
                                                Telephone: 901-680-7200
                                                amy.pepke@butlersnow.com

                                                *Counsel for Defendants Ethicon, Inc. and*
                                                *Johnson & Johnson*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 6, 2018, a copy of the foregoing was filed electronically via the Court's CM/ECF system, which will have sent notice to the attorneys of record in this matter.

/s/ *Amy M. Pepke*
Amy M. Pepke